# Peter Mergenthaler,
C/o Dmt MacTruong,
35 Journal Square, Suite 419
Jersey City, NJ 07306
(917) 808-9250 – (914) 215-2304
Petemerg100@gmail.com, Rosiemer@gmail.com, Imditprose@aol.com

March 15, 2024

**THE CLERK OF THE COURT**
**U.S. District Court for the**
**Eastern District of New York**
**100 Federal Plaza**
**Central Islip, NY 11722**

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 20 2024 ★

LONG ISLAND OFFICE

Re. Submission of Plaintiffs' Proposed Summons to be served.
*Mergenthaler et al. v. Zimbler, et al.*, Dkt No. 23-cv-6926 -JMA-JMW

**Ladies & Gentlemen:**

Kindly find enclosed for your approval and return to the undersigned as soon as possible, because time is of essence:

(1) Plaintiffs' proposed filled-in Summons, and
(2) Signed Complaint.

This is done pursuant to the 3/4/2024 Order of Magistrate Judge Wicks causing your Office to write to the undersigned Plaintiff *pro se* Peter Mergenthaler, who is 84 of age and blind, the following letter: *"This correspondence is to enclose a copy of the receipt for your payment of the filing fee. Additionally, we have enclosed a blank summons for you to complete and return" to us for issuance. Once returned, if properly completed, we will issue the summons and return it to you for service of the summons and complaint on the party(s)."* (LC) (Entered: 03/04/2024)

Kindly notice that in actuality your Office did not include any blank sample of summons for me to fill in and return but only a two-page blank affidavit of service. I was as such very confused and well delayed before being able to figure it out with the help of my co-plaintiff MacTruong and submit herewith the completed proposed summons in this proceeding to be approved and signed by your Office and mailed back to me at the address in my letterhead above to serve on the Defendants prior to April 19, 2024, as Ordered by the Court.

Thank you very much for your attention and cooperation.

Sincerely yours,

Peter Mergenthaler, Plaintiff *pro se*

REC'D IN PRO SE OFFICE
MAR 20 '24 PM3:16

RECEIVED
MAR 20 2024
EDNY PRO SE OFFICE

Proposed Summons to be approved & signed by Clerk of the court

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Peter MERGENTHALER, Mac Truong,<br>Plaintiffs,<br>- against -<br><br>James W. ZIMBLER, Extreme Mobile Coatings Corp, Ltd., Extreme Mobile Coatings Worldwide, Corp., Structural Enhancement Technologies Corporation, Eco-Petroleum Solutions, Inc., JPMorgan Chase Bank, N.A., (Chase), Harry Zhabilov, Billy Ray Miller, Immunotech Laboratories, Inc., Charles Cotropia, ENZOLYTICS, Inc., Biogenysis, Inc., Virogentics, Inc.,<br>Defendants, | ACTION CIVIL NUMBER<br>23-Cv-6926 (JMA)(JMW)<br><br>Judge: Joan M. AZRACK<br><br>Mag. Judge: James M. HICKS |

# SUMMONS
# IN A CIVIL ACTION

## To: Defendants:

James W. Zimbler,
110 Smithtown Blvd., Suite 3,
Nesconset, NY 11767

Extreme Mobile Coatings Corp, Ltd.,
C/o James W. Zimbler
110 Smithtown Blvd., Suite 3,
Nesconset, NY 11767

Extreme Mobile Coatings Worldwide Corp.,
C/o James W. Zimbler
110 Smithtown Blvd., Suite 3,
Nesconset, NY 11767

Structural Enhancement Technologies Corporation,
C/o James W. Zimbler
110 Smithtown Blvd., Suite 3,
Nesconset, NY 11767

1

Eco-Petroleum Solutions, Inc.,
C/o James W. Zimbler
110 Smithtown Blvd., Suite 3,
Nesconset, NY 11767

Immunotech Laboratories, Inc.,
C/o Harry Zhabilow,
2000 North Sentra Express Way
Plano, Texas 75074.

JPMorgan Chase Bank, N.A.,
(Chase Bank,)
1000 Rocky Run Pkwy
Wilmington, DE 19803

Tyler J. Kandel, Esq.,
Anthony C. Valenziano, Esq.
SHERMAN ATLAS SYLVESTER &
STAMELMAN LLP
Attorneys for Chase Bank
1185 Avenue of the Americas, 2nd Floor
New York, New York 10036

Harry Zhabilow,
2000 North Sentra Express Way
Plano, Texas 75074.

Billy Ray Miller,
1101 Raintree Circle, Suite 130,
Allen, Texas 75013

Charles Cotropia,
1101 Raintree Circle, Suite 130,
Allen, Texas 75013

ENZOLYTICS, Inc.,
1101 Raintree Circle, Suite 130,
Allen, Texas 75013

Biogenysis, Inc.,
1101 Raintree Circle, Suite 130,
Allen, Texas 75013

Virogentics, Inc.,
1101 Raintree Circle, Suite 130,
Allen, Texas 75013

# A Civil Lawsuit has been filed against you.

Within 21 days after service of this Summons and the attached Complaint on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3)

2

— you must serve on the plaintiff(s) an Answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The Answer or Motion must be served on the Plaintiff(s) or Plaintiffs' attorneys, <u>and filed with the Court, attention Magistrate Judge James M. HICKS.</u> The names and addresses of the Plaintiffs are:

**(1)   Peter MERGENTHALER**
494 Boston Post Road, Apt. C304
Wayland, MA 01778
(917) 808-9250
Petemerg100@gmail.com,

**(2)   Dmt MacTruong**
35 Journal Square, Suite #419
Jersey City, NJ 07306
(914) 215-2304
Dmtforest@aol.com,
<u>lmditprose@aol.com</u>,

If you fail to respond, judgment by default will be entered against you for the relief demanded in the attached complaint.

Date:   March            , 2024        CLERK OF COURT

_____
Signature of Clerk or Deputy Clerk of the Court

3

Plaintiffs'
Complaint
To be served W/Summons

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Peter **MERGENTHALER**, Mac Truong,<br>Plaintiffs,<br>- against -<br><br>James W. **ZIMBLER**, Extreme Mobile<br>Coatings Corp, Ltd., Extreme Mobile Coatings<br>Worldwide, Corp., Structural Enhancement<br>Technologies Corporation, Eco-Petroleum<br>Solutions, Inc., **JPMorgan Chase Bank, N.A.,**<br>**(Chase),** Harry **Zhabilov,** Billy Ray Miller,<br>Immunotech Laboratories, Inc.,<br>Charles **Cotropia, ENZOLYTICS, Inc.,**<br>Biogenysis, Inc., Virogentics, Inc.,<br>Defendants, | ACTION CIVIL NUMBER<br>**23-Cv-6926 (JMA)(JMW)**<br><br>Judge: Joan M. AZRACK<br><br>Judge: James M. WICKS |

## PLAINTIFFS' COMPLAINT
### AGAINST DEFENDANTS HAVING ACTED IN CONCERT TO COMMIT FRAUDS AND GRAND LARCENIES BY MAKING AND USING FORGED BUSINESS DOCUMENTS IN VIOLATION OF PLAINTIFFS' CONSTITUTIONAL RIGHT TO PROPERTY.

Peter MERGENTHALER, and Mac Truong, a/k/a Dmt MacTruong, Plaintiffs *pro se* herein, complaining of Defendants, allege as follows:

## JURISDICTION AND VENUE

1. This is a civil action by Plaintiffs *pro se* herein to recover from Defendants herein actual damages in excess of $450,000,000.00, being caused by them during a period of more than fifteen years in violation of 10 U.S.C. § 921 - Art. 121, to wit, grand larcenies, and wrongful appropriation of Plaintiff's properties by conspiracy, fraud, deception, willful

1

material misrepresentations of fact and controlling legal authorities and by creating, keeping, and/or using false business records, to commit mail frauds, bank frauds, and/or money laundering. Defendants did so through intensive daily interstate communications including U.S. Post Office mailing, telephonic conversations, duly recorded Internet messages, and signed agreements. **As such, this U.S. District Court has subject-matter jurisdiction over this civil right action pursuant to 28 U.S.C. §1331**, which grants **federal** district courts original subject-matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States" including but not limited to 10 U.S.C. § 921 - Art. 121 (**Larceny and wrongful appropriation**); and/or any other applicable provision of the U.S. Laws and Constitution, such as 18 U.S.C. § 1512(k) (**Conspiracy to Obstruct Attempt to Obstruct an Official Proceeding,**) and/or 18 U.S.C. § 241 (**Conspiracy Against Rights an Official Proceeding**), or 18 U.S.C. §§ 1512(c)(2), 2 (**Obstruction of and/or.**)

2. **Venue is proper in this EDNY pursuant to 28 U.S.C. 1391(b)** because, as found by SDNY Chief Judge Laura Taylor Swain, a civil action may be brought in

   (i) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (ii) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (iii) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

3. The Court further determined that under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

4. The Court also found that Plaintiffs alleged that Defendant Zimbler, who acted in concert with the other Defendants, unlawfully converted and fraudulently transferred Plaintiff Mergenthaler's shares in a company of which Mergenthaler is the sole proprietor and controller. Plaintiffs do not allege facts demonstrating that any of the

individual Defendants reside in the Southern District of New York, but only facts showing that Zimbler, who, Plaintiffs allege, was primarily responsible for violating their rights – resides in Suffolk County, and many of the corporate Defendants controlled by Zimbler are also based in Suffolk County. The Court therefore understands that Plaintiffs' claims arose primarily in Suffolk County, which is in the Eastern District of New York. See 28 U.S.C. § 112(c).

5. Accordingly, the Chief Judge of the SDNY determined that the proper venue of this civil proceeding lies in the Eastern District of New York, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Eastern District of New York, 28 U.S.C. § 1406(a). [See, Transfer Order dated September 8, 2023, by Judge L.T. Swain. SDNY Dkt DE # 5, dated 9/8/2023]

6. Finally, upon information and belief, none of the Defendants herein would object to the venue of this Court, which is not inconvenient for them to attend, viewing that Plaintiffs, being *pro se,* **request that we may not have to make oral arguments in open court against Defendants, most of whom are or represented by experienced licensed lawyers.** All court filing or appearances on both sides will be done electronically and by submission of papers only.

## THE PARTIES

7. Plaintiff *pro se* Peter Mergenthaler is an individual residing recently in the State of Massachusetts. My current address is 494 Boston Post Road, Apt. C304, Wayland, MA 01778. I was and still am the sole proprietary owner and controller of **Falcon Media Services, Ltd., a U.S. Public corporation,** since 2004. My company has the approval from the SEC to issue and trade its shares on the OTC.

8. Plaintiff *pro se* Mac Truong is a 79-year-old U.S. citizen, residing in the State of New Jersey. My current address is 35 Journal Square, Suite 419, Jersey City, NJ 07306. I practiced law extensively for more than 25 years as a lawyer in the State of New York in various State and federal courts at all levels, often up to the USCA2, USCA3, and SCOTUS. In 1993-1994 I was recommended by a dozen of U.S. Senators, including

3

Patrick Daniel Moynihan, Frank Lautenberg, and Joe Biden, Jr., to then-President Bill Clinton to be appointed a SCOTUS associate justice. In 2005, my license to practice law in NYS was wrongfully suspended by the NYSC, but **not collaterally** by the USCA2 or the USCA3, which determined that there was no sufficient evidence to do so. The issue was further moot, because I voluntarily retired from my licensed practice of law in 2012, i.e. at 68 years of age.

9. Defendant **James W. ZIMBLER** is an individual presently residing at **110 Smithtown Blvd., Suite 3, Nesconset, NY 11767**

10. Upon information and belief, **Extreme Mobile Coatings Corp, Ltd.**, is a former corporation owned and organized by Defendant James W. Zimbler, under the laws of the State of New York. Its address is his, to wit: **110 Smithtown Blvd., Suite 3, Nesconset, NY 11767.**

11. Upon information and belief, **Extreme Mobile Coatings Worldwide, Corp.**, is a former shell corporation owned and organized by Defendant James W. Zimbler, under the laws of the State of New York. This corporation is a successor-in-interest to **Extreme Mobile Coatings Corp, Ltd.**, which was owned and organized by Defendant James W. Zimbler, under the laws of the State of New York. Its address is his, to wit: **110 Smithtown Blvd., Suite 3, Nesconset, NY 11767.**

12. Upon information and belief, **Structural Enhancement Technologies Corporation** is a former shell corporation owned and organized by Defendant James W. Zimbler, under the laws of the State of New York. This corporation is a successor-in-interest to **Extreme Mobile Coatings Worldwide, Corp.**, which was owned and organized by Defendant James W. Zimbler, under the laws of the State of New York. Its address is his, to wit: **110 Smithtown Blvd., Suite 3, Nesconset, NY 11767.**

13. Upon information and belief, **Eco-Petroleum Solutions, Inc.**, is a former shell corporation owned and organized by Defendant James W. Zimbler, under the laws of the State of New York. This corporation is a successor-in-interest to **Structural Enhancement Technologies Corporation**, which was owned and organized by Defendant James W. Zimbler, under the laws of the State of New York. Its address is his, to wit: **110 Smithtown Blvd., Suite 3, Nesconset, NY 11767.**

14. Upon information and belief, Defendant **Harry Zhabilov**, is an individual who operates his business in California, New York, Texas, and the rest of the world. He is also a member of the Board of Defendant Enzolytics. His main street address is 2000 North Sentra Express Way, Plano, Texas 75074.

15. Upon information and belief, **Billy Ray Miller** is a notorious financial consultant. He is also known as William Raymond Miller II, Billy V. Ray, Jr., William Raymond Miller, William Ray Miller II, and Ray Miller, or probably some other names only a few people would know of. Billy Ray is a convicted security felon and banned for life by a federal court from doing anything in the security industry or as an officer in a U.S. Public Corporation, such as Enzolytics. However, among others, his clients include Defendants **Harry Zhabilov** and **Charles Cotropia herein. His business address is in the care of Enzolytics, Inc.,** 1101 Raintree Circle, Suite 130, Allen, Texas 75013.

16. Upon information and belief, **Defendant Immunotech Laboratories, Inc.**, was a corporation organized and existing under the laws of the State of California. It was owned and organized by Defendant **Harry Zhabilov**. Its address is 2000 North Sentra Express Way, Plano, Texas 75074. **Zhabilov merged Eco-Petroleum Solutions, Inc., he had acquired from James Zimbler, with Immunotech Laboratories, Inc.**

17. **Immunotech Laboratories, Inc.** filed for registration with the SEC. The SEC rejected the request for registration on the ground that it was the same as the previous request, which had been rejected for containing unsubstantiated claims regarding products to be marketed.

18. Upon information and belief, Defendant **Charles Cotropia** is the CEO and Chairman of **Enzolytics, Inc.** His business address is 1101 Raintree Circle, Suite 130, Allen, Texas 75013.

19. Upon information and belief, **Enzolytics, Inc., ("ENZC")** is a corporation organized and existing under the laws of the State of Delaware. Its principal place of business is at 1101 Raintree Circle, Suite 130, Allen, Texas 75013, and/or 2000 North Sentra Express Way, Plano, Texas 75074. **This entity is the successor-in-interest to Eco-Petroleum Solutions, Inc., a former New York corporation.** Its CEO and Chairman is Defendant Charles Cotropia.

5

20. Upon information and belief, **Biogenysis, Inc.,** is a subsidiary company of Enzolytics, Inc., Its principal place of business is at 1101 Raintree Circle, Suite 130, Allen, Texas 75013. Its CEO and Chairman is Defendant Charles Crotopia.

21. Upon information and belief, **Virogentics, Inc.,** is a subsidiary company of Enzolytics, Inc. Its principal place of business is at 1101 Raintree Circle, Suite 130, Allen, Texas 75013. Its CEO and Chairman is Defendant Charles Crotopia.

22. Upon information and belief, Defendant **JPMorgan Chase Bank, N.A., a/k/a "Chase Bank" or "Chase."** is a large banking entity of the U.S.A. Its business address is **CHASE BANK,** 1000 Rocky Run Pkwy, Wilmington, DE 19803.

## SUMMARY STATEMENTS OF FACT
## GIVING RISE TO CAUSES OF ACTION

23. Starting on or about November 25, 2007, Plaintiff *pro se* Peter Mergenthaler is the sole true and registered lawful controlling owner of every share of Falcon Media Services, Ltd., a U.S. Public corporation, **"Falcon shares"** hereafter. Plaintiff Mac Truong's legitimate interest in Falcon shares is recognized and acknowledged by Plaintiff Peter Mergenthaler in a written confidential agreement between them.

24. From 2008 to the present, Defendant James Zimbler acted in concert with all other Defendants, to wit: Extreme Mobile Coatings Corp, Ltd., Extreme Mobile Coatings Worldwide Corp, Structural Enhancement Technologies Corporation, Eco-Petroleum Solutions, Inc., Immunotech Laboratories, Inc., JPMorgan Chase Bank, N.A., Harry Zhabilov, Billy Ray Miller, Charles Cotropia, ENZOLYTICS, Inc., to unlawfully convert all Plaintiff Mergenthaler's Falcon shares, and fraudulently register them under the name of ENZOLYTICS, Inc., which shares have now been fraudulently transferred to several European business entities, including but not limited to its two operating subsidiaries Biogenysis, Inc. ("BGEN") and Virogentics, Inc. ("VIRO").

25. Upon information and belief, the foregoing Falcon shares are presently ready to be sold to good-faith investors-shareholders in Europe for the total amount of approximately $450,000,000.00, which, upon information and belief will not be paid, as a matter of law, to Plaintiff Peter Mergenthaler, the original owner thereof. Upon information

and belief, they may not even be deposited in any U.S. bank account, or any account known to the U.S. IRS.

**26. The main purpose of this civil action is the recovery of the full value of Plaintiffs' Falcon shares, which Plaintiff Peter Mergenthaler had contracted in 2008 to sell to Defendant James Zimbler, who had failed to pay approximately 90% of the contracted consideration to Plaintiff and as such had never lawfully acquired the legal title to any of the Falcon Shares, which are presently known and marketed under the latest names of Enzolytics, Inc.**

27. Despite the undisputed and SEC-registered fact that he had never received title to Falcon shares, Defendant Zimbler has acted in concert with all other Defendants herein to illegally change the name of Plaintiff's Falcon shares to many different names then finally that of Enzolytics, Inc., without Plaintiff's knowledge or consent.

28. On or about November 25, 2007, T&T Homes Limited, a U.K. corporate entity, changed its name to Falcon Media Services, Ltd., a U.S. Public corporation, which was totally owned and controlled by Plaintiff Peter Mergenthaler herein. **The ownership and power to control Falcon Media Services, Ltd., have been and shall continue to be referred to hereafter as the "Falcon shares."**

29. In 2008, Plaintiff Mergenthaler and Defendant Zimbler had an agreement by which Defendant Zimbler would acquire all Falcon shares from Plaintiff Mergenthaler for a lump sum of $650,000.00. However, after paying only a downpayment of about 10% of that contract amount, Defendant Zimbler, who was not yet legal owner and/or controller of Falcon Media Services, Ltd., (Falcon shares,) filed an application with the SEC to merge Falcon Media Services, Ltd., with Extreme Mobile Coatings Corp, Ltd., a legal entity under his ownership and control. As hereinabove mentioned, since besides a 10% downpayment, Defendant Zimbler had failed to pay the contract price of $650,000.00 to Plaintiff Mergenthaler, he has never become the lawful owner of the Falcon shares. **The title has never been passed on to Zimbler or any of the legal entities that succeeded Extreme Mobile Coatings Corp, Ltd., which was and continues to be as a matter of law and fact property of Plaintiff Mergenthaler herein.**

30. Upon information and belief, on or about March 2, 2009, Defendant Zimbler changed the name of Extreme Mobile Coatings Corp., Ltd., to Extreme Mobile Coatings Worldwide Corp., which was totally owned and controlled by him.

31. On or about May 19, 2010, Extreme Mobile Coatings Worldwide Corp., changed its name to Structural Enhancement Technologies Corp., which was totally owned and controlled by the same Defendant Zimbler.

32. On or about November 16, 2012, Structural Enhancement Technologies Corp. changed its name to Eco-Petroleum Solutions, Inc., which was totally owned and controlled by the same Defendant Zimbler.

33. Upon information and belief, in 2016, Defendant Harry **Zhabilov** and his Immunotech Laboratories, Inc., acquired Eco-Petroleum Solutions, Inc., from Defendant Zimbler. In the process that follows, Defendant Zhabilov illegally issued in the name of Eco-Petroleum Solutions, Inc., literally **billions of shares** to his family and friends for services allegedly rendered.

34. On or about January 30, 2018, Immunotech Laboratories, Inc., was acquired by Defendant Enzolytics, Inc., which is owned and controlled by Defendant Harry Zhabilow.

35. According to its press release of July 11, 2023, COLLEGE STATION, TX/ACCESSWIRE/Enzolytics, Inc. (OTC PINK:ENZC) (https://enzolytics.com/) **Enzolytics, Inc. ("ENZC" or the "Company") filed a Supplemental Information report** to provide additional details regarding the recently entered non-binding letter of intent with Sagaliam Acquisition Corp. ("NASDAQ: SAGA") ("SAGA") (together the "Parties") **to sell Enzolytics, Inc.'s two operating subsidiaries Biogenysis, Inc. ("BGEN") and Virogentics, Inc. ("VIRO") in a transaction valued at $450 million.**

36. Upon information and belief, the SEC and all the Defendants herein are aware and keep records of the succession and transfer of Plaintiffs' ownership, control, and interest in Falcon shares. As a consequence, all Defendants' acting in concert to convert Plaintiffs' full interest in Falcon shares is willful, intentional, fraudulent, and in sanctionable bad faith.

37. **All of the above were documented and filed with the SEC quarterly and annual reports and the OTC Market.**

38. Plaintiffs reserve the right to amend the foregoing complaint to sue Defendants for more injuries and/or damages when newly discovered facts have been established to warrant such amendments.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS' ILLEGAL VIOLATION OF PLAINTIFFS' CONSTITUTIONAL RIGHTS TO PROPERTY AND DUE PROCESS

39. Plaintiffs repeat all the allegations already made hereinabove with the same force and effect as if fully set forth at length herein.

40. The facts indicate that during a period of about sixteen years from 2008 to the present time, Defendants herein have actually injured and damaged Plaintiffs herein in the minimum amount of Four Hundred Fifty Million Dollars ($450,000,000.00,) in violation of 10 U.S.C. § 921 - Art. 121 (**Larceny and wrongful appropriation**); and/or 18 U.S.C. § 1512(k) (**Conspiracy to Obstruct an Official Proceeding**), and/or 18 U.S.C. §§ 1512(c)(2),2 (**Obstruction of and/or Attempt to Obstruct an Official Proceeding,**) and/or 18 U.S.C. § 241 (**Conspiracy Against Rights.**)

41. In simple language, undisputedly Defendants have acted in concert to commit grand larcenies, and wrongful appropriation of Plaintiffs' properties by conspiracy, fraud, deception, willful material misrepresentations of fact, and/or controlling legal authorities, by creating, keeping, and/or using false business records, forged papers, to commit mail frauds, bank frauds, and/or money laundering. Defendants did so through intensive daily interstate communications including U.S. Post Office mailing, telephonic conversations, duly recorded Internet messages, and signed agreements.

42. As a consequence, Plaintiffs are entitled to an order by this Court directing that Defendant Enzolytics, Inc., and each and all other Defendants herein, individually, jointly, and severally, within a period of 14 days following the issuance of the Order-Judgment, turn over to Plaintiffs Peter Mergenthaler and Mac Truong the minimum amount of the converted assets of approximately $450,000,000.00 (Four Hundred Fifty Million Dollars.)

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS' ILLEGAL VIOLATION OF PLAINTIFFS' CONSTITUTIONAL RIGHTS TO PROPERTY AND DUE PROCESS

43. Plaintiffs repeat all the allegations already made hereinabove with the same force and effect as if fully set forth at length herein.

44. The facts indicate that during a period of about sixteen years from 2008 to the present time, Defendants herein have actually injured and damaged Plaintiffs herein in the minimum amount of Four Hundred Fifty Million Dollars ($450,000,000.00,) in violation of 10 U.S.C. § 921 - Art. 121 (**Larceny and wrongful appropriation**); and/or 18 U.S.C. § 1512(k) (**Conspiracy to Obstruct an Official Proceeding**), and/or 18 U.S.C. §§ 1512(c)(2),2 (**Obstruction of and/or Attempt to Obstruct an Official Proceeding,**) and/or 18 U.S.C. § 241 (**Conspiracy Against Rights.**)

45. In simple language, undisputedly Defendants have acted in concert to commit grand larcenies, and wrongful appropriation of Plaintiffs' properties by conspiracy, fraud, deception, willful material misrepresentations of fact, and/or controlling legal authorities, by creating, keeping, and/or using false business records, outright forged business papers, to commit mail frauds, bank frauds, and/or money laundering. Defendants did so through intensive daily interstate communications including U.S. Post Office mailing, telephonic conversations, duly recorded Internet messages, and signed agreements.

46. As a consequence, pursuant to the Court's legal duty of reporting to the Department of Justice any crime, of which the Court has judicial notice during a civil proceeding under its jurisdiction, Plaintiffs are entitled to an order of this Court referring all Defendants herein to the U.S. Department of Justice and/or any appropriate legal authorities to investigate their conspiracy and criminal misconduct, indict, and prosecute them as a matter of law and in the interest of justice.

WHEREFORE Plaintiff respectfully moves the Court for a Judgment:

1. Granting Plaintiffs herein a monetary judgment in the sum of **Four Hundred Fifty Million Dollars ($450,000,000.00) for Plaintiffs' First and Second Causes of action, and against Defendant Enzolytics, Inc., and each and all other Defendants herein, individually, jointly, and severally, to be paid to Plaintiffs within a period of 14 days following the issuance of the Order-Judgment;** and
2. Granting such further and other ancillary relief as the Court may deem fair just and appropriate in the premises and circumstances.

Dated: March 14, 2024

_____
Peter Mergenthaler, Plaintiff *pro se*

_____
Mac Truong, Plaintiff *pro se*



# UNITED STATES POSTAL SERVICE® | PRIORITY® MAIL

**Retail**

**US POSTAGE PAID**
**$9.85**
Origin: 07306
03/18/24
3338730403-6

**PRIORITY MAIL®**

0 Lb 4.00 Oz
**RDC 03**

EXPECTED DELIVERY DAY: 03/20/24

C003

SHIP TO:
100 FEDERAL PLZ
CENTRAL ISLIP NY 11722-4438



**USPS TRACKING® #**

9505 5160 2833 4078 6010 63




FROM:

PETER MERGENTHALER
C/o Dmt MacTruong
35 Journal Square, Ste 419
Jersey City, NJ 07306

TO:

United States District Court
New York Eastern District
<u>Clerk of the Court</u>
100 Federal Plaza
Central Islip, NY 11722

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights res