UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK  
------------------------------------------------------------------------X  
PETER MERGENTHALER and MAC TRUONG,

                     Plaintiffs,

-against-

JAMES W. ZIMBLER, EXTREME MOBILE
COATINGS CORP, LTD., EXTREME MOBILE
COATINGS WORLDWIDE, CORP., STRUCTURAL
ENHANCEMENT TECHNOLOGIES CORPORATION,
ECO-PETROLEUM SOLUTIONS, INC., CHASE BANK,
HARRY ZHABILOV, BILLY RAY MILLER,
IMMUNOTECH LABORATORIES, INC., CHARLES
COTROPIA, ENZOLYTICS, INC., BIOGENYSIS, INC.,
and VIROGENTICS, INC.,

                     Defendants.  
------------------------------------------------------------------------X

**For Online Publication Only**

**ORDER TO SHOW CAUSE**  
23-CV-06926 (JMA) (JMW)

**AZRACK, United States District Judge:**

For the reasons set forth herein, Plaintiffs shall SHOW CAUSE, in writing, by **April 29, 2024**, why this case should not be dismissed for failure to timely and properly serve Defendants. Plaintiffs' response must include two notarized affidavits sworn under penalty of perjury, one by Rosemary Mergenthaler and the other by Robert Baker. Each affidavit must explain when, where, how, and upon whom service was completed for each Defendant the affiant reportedly served on April 12, 2024. Mrs. Mergenthaler and Mr. Baker shall include all details that they recall about this alleged service, including any characteristics of the John and Janes Does identified in their Affidavits of Service. Each affidavit shall also describe how the affiant traveled to complete service and attach any proof that substantiates that travel, such as receipts for plane tickets or tolls, EZ-pass logs, or other relevant proof. Failure to respond to this Order to Show Cause by April 29, 2024, will result in the dismissal of this action.

I. BACKGROUND

Plaintiffs commenced this case on January 8, 2023. (See ECF No. 1.) Federal Rule of Civil Procedure 4(m) required Plaintiffs to effectuate service within 90 days, meaning service was required to be made by November 6, 2023. See Fed. R. Civ. P. 4(m). Over 200 days after Plaintiffs commenced this action and over 115 days after they were required to effectuate service, the Court sua sponte extended the service deadline to April 15, 2024. (See Mar. 1, 2024, Order.) In doing so, the Court warned that it would dismiss all Defendants for whom Plaintiffs fail to file proof of service by that deadline.[1] (See id.)

Plaintiffs filed proofs of service on April 17 and April 18, 2024.[2] (ECF Nos. 33-34). Rosemary Mergenthaler, the wife of Plaintiff Peter Mergenthaler, reportedly served Defendants James W. Zimbler, Extreme Mobile Coatings Corp, Ltd., Extreme Mobile Coatings Worldwide, Corp., Structural Enhancement Technologies Corporation, Eco-Petroleum Solutions, Inc. (collectively, the "Pennsylvania Defendants") and JP Morgan Chase Bank, N.A. ("Chase") on April 12, 2024. (ECF No. 33.) Robert Baker, Mr. Mergenthaler's "close friend," reportedly served Defendants Harry Zhabilov, Billy Ray Miller, Immunotech Laboratories, Inc., Charles Cotropia, Enzolytics, Inc., Biogenysis, Inc., and Virogentics, Inc (collectively, the "Texas Defendants") on April 12, 2024. (ECF No. 34.)

---

[1] That Order was served upon Plaintiffs at their addresses of record and was not returned as undeliverable. Further, Plaintiffs plainly received that Order because they filed a response to a different portion of it, which required them to show cause why this case should not be dismissed for violating the filing injunction that Judge Dora L. Irizarry entered against Plaintiff Mac Truong. (See ECF No. 22); Truong v. Cuthbertson, No. 15-CV-4268, 2016 WL 737907, at *3 (E.D.N.Y. Feb. 22, 2016) (Irizarry, J.) ("Plaintiff is enjoined from commencing any further actions in the Eastern District of New York absent permission from this Court."); see also In re Mergenthaler, No. 19-2562, 2020 WL 762831, at *1 (2d Cir. Jan. 15, 2020) (declining to lift the Second Circuit's filing injunction against Truong where the appeal did "not represent a departure from Truong's pattern of vexatious litigation"). The Court reserves decision on whether to dismiss this case for being filed in violation of the filing injunction.

[2] Though filed after April 15, 2024, the proofs of service are timely. Plaintiffs automatically received a three-day extension of the service deadline because they were informed of that deadline by mail. See Fed. R. Civ. P. 6(d).

2

## II.     DISCUSSION

Plaintiffs' proofs of service raise serious concerns.

Mrs. Mergenthaler, who resides in Massachusetts, reports that she served Chase in Delaware and all the Pennsylvania Defendants in Pennsylvania on the same day through personal service on unidentified John Does at each Defendant's "residence or usual place of abode." (ECF No. 33.) Likewise, Mr. Baker, who resides in Florida, reportedly served all the Texas Defendants on the same day through personal service on unidentified Jane Does at each Defendant's "residence or usual place of abode." (ECF No. 34.) These proofs of service are "suspect for multiple reasons," including that they repeatedly "merely note[] service on a John [or Jane] Doe" without explaining each Doe's "relation to [the] defendant, if any" or even describing each Doe's appearance. Romero v. Dazzling Events Inc., No. 19-CV-5133, 2020 WL 13577336, at *8 (E.D.N.Y. Dec. 30, 2020), report and recommendation adopted, 2021 WL 242188 (E.D.N.Y. Jan. 25, 2021); see United States v. John, No. 18-CV-5045, 2020 WL 4915371, at *2-3 (E.D.N.Y. Aug. 21, 2020).

This service is further questionable given the expansive distances that were apparently traversed by each alleged process server.[3] Mrs. Mergenthaler appears to have traveled over 400 miles—one way—to serve Chase and the Pennsylvania Defendants.[4] Mr. Baker appears to have traveled over 1,200 miles—one way—to serve the Texas Defendants.[5] The reported service is even more dubious given Plaintiff Mac Truong's history of fabricating evidence and Mrs.

---

[3] The Court may take judicial notice of distances between locations provided on Google Maps. See Calcano v. Swarovski N. Am. Ltd., 36 F.4th 68, 76 n.8 (2d Cir. 2022); United States v. Little, 640 F. Supp. 3d 306, 322 n.9 (S.D.N.Y. 2022); S. Nassau Bldg. Corp. v. Town Bd., 624 F. Supp. 3d 261, 268 n.5 (E.D.N.Y. 2022).

[4] The Court obtained this figure by entering into Google Maps Mrs. Mergenthaler's address, the address provided for Chase on the summons, and the address provided for the Pennsylvania Defendants on the summons. (See ECF No. 33.)

[5] The Court obtained this figure by entering into Google Maps Mr. Baker's address and the addresses for the Texas Defendants on the summons. (See ECF No. 34.)

Mergenthaler's documented defiance of Court orders. See In re Truong, 800 N.Y.S.2d 12, 16 (1st Dep't 2005) (disbarring Truong because he "submitted a forged document to the court," then "testified falsely in support thereof," and ultimately refused to "demonstrate[e] any remorse" therefor); Truong v. Kaye, 328 F. App'x 31, 32 (2d Cir. 2009) (acknowledging that Truong's disbarment resulted from an "unremitting course of obstructionist, frivolous and otherwise contemptuous conduct" (internal quotation marks omitted)); Mergenthaler v. Barnard, No. 15-CV-05078, 2016 WL 5173261, at *1-2 (E.D.N.Y. Sept. 21, 2016) (detailing Mrs. Mergenthaler's defiance of court orders).

Finally, the reported service upon the entity Defendants is deficient. (See ECF Nos. 33-34). The Federal Rules of Civil Procedure require that service on domestic entities be effectuated (1) upon "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," Fed. R. Civ. P. 4(h)(1)(B), or (2) in a manner permitted under the laws of the state of New York (because this court is in New York) or the laws of the state where service is made. See Fed. R. Civ. P. 4(h)(1)(A). Given these rules, service upon entities in this case cannot be effectuated by serving unidentified John or Jane Does. See Fed. R. Civ. P. 4(h)(1)(B) (requiring service upon specified corporate personnel or agents); Royce v. Sunny's Limousine Serv., Inc., No. 20-CV-2174, 2021 WL 3928955, at *4 (E.D.N.Y. Sept. 2, 2021) (finding service insufficient for flouting similar principles under New York law); Church-El v. Bank of New York, No. CIV. 11-877, 2013 WL 1190013, at *5-6 (D. Del. Mar. 21, 2013) (reaching the same conclusion under Delaware law); Moody v. Nat'l Elec. Warranty, No. 11-CV-106, 2012 WL 4981993, at *3 (W.D. Pa. Oct. 17, 2012) (reaching the same conclusion under Pennsylvania law); Mandawala v. Ne. Baptist Hosp., 16 F.4th 1144, 1156 (5th Cir. 2021) (reaching the same conclusion under Texas law).

4

### III.   CONCLUSION

In light of the foregoing, Plaintiffs shall SHOW CAUSE, in writing, by **April 29, 2024**, why this case should not be dismissed for failure to timely and properly serve Defendants. Plaintiffs' response must include two notarized affidavits sworn under penalty of perjury, one by Rosemary Mergenthaler and the other by Robert Baker.  Each affidavit must explain when, where, how, and upon whom service was completed for each Defendant the affiant reportedly served on April 12, 2024.  Mrs. Mergenthaler and Mr. Baker shall include all details that they recall about this alleged service, including any characteristics of the John and Janes Does identified in their Affidavits of Service.  Each affidavit shall also describe how the affiant traveled to complete service and attach any proof that substantiates that travel, such as receipts for plane tickets or tolls, EZ-pass logs, or other relevant proof.  Failure to respond to this Order to Show Cause by April 29, 2024, will result in the dismissal of this action.

Although Plaintiffs paid the fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is respectfully directed to mail a copy of this Order to Show Cause to Plaintiffs at their addresses of record.

**SO ORDERED.**

Dated:   April 20, 2024
             Central Islip, New York

                                                                (/s/ JMA)
                                                    JOAN M. AZRACK
                                                    UNITED STATES DISTRICT JUDGE