

Anthony C. Valenziano
Partner

T. 973.302.9696   F. 973.302.9947
avalenziano@shermanatlas.com

May 1, 2024

**VIA ECF**

Hon. Joan M. Azrack, U.S.D.J.
United States District Court for the Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

**Re:**   *Mergenthaler v. Zwimbler*,
         Civil Action No. 2:23-cv-6926

Dear Judge Azrack:

We represent defendant JPMorgan Chase Bank, N.A. ("Chase") in the above-referenced matter. Pursuant to Your Honor's Individual Rules and Practices, we respectfully request a pre-motion conference regarding a proposed motion to dismiss the Complaint as to Chase pursuant to Federal Rules of Civil Procedure 12(b)(6).

Having previously claimed violation of several inapplicable criminal statutes, plaintiffs Peter Mergenthaler ("Mergenthaler") and Mac Truong ("Truong," together with Mergenthaler, "Plaintiffs") have filed an Amended Complaint in view of this Court's March 21, 2024 Order to Show Cause that removes such claims and now asserts a single cause of action claiming a purported violation of the Securities and Exchange Act of 1934 and vague assertions that their "due process and property rights" have been violated. While difficult to discern, Plaintiffs claim an alleged injury relating to certain stock owned by Mergenthaler. Yet, as to Chase, the Amended Complaint is devoid of any cognizable allegations concerning Chase's conduct, nor do Plaintiffs state a claim under a provision of the Securities and Exchange Act of 1934 that provides a plaintiff a private right of action. And Plaintiffs cannot assert claims alleging purported constitutional violations against Chase, a private company. For those reasons, the Amended Complaint as to Chase should be dismissed with prejudice.

### I. Plaintiffs Fail to Allege Facts As to Chase's Conduct That Would Give Rise to a Cognizable Claim Against Chase

It is well-settled that, in order to survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A "plausible claim" is one where "the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 556. Any presumption of truth does not apply to bald legal conclusions, only well-pleading factual allegations. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

Here, the Amended Complaint is devoid of any specific factual allegations that set forth Chase's alleged misconduct. The only allegation that specifically references Chase is a single, blunderbuss allegation that claims that Chase "acted in concert" with all the other defendants in the action to "unlawfully convert [Mergenthaler's] Falcon shares…." (Am. Compl., at ¶22.) That is the sum and substance of any specific allegations directed at Chase. This allegation, however, is insufficient to give rise to any cognizable claim against Chase.

## II. Plaintiffs' Claim Under the Securities and Exchange Act of 1934 Fails Because Plaintiffs Have Not Identified What Section of the Securities and Exchange Act of 1934 They Are Proceeding Under

While certain sections of the Securities and Exchange Act of 1934 afford a plaintiff a private right of action, others do not. *See Metzner v. D.H. Blair & Co, Inc.*, 663 F. Supp. 716 (S.D.N.Y. 1987) (noting that Sections 7(c) and (d) do not provide private right of action); *Manning v. Smith Barney, Harris Upham & Co. Inc.*, 828 F. Supp. 256 (S.D.N.Y. 1993) (finding no private right of action under Section 6 of Securities and Exchange Act of 1934).

Plaintiffs have not articulated what section of the Securities and Exchange Act they are proceeding under. And, even if Plaintiffs claimed violation of Section 10(b), which does permit a private right of action, there are no allegations that would meet the essential elements of such a claim, *i.e.*, (1) damage, (2) reliance on defendant's misrepresentations or omissions of material fact, (3) made with the intent to deceive the plaintiff, (4) in connection with the sale or purchase of securities, and (5) furthered by use of mails or "any facility of a national securities exchange." *See Department of Economic Development v. Arthur Andersen & CO. (USA)*, 739 F. Supp. 804 (S.D.N.Y. 1990). There are no allegations in the Amended Complaint that meet any of those elements as to Chase.

## III. Plaintiffs Cannot Assert Claims Based on Purported Constitutional Claims Against Chase, a Private Entity

Finally, Plaintiffs' vague allegations that Chase, among other defendants, violated their "due process and property rights" are not actionable as to Chase, a private entity. "A threshold requirement of plaintiff's constitutional claims is a demonstration that in denying plaintiff's constitutional rights, the defendant's conduct constituted state action." *Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 206 (2d Cir. 1999); *Futia v. Roberts*, 2023 WL 8237246, at *8 (S.D.N.Y. Nov. 28, 2023) (dismissing Fourth and Fifth Amendment claims asserted against Chase because "Chase is a private party that cannot be sued for constitutional violations…"); *Varlack v. TD Bank North*, 2023 WL 6811108, at * 2 (S.D.N.Y. Oct. 16, 2023) (dismissing plaintiff's claims of federal constitutional violations against two banks because such claims could only be asserted against government, not private parties). Here, Chase, a private entity, cannot be held liable for purported violations of Plaintiffs' "due process and property rights."

Accordingly, Chase respectfully requests a pre-motion conference so that it may file a dispositive motion to dismiss the case as to Chase.

Respectfully Submitted,

/s/ Anthony C. Valenziano
Anthony C. Valenziano

cc: Peter Mergenthaler (via Federal Express)
     Mac Truong (via Federal Express)

4892-1626-6682, v. 1