

May 3, 2024

<u>Via ECF</u>
Hon. Joan M. Azrack, U.S.D.J.
United States District Court for the Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

**Re:** *Mergenthaler v. Zimbler, et al.* **(Civil Action 2:23-cv-06926-JMA-JMW)**

Dear Judge Azrack:

Undersigned counsel represents defendants Enzolytics, Inc. ("ENZC"), Immunotech Laboratories, Inc. ("IMMB"), and Harry Zhabilov ("Zhabilov") (collectively, "Moving Defendants") in this action. Moving Defendants respectfully request a pre-motion conference regarding Moving Defendants' anticipated motion to dismiss the Amended Complaint filed by Peter Mergenthaler ("Mergenthaler") and Mac Truong ("Truong") (collectively, "Plaintiffs"), for the reasons set forth herein.

### I.   Moving Defendants Have Not Been Properly Served.

Moving Defendants request dismissal of the Amended Complaint for insufficient process pursuant to FRCP 12(b)(5) as none of the Moving Defendants have been properly served with the Amended Complaint in this action. "When a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." *Lim Tung v. Deutsche Bank Tr. Co.*, No. 19-CV-5445 (RPK) (SJB), 2022 WL 471907, at *4 (E.D.N.Y. Jan. 11, 2022) (*quoting Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010)). On April 20, 2024 (Dkt. 36), the Court ordered Plaintiffs to explain how each defendant was served. On April 29, 2024, (Dkt. 37), Plaintiff submitted a response, which utterly failed to demonstrate that any of the Moving Defendants were served with the Amended Complaint in compliance with the Federal Rules of Civil Procedure.

### II.   Moving Defendants Request Dismissal for Lack of Personal Jurisdiction.

The Amended Complaint should be dismissed for lack of personal jurisdiction pursuant to FRCP 12(b)(2). Plaintiffs bear the burden of demonstrating personal jurisdiction over a defendant. *Penguin Grp. (USA), Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010). There are two ways by which courts within New York can exercise personal jurisdiction over a non-resident defendant: general jurisdiction or specific jurisdiction. *Friedman v Univest Natl. Bank & Trust Co.*, 2023 US Dist LEXIS 125549, at *4 (EDNY July 19, 2023, No. 22-CV-3858 (WFK) (SJB)). General jurisdiction is governed by N.Y, C.P.L.R. § 301, and specific jurisdiction is governed by N.Y. C.P.L.R. § 302. *Id.*

First, the Court lacks general jurisdiction over Moving Defendants, who are all nonresidents, and who have no offices or branches in New York, do not maintain employees in New York, and possess no property in New York. Plaintiffs' Amended Complaint asserts that Zhabilov is a resident of Texas (¶12), that ENZC is a Delaware corporation with a principal place of business in Texas (¶17), and that IMMB is a California corporation with an address in Texas (¶14). Plaintiffs do not allege any particular facts to confer this Court's general jurisdiction over Moving Defendants. Further, the Amended Complaint does not identify any fact to support the exercise of specific jurisdiction over Moving Defendants. Plaintiffs merely allege that the purported conspiracy occurred "all over the world and hence also in New York." (Amended Complaint, ¶4). This vague assertion does not meet Plaintiffs' burden to establish this Court's personal jurisdiction over Moving Defendants.

### III.     Plaintiffs Have Filed This Action in an Improper Venue.

Moving Defendants will request dismissal of the Amended Complaint for improper venue pursuant to FRCP 12(b)(3). To survive a motion to dismiss for improper venue, Plaintiffs must make a prima facie showing jurisdiction exists, which, as set forth supra, Plaintiffs cannot. *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001); *see also Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005); *Rothstein v. Carriere*, 41 F. Supp. 2d 381, 386 (E.D.N.Y. 1999) (Gershon, J.). Venue is proper in a chosen forum if: (1) at least one defendant resides in the district and all the defendants reside in the same state in which the district is located; (2) a "substantial part" of the events giving rise to the claim occurred in the district; or (3) a defendant is subject to personal jurisdiction in the district and "there is no district in which an action may otherwise be brought." 28 U.S.C. § 1391(b). Plaintiffs cannot establish any of the foregoing elements with respect to Moving Defendants. Accordingly, venue in the Eastern District of New York is improper.

### IV.     Plaintiff Truong Has Not Plead Facts to Establish Standing.

Truong's claims should be dismissed for lack of standing pursuant to FRCP 12(b)(1). To establish Article III standing, a plaintiff must demonstrate that, among other things, that plaintiff has suffered an "injury in fact" that is "concrete and particularized." *Whooper v Affirm, Inc.*, 2024 US Dist LEXIS 75868, at *3 (EDNY Apr. 25, 2024, No. 24-CV-1638 (ARR) (RML))(*citing Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)). Truong merely alleges that his interest in the subject shares is described in a confidential document between Truong and Plaintiff Mergenthaler (Amended Complaint, ¶21) – without *any* actual information to suggest that Truong has any interest in this case whatsoever. This is plainly insufficient to demonstrate a "concrete and particularized" injury in fact to confer standing on Truong.

### V.     Plaintiffs' Claim Under the Securities and Exchange Act of 1934 Fails.

Moving Defendants will request dismissal of Plaintiffs' claims for failure to state a claim pursuant to FRCP 12(b)(6). Plaintiffs do not state a claim under a provision of

the Securities and Exchange Act of 1934 that provides a plaintiff a private right of action. While certain sections of the Securities and Exchange Act of 1934 afford a plaintiff a private right of action, others do not. *See Metzner v. D.H. Blair & Co, Inc.*, 663 F. Supp. 716 (S.D.N.Y. 1987) (noting that Sections 7(c) and (d) do not provide private right of action); *Manning v. Smith Barney, Harris Upham & Co. Inc.*, 828 F. Supp. 256 (S.D.N.Y. 1993). Even if Plaintiffs claimed violation of Section 10(b), which does permit a private right of action, there are no allegations that would meet the essential elements of such a claim. *See Department of Economic Development v. Arthur Andersen & CO. (USA)*, 739 F. Supp. 804 (S.D.N.Y. 1990).

### VI. Plaintiffs Cannot Assert Claims Based on Purported Constitutional Claims Against Moving Defendants.

Moving Defendants will also request dismissal of Plaintiffs' claims for failure to state a claim pursuant to FRCP 12(b)(6) due to the fact that Plaintiffs cannot assert claims alleging purported constitutional violations against ENZC, IMMB or Zhabilov, all of whom are private entities/individuals. "A threshold requirement of plaintiff's constitutional claims is a demonstration that in denying plaintiff's constitutional rights, the defendant's conduct constituted state action." *Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 206 (2d Cir. 1999); *Futia v. Roberts*, 2023 WL 8237246, at *8 (S.D.N.Y. Nov. 28, 2023).

Accordingly, Moving Defendants respectfully request a pre-motion conference so that they may file a dispositive motion to dismiss the case.

Respectfully submitted,

*[signature]*

ANTRANIG GARIBIAN

cc: All Counsel of Record *(via e-filing)*
Peter Mergenthaler *(via overnight mail)*
Mac Truong *(via overnight mail)*