# DMT MACTRUONG

35 Journal Square, Suite 419
Jersey City, NJ 07306
(914) 215-2304

Dmtforest@aol.com - Imditprose@aol.com

RECEIVED MAY 28 2024 EDNY PRO SE OFFICE

May 23, 2024

U.S. District Court for the
Eastern District of New York
OFFICE OF THE CLERK
Long Island Courthouse
100 Federal Plaza,
Central Islip, NY 11722

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 28 2024 ★
LONG ISLAND OFFICE

Re: Submission of Plaintiffs' Motion to Reconsider &
Two 3-Page Response-Opposition in Civil Action
Mergenthaler *et al.* v. Zimbler, et al. Dkt #23-Cv-6926 [JMA-JMW]

Ladies & Gentlemen:

Kindly find enclosed for immediate submission to the Court:

(1) PLAINTIFFS' 3-PAGE AFFIRMATION-RESPONSE-OPPOSITION TO DEFENDANT JP MORGAN CHASE BANK'S PRE-CONFERENCE REQUEST, AND

(2) PLAINTIFFS' PLAINTIFFS' 3-PAGE AFFIRMATION-RESPONSE-OPPOSITION TO DEFENDANT ZHABILOW'S PRE-CONFERENCE REQUEST, AND

(3) PLAINTIFFS' MOTION FOR ORDER (i) PARTIALLY RECONSIDERING THE COURT'S MAY 14 2024 ORDER DISMISSING ENTITY PARTIES; AND (ii) REINSTATING ALL DISMISSED ENTITY DEFENDANTS ON THE ACTIVE CALENDAR.

(4) Affidavits of Service.

Kindly call me at (914) 215-2304 in the event you need more information to proceed.

Thank you very much for your attention and cooperation.

Sincerely yours,

Dmt MacTruong, Plaintiff *pro se*

REC'D IN PRO SE OFFICE MAY 28 '24 PM 2:37

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Peter **MERGENTHALER**, Mac Truong,<br>Plaintiffs,<br><br>- against -<br><br>**James W. ZIMBLER,** Extreme Mobile Coatings Corp, Ltd., Extreme Mobile Coatings Worldwide, Corp., Structural Enhancement Technologies Corporation, Eco-Petroleum Solutions, Inc., **JPMorgan Chase Bank, N.A., (Chase),** Harry Zhabilov, Billy Ray Miller, Immunotech Laboratories, Inc., **Charles Cotropia, ENZOLYTICS, Inc.,** Biogenysis, Inc., Virogentics, Inc.,<br>Defendants, | ACTION CIVIL NUMBER<br><br>23-Cv-6926 (JMA)(JMW)<br><br>Judge: Joan M. AZRACK<br><br>Mag. Judge: James M. HICKS<br><br>F I L E D<br>IN CLERK'S OFFICE<br>U.S. DISTRICT COURT E.D.N.Y.<br>★ MAY 28 2024 ★<br>LONG ISLAND OFFICE |

# PLAINTIFFS'
# MOTION FOR

ORDER (i) <u>PARTIALLY</u> RECONSIDERING THE COURT'S MAY 14 2024
ORDER DISMISSING ENTITY PARTIES; AND (ii) REINSTATING
ALL DISMISSED ENTITY DEFENDANTS ON THE ACTIVE CALENDAR.

## To the above-named Defendants:

PLEASE TAKE NOTICE that upon filing the Affirmation dated May 22, 2024, of Mac Truong, Plaintiff *pro se* herein, its annexed Appendix, and other supporting papers, a Motion shall be made by submission of moving papers before Honorable Joan M. Azrack, U.S.D.J, in Courtroom # _____, in the Courthouse of the **UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW**

1

YORK, located at 100 Federal Plaza, Central Islip, NY 11722, on **Tuesday May 28, 2024, at 10:00 AM**; or any place or time thereafter as may be subsequently directed by the Court, for an ORDER

1. **PARTIALLY** RECONSIDERING THE COURT'S MAY 14 2024 ORDER DISMISSING ENTITY PARTIES; AND
2. REINSTATING ALL ERRONEOUSLY DISMISSED ENTITY DEFENDANTS, TO WIT: (i) Extreme Mobile Coatings Corp, Ltd., (ii) Extreme Mobile Coatings Worldwide Corp., (iii) Structural Enhancement Technologies Corporation, (iv) Eco-Petroleum Solutions, Inc., (v) IMMUNOTECH LABORATORIES, INC.; (vi) ENZOLYTICS, Inc., (vii) Biogenysis, Inc., (viii) Virogentics, Inc., ON THE ACTIVE CALENDAR FOR TRIAL; AND
3. **GRANTING** all other and further relief as the Court may deem fair, just, and appropriate in the premises.

PLEASE TAKE FURTHER NOTICE, that no memorandum of law shall be served with these papers at this time because Movant is *pro se*, not a licensed attorney at law, and there is no novel issue of law, and opposition papers, if any, **must be in writing** and served upon Movant and filed with the Court **7 days** prior to the return date, and that this motion will be **made by submission of papers** and, except as otherwise **directed in writing by the Court** with a rational explanation, **neither appearance nor oral argument** will be required by any party on the hearing date.

Dated: May 22, 2024,

Sincerely Yours,

Dmt MacTruong, Plaintiff *Pro Se*
35 Journal Square, Suite 419
Jersey City, NJ 07306
(914) 215-2304
Dmtforest@aol.com,
Imditprose@aol.com

2

# PLAINTIFF *PRO SE* Dmt MacTruong's

# AFFIRMATION

## IN SUPPORT OF MOTION FOR
ORDER (i) PARTIALLY RECONSIDERING THE COURT'S MAY 14 2024 ORDER DISMISSING ENTITY PARTIES; AND (ii) REINSTATING ALL DISMISSED ENTITY DEFENDANTS ON THE ACTIVE CALENDAR.

**I, Dmt MacTruong, affirm under the penalty of perjury as follows:**

1. I am one of the two Plaintiffs *pro se* in the instant proceedings before this Court against all the thirteen Defendants herein.

2. I have personal knowledge of, and am familiar with, all the facts hereinafter related in support of the instant motion for an order (i) partially reconsidering the Court's May 14 2024 Order dismissing entity parties; and (ii) reinstating all the erroneously dismissed entity defendants, to wit: (i) Extreme Mobile Coatings Corp, Ltd., (ii) Extreme Mobile Coatings Worldwide Corp., (iii) Structural Enhancement Technologies Corporation, (iv) Eco-Petroleum Solutions, Inc., (v) Immunotech Laboratories, Inc.; (vi) Enzolytics, Inc., (vii) Biogenysis, Inc., (viii) Virogentics, Inc., on the active calendar for trial.

3. The Court and all concerned parties and their attorneys are assumed to be familiar with all the facts and legal arguments having been made on formal court records by the Court and all concerned parties and their attorneys.

4. It is further respectfully submitted that the Court and all concerned parties and their attorneys, who need to conveniently refresh their memory and sense of judgment regarding the formal court records, which are material to the adjudication of the instant motion for reconsideration of the May 14 2024 Order Dismissing Parties, may and should refer to Plaintiffs' documents being filed by Plaintiff Mac Truong and docketed as DE #42 Dated 5/13/2024, and captioned by the Court as follows:

    > MOTION for leave to allow *Pro Se* to Electronically File; *in opposition to Defendants Chase and <u>Enzolytics et al's respective May 3, 2024 letter motions for leave to file motion to dismiss amended complaint;</u> and authorizing plaintiffs to file a Motion for summary

3

*Judgment seek relief sought in the amended complaint* by Mac Truong. (Attachments: #1 Exhibit) (LC) (Entered: 05/14/2024) **[DE #None Date 5/14/2024]**

5. It is also of note that in the Court's May 17 2024 Order to be reconsidered [DE 43, dated 5/17/2024,] the Court refers to Plaintiff Mac Truong's said document as:

   "Plaintiffs, however, failed to comply with those obligations. On 5/13/2024, Plaintiffs filed motion papers **spanning 174 pages** seeking three forms of relief: ***denial of the PMC Requests,*** imposition of summary judgment for Plaintiffs, and granting Plaintiffs electronic filing privileges. See DE 42 (…)" [See, DE 43, Par. 2nd, Date 5/17/2024] **[Emphasis added]**

# LEGAL DISCUSSION

### GROUNDS SHOWING WHY THE DISMISSAL ORDER OF THE PENSYLVANIA ENTITIES FOR PLAINTIFFS' ALLEGED FAILURE TO FILE PROOF OF VALID SERVICE ON THEM WAS ERRONEOUS AS A MATTER OF LAW AND SHOULD BE RECONSIDERED

6. To dismiss the Pensylvania and Texas entities as parties to this Civil Action, the Court made the following finding on May 14, 2014:

   "The Court finds that dismissal of the Pennsylvania Entities and Texas Entities under Federal Rule of Civil Procedure 4(m) is warranted given that: Plaintiffs **failed to file proof of valid service on the Pennsylvania Entities and the Texas Entities,** (…)" **[Emphasis added]** [See, DE #none Date 5/14/2014, Par. 4th of the Order.]

7. With due respect, the Court found on record that on or prior to the deadline of May 15, 2024:

   Mrs. Mergenthaler reportedly left summonses for Defendants Extreme Mobile Coatings Corp, Ltd., Extreme Mobile Coatings Worldwide, Corp., Structural Enhancement Technologies Corporation, and Eco-Petroleum Solutions, Inc. (collectively, the "Pennsylvania Entities") with an unidentified "housekeeper" at Defendant James W. Zimbler's Pennsylvania home. **[See, DE #none Date 5/14/2014, Par. 2nd of the Order.]**

8. Notwithstanding, the Court accepted the erroneous legal argument by Defendants that such service was insufficient to bind a corporate entity.

9. It is settled law that for a corporate entity to be validly served, the summons should be served on the owner, CEO, or an officer of the corporation. In this case, first of all,

4

Defendant James W. Zimbler is alleged in the Amended Complaint to be the owner and/or officer of the all the Pensylvania corporations, to wit: (a) Extreme Mobile Coatings Corp, Ltd., (b) Extreme Mobile Coatings Worldwide Corp., (c) Structural Enhancement Technologies Corporation, (d) Eco-Petroleum Solutions, Inc.

10. Since (a) the process server, Mrs, Mergenthaler, expressly and physically handed the notice of summons for all Mr. Zimbler's corporate entities to wit: (i) Extreme Mobile Coatings Corp, Ltd., (ii) Extreme Mobile Coatings Worldwide Corp., (iii) Structural Enhancement Technologies Corporation, (iv) Eco-Petroleum Solutions, Inc., to Mr. Zimbler's housekeeper, together with one summons for him personally, and, (b) since as such, as a matter of law, Mr. Zimbler was validly served with the summons in this action, both as an individual Defendant, and also on behalf of all his Pennsylvania Entities with the summons in this action on May 12, 2024, as their undisputed owner, or CEO, and/or officer.

11. To reject movant's foregoing argument, concerned Defendants Entities must prove that **(a)** a corporation may not be served by service of summons on its owner or officer; or **(b)** Defendant Zimbler is not owner or officer of (i) Extreme Mobile Coatings Corp, Ltd., or (ii) Extreme Mobile Coatings Worldwide Corp., or (iii) Structural Enhancement Technologies Corporation, or (iv) Eco-Petroleum Solutions, Inc., or **(c)** Zimbler was never validly served with any summons in this civil action on May 12, 2024, as already found on Court records.

### GROUNDS SHOWING WHY THE DISMISSAL ORDER OF THE TEXAS ENTITIES FOR PLAINTIFFS' ALLEGED FAILURE TO FILE PROOF OF VALID SERVICE ON THEM WAS ERRONEOUS AS A MATTER OF LAW AND SHOULD BE RECONSIDERED

12. Movant respectfully repeats and reiterates all the allegations having been made hereinabove, with the full force and belief and implication and legal effects as if they were fully reproduced herein.

13. First, may it please the Court and all concerned parties to review Plaintiffs' Amended Complaint that was filed with the Court as of April 15, 2024:

| 04/15/2024 | 30 | AMENDED COMPLAINT against Biogenysis, Inc., Charles Cotropia, Eco-Petroleum Solutions, Inc., Enzolytics, Inc., Extreme Mobile Coatings Corp, Ltd., Extreme Mobile Coatings Worldwide, Corp., Immunotech Laboratories, Inc., Billy Ray Miller, Structural Enhancement Technologies Corporation, Virogentics, Inc., Harry Zhabilov, James W. Zimbler, JPMorgan Chase Bank, N.A., filed by Mac Truong, Peter Mergenthaler. (LF) (Entered: 04/17/20 24) |
|---|---|---|

14. The foregoing Amended Complaint conspicuously and undisputedly alleges that Harry Zhabilow is owner and/or officer of Immunotec Laboratories, Inc., and member of the Board of Texas Entity Defendant Enzolytics, Inc. Zhabilow's main street address is 2000 North Sentra Express Way, Plano, Texas 75074. **[See, DE 36, Date 4/20/2024]** As such, as the affidavit of service by process server Robert Baker, which is on file with the Court, **[See, DE 36, Date 4/20/2024]** may be said to be identical, as a matter of law, to that of Mrs. Mergenthaler, and as such, since Defendant Harry Zabilow was undisputedly and validly served on May 12, 2024 in Plano, Texas, as either owner and/or board member or officer of Immunotec Laboratories, Inc., and corporate Defendant Enzolytics, it is undisputed by attorney Antranig Niaz Garibian for Defendant Harry Zhabilow that his client Zhabilow was indeed served with true copies of summons on behalf of Immunitec and Enzolytics.

15. Indeed, the Court found that May 12, 2024, Mr. Baker left summonses for Defendants Immunotech Laboratories, Inc., Enzolytics, Inc., Biogenysis, Inc., and Virogentics, Inc. (collectively, the "Texas Entities") with a receptionist at the entities' reported address in Plano, Texas, which was that of Defendant Zhabilow. **[See, DE 36, Date 4/20/2024]** Since by so doing plus the mailing of other copies of the summons of this civil action issued by this Court to the last known address of the person so served is legally valid service, all these "Texas Entities" were validly served on May 12, 2024, unless they could prove or validly affirm that Mr. Zhabilow is neither their owner nor board member.

16. Finally, the same reasoning, that applies to assert the valid legal service of summons on Immunotec and Enzolitics, should undisputedly apply to the uncontested valid service of the summonses on defendant **Charles Cotropia**, when on April 12, 2024, after serving

6

Mr. Zhabilow, Mr. Baker affirmed that he drove his car from Plano to Allen Town, Texas, which was about 6 miles away. He reportedly served Mr. Cotropia, by leaving with his receptionist a summons for him and four more for Cotropia's corporations and/or partners, to wit, Enzolytics, Inc., Biogenysis, Inc., and Virogentics, Inc. [**See, Affidavit of Service, DE 36, Date 4/20/2024**]

17. To make his personal service on Mr. Cotropia complete, Mr. Baker served by mail another summons for the latter at his last known address, together with appropriate respective summonses for corporate entities, of which Mr. Cotropia is CEO, owner, or officer.

18. As such, as a matter of law, undisputedly all the Texas Entities were validly served with the Summons that this Court issued on May 11, 2024, to commence this Civil Action, unless concerned Defendants could tell this Court that (a) Mr. Cotropia is not a valid defendant in this action, or (b) he is not a CEO, owner, or officer of these Entities.

19. In any event, facts and legal principles, which are involved and/or must be carefully taken into consideration, before a dismissal of the Pennsylvania and/or Texas Entities can be decided with finality and on the merits, undisputedly go far beyond the parameters of a *sua sponte* 12(b) motion to dismiss by the Court.

20. Consequently, with due respect, the May 14 2024 Order Dismissing Parties is ill conceived as a matter of law. It should be reconsidered.

WHEREFORE Plaintiffs respectfully move the Court for an order granting all the relief set forth in the Plaintiffs' instant Notice of Motion, and for all other relief as the Court may deem just and proper.

Dated: May 22, 2024

Mac Truong, Plaintiff *pro se*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK
Civil Action 23-Cv-6926 (JMA)(JMW)
MERGENTHALER, et al. v. James W. ZIMBLER, et al.

# AFFIRMATION OF SERVICE

On May 23, 2024, I served by **U.S. Priority Mail with Tracking**, and/or First Class Mail, **and/or Email and/or by hand** the true copies of the within document(s):

(1) PLAINTIFFS' 3-PAGE AFFIRMATION-RESPONSE-OPPOSITION TO DEFENDANT <u>JP MORGAN CHASE BANK'S</u> PRE-CONFERENCE REQUEST, AND
(2) PLAINTIFFS' PLAINTIFFS' 3-PAGE AFFIRMATION-RESPONSE-OPPOSITION TO DEFENDANT <u>ZHABILOW'S</u> PRE-CONFERENCE REQUEST, AND
(3) <u>PLAINTIFFS' MOTION FOR ORDER</u> (i) <u>PARTIALLY</u> RECONSIDERING THE COURT'S MAY 14 2024 ORDER DISMISSING ENTITY PARTIES; AND (ii) REINSTATING ALL DISMISSED ENTITY DEFENDANTS ON THE ACTIVE CALENDAR.
(4) Affidavits of Service

upon the following parties, entities, and/or individuals:

JAMES W. ZIMBLER,
147 Kay Road,
Mechanicsburg, PA 17050

Eco-Petroleum Solutions, Inc.,
C/o James W. Zimbler
147 Kay Road,
Mechanicsburg, PA 17050

Eco-Petroleum Solutions, Inc.,
C/o James W. Zimbler
147 Kay Road,
Mechanicsburg, PA 17050

Extreme Mobile Coatings Corp, Ltd.,
C/o James W. Zimbler
147 Kay Road,
Mechanicsburg, PA 17050

Extreme Mobile Coatings
Worldwide Corp.,
C/o James W. Zimbler
147 Kay Road,
Mechanicsburg, PA 17050

Structural Enhancement
Technologies Corporation,
C/o James W. Zimbler
147 Kay Road,
Mechanicsburg, PA 17050

Harry Zhabilow,
2000 North Sentra Express Way
Plano, Texas 75074.

Immunotech Laboratories, Inc.,
C/o Harry Zhabilow,
2000 North Sentra Express Way
Plano, Texas 75074.

1

Billy Ray Miller,
1101 Raintree Circle, Suite 130,
Allen, Texas 75013

Charles Cotropia,
1101 Raintree Circle, Suite 130,
Allen, Texas 75013

Biogenysis, Inc.,
1101 Raintree Circle, Suite 130,
Allen, Texas 75013

ENZOLYTICS, Inc.,
C/o Charles Cotropia,
1101 Raintree Circle, Suite 130,
Allen, Texas 75013

Virogentics, Inc.,
C/o Charles Cotropia,
1101 Raintree Circle, Suite 130,
Allen, Texas 75013

JPMorgan Chase Bank, N.A.,
(Chase Bank,)
1000 Rocky Run Pkwy
Wilmington, DE 19803

TYLER J. KANDEL, ESQ.,
ANTHONY C. VALENZIANO, ESQ.
SHERMAN ATLAS SYLVESTER &
STAMELMAN LLP, *Attorneys for
JPMorgan Chase Bank, N.A.,*
   1185 Avenue of the Americas, 2nd Fl.
   New York, New York 10036

Antranig N. Garibian, Esq.
Garibian Law Offices, PC
18E41, 6th Floor
New York, NY 10017

PETER MERGENTHALER,
Plaintiff *pro se*
35 Journal Square, Ste 419
Jersey City, NJ 07306

Dated:  23th Day of May, 2024

_____
Dmt MacTruong, Plaintiff *pro se*
35 Journal Square, Suite 419,
Jersey City, NJ 07306
(914) 215-2304
Dmtforest@aol.com,
Imditprose@aol.com.

PRESS FIRMLY TO SEAL   PRESS FIRMLY TO SEAL

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

# UNITED STATES

# PRIORITY® MAIL



**Retail**

**US POSTAGE PAID**
$9.85
Origin: 07306
05/24/24
3338730403-16

**PRIORITY MAIL®**

0 Lb 5.00 Oz
RDC 03

EXPECTED DELIVERY DAY: 05/28/24

C003

SHIP TO:
100 FEDERAL PLZ
CENTRAL ISLIP NY 11722-4438

USPS TRACKING® #



9505 5160 2831 4145 5171 38

use.
(restrictions apply).*
and many international destinations.
tion form is required.
claims exclusions see the
ailability and limitations of coverage

**RECEIVED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 28 2024 ★
LONG ISLAND OFFICE**

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

FROM:

Dmt MACTRUONG
35 Journal Square, Ste 419
Jersey City, NJ 07306

TO:

United States District Court
New York Eastern District
Clerk of the Court
100 Federal Plaza
Central Islip, NY 11722