# Peter Mergenthaler

35 Journal Square, Suite 419
Jersey City, NJ 07306
(917) 808-9250 – (914) 215-2304
Petemerg100@gmail.com,
Imditprose@aol.com

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 20 2024 ★

LONG ISLAND OFFICE

U.S. District Court for the
Southern District of New York
OFFICE OF THE CLERK
500 Pearl Street,
New York, NY 10007

June 14, 2024

Re.    Submission of Plaintiffs' MOTION in Civil Action
Mergenthaler *et al.* v. Zimbler, et al. Dkt No. 23-cv-6926-JMA-JMW

Ladies & Gentlemen:

Kindly find enclosed for submission to the Court:

(1)   PLAINTIFF *PRO SE* MERGENTHALER'S LETTER-MOTION FOR ORDER (I) TO ADD A NEW DEFENDANT, AND (II) ALLOWING PLAINTIFFS TO COMPLETE SERVICE ON ALL ENTITY DEFENDANTS BY SERVING ON THE REGISTERED AGENT IN DELAWARE, AND (III) RECONSIDERING THE COURT'S JUNE 6 2024 ORDER ERRONEOUSLY DENYING PLAINTIFFS' MAY 28 2024 MOTION FOR PARTIAL RECONSIDERATION, AND (IV) REINSTATING ALL DISMISSED ENTITY DEFENDANTS ON THE ACTIVE CALENDAR, AND (V) DECLARING THAT THE JUNE 6 2024 ORDER WAS NULL AND VOID FOR NOT BEING PERSONALLY ISSUED BY JUDGE AZRACK AS ALLEGED BUT BY SOME COURT STAFF MEMBERS IN HER HONOR'S NAME ON BEHALF OF DEFENDANTS; AND (VI) DECLARING THAT ALL DEFENDANTS HAVE INTENTIONALLY AND INEXCUSABLY AND TOTALLY FAILED TO ANSWER SUMMONS AND AMENDED COMPLAINT AND ARE UNDISPUTEDLY IN DEFAULT; AND (VII) DECLARING THAT ALL DEFENDANTS HAVING DEFAULTED ARE ENJOINED FROM FILING THEIR JOINT MOTION TO DISMISS THE AMENDED COMPLAINT; AND (VIII) ALLOWING PLAINTIFFS TO REINSTATE THEIR MOTION FOR SUMMARY JUDGMENT FOR THE RELIEF SOUGHT IN AMENDED COMPLAINT; AND (IX) FOR NUNC PRO TUNC LEAVE TO FILE THIS MOTION OVERSIZED AND OTHER APPROPRIATE RELIEF.

(2)   Plaintiff Mergenthaler's NOTARIZED Affidavit of Service of Summons on Steven SHARABURA and ENZOLYTICS.

(3)   Plaintiff Mergenthaler's Affidavit of Service of MOTION.

Thank you very much for your attention and cooperation.

Sincerely yours,

Peter Mergenthaler

**RECEIVED**

JUN 20 2024

EDNY PRO SE OFFICE

RECEIVED
IN CLERK'S OFFICE
DISTRICT COURT E.D.N.Y.

★ ... 20 2024 ★

...AND OFFICE

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| Peter MERGENTHALER, Mac Truong, Plaintiffs, - against - James W. ZIMBLER, Extreme Mobile Coatings Corp, Ltd., Extreme Mobile Coatings Worldwide, Corp., Structural Enhancement Technologies Corporation, Eco-Petroleum Solutions, Inc., JPMorgan Chase Bank, N.A., (Chase), Harry Zhabilov, Billy Ray Miller, Immunotech Laboratories, Inc., Charles Cotropia, ENZOLYTICS, Inc., Biogenysis, Inc., Virogentics, Inc., Defendants, | ACTION CIVIL NUMBER **23-Cv-6926 (JMA)(JMW)** **Judge: Joan M. AZRACK** **Mag. Judge: James M. HICKS** |

## PLAINTIFF *PRO SE* MERGENTHALER'S
# LETTER-MOTION FOR

ORDER (I) TO ADD A NEW DEFENDANT, AND (II) ALLOWING PLAINTIFFS TO COMPLETE SERVICE ON ALL ENTITY DEFENDANTS BY SERVING ON THE REGISTERED AGENT IN DELAWARE, AND (III) RECONSIDERING THE COURT'S JUNE 6 2024 ORDER ERRONEOUSLY DENYING PLAINTIFFS' MAY 28 2024 MOTION FOR PARTIAL RECONSIDERATION, AND (IV) REINSTATING ALL DISMISSED ENTITY DEFENDANTS ON THE ACTIVE CALENDAR, AND (V) DECLARING THAT THE JUNE 6 2024 ORDER WAS NULL AND VOID FOR NOT BEING PERSONALLY ISSUED BY JUDGE AZRACK AS ALLEGED BUT BY SOME COURT STAFF MEMBERS IN HER HONOR'S NAME ON BEHALF OF DEFENDANTS; AND (VI) DECLARING THAT ALL DEFENDANTS HAVE INTENTIONALLY AND INEXCUSABLY AND TOTALLY FAILED TO ANSWER SUMMONS AND AMENDED COMPLAINT AND ARE UNDISPUTEDLY IN DEFAULT; AND (VII) DECLARING THAT ALL DEFENDANTS HAVING DEFAULTED ARE ENJOINED FROM FILING THEIR JOINT MOTION TO DISMISS THE AMENDED COMPLAINT; AND (VIII) ALLOWING PLAINTIFFS TO REINSTATE THEIR MOTION FOR SUMMARY JUDGMENT FOR THE RELIEF SOUGHT IN AMENDED COMPLAINT; AND (IX) FOR NUNC PRO TUNC LEAVE TO FILE THIS MOTION OVERSIZED AND OTHER APPROPRIATE RELIEF.

1

**To the above-named Defendants:**

PLEASE TAKE NOTICE that upon filing the Affirmation dated June 14, 2024, of Peter Mergenthaler, Plaintiff *pro se* herein, its annexed Appendix, and other supporting papers, a Motion shall be made by submission of moving papers before Honorable Joan M. Azrack, U.S.D.J, in Courtroom # _____, in the Courthouse of the UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK, located at 100 Federal Plaza, Central Islip, NY 11722, on <u>Friday July 5, 2024, at 10:00 AM,</u> or any place or time thereafter as may be subsequently directed under FRCvP 56 by the Court, for an ORDER

1. GRANTING Plaintiffs leave to add a new defendant in the caption, and

2. ALLOWING Plaintiffs to complete service on some entity Defendants by serving on their Registered Agent in Delaware, and

3. RECONSIDERING the Court's June 6 2024 Order that has erroneously denied Plaintiffs' May 28 2024 Motion for partial reconsideration, and

4. REINSTATING all dismissed Entity defendants on the active calendar, and

5. DECLARING that the June 6 2024 Order was null and void for not being personally issued by Judge Azrack as alleged but by some Court staff members in her honor's name on behalf of the defendants; and

6. DECLARING that all defendants have calculatedly and inexcusably and totally failed to answer the summons and amended complaint and are undisputedly in default; and

7. DECLARING that all defendants who have defaulted are enjoined from filing their joint motion to dismiss the amended complaint; and

8. ALLOWING Plaintiffs to reinstate their motion for summary judgment for the relief set forth in the amended complaint; and

9. GRANTING *nunc pro tunc* leave to file this motion oversized, if any, and other appropriate relief, as the Court may deem fair, just, and appropriate in the premises.

**PLEASE TAKE FURTHER NOTICE**, that no memorandum of law shall be served with these papers at this time because Movant is *pro se* and there is no novel issue of law, and opposition papers, if any, <u>must be in writing</u> and served upon Movant and filed with the Court <u>7 days prior to the return date</u>, and that this motion will be <u>made by submission of papers</u> and, except as otherwise directed in writing by the Court with a rational explanation, <u>neither appearance nor oral argument</u> will be required by any party on the hearing date.

Dated: June 14, 2024,                            Sincerely Yours,

Peter Mergenthaler, Plaintiff *Pro Se*
35 Journal Square, Suite 419
Jersey City, NJ 07306
(917) 808-9250
Petemerg100@gmail.com,
Imditprose@aol.com

PLAINTIFF *PRO SE* PETER MERGENTHALER'S

# AFFIRMATION

**IN SUPPORT OF LETTER-MOTION FOR AN ORDER GRANTING<br>PLAINTIFFS LEAVE TO ADD A NEW DEFENDANT, AND OTHER RELIEF**

I, Peter Mergenthaler, affirm under the penalty of perjury as follows:

1. I am one of the two Plaintiffs *pro se* in the instant proceedings before this Court against all the Defendants herein.

2. I have personal knowledge of, and am familiar with, all the facts and common-sense rules of laws in the U.S. Constitution strictly protecting litigants' right to due process, impartiality, and justice, in substance, on the merits, against inappropriate tortuous technicalities, fabricated by lawyers running out of true arguments or legitimate defense on the merits, hereinafter related in support of the instant Letter-Motion for an order granting relief sought in the instant Notice of Letter-Motion.

**PRELIMINARY STATEMENTS OF FACT AND<br>PROCEDURAL HISTORY LEADING TO THE<br>FILING OF THE INSTANT LETTER-MOTION**

3. This Civil Action by Plaintiffs against all the Defendants herein was first commenced by service of Plaintiffs' Notice of Summons and Complaint [See, Dkt Sheet of the instant Proceeding attached herewith as EXHIBIT A - DE# 1, Dated 8/8/23] upon the Defendants herein and duly filed on or about August 8, 2023 under Docket No. 23-Cv-7015 (UA) in the U.S. District Court for the Southern District of New York. [A: 4-5; DE#1 8/8/23 to DE#6 9/19/23]

4. Exactly one month later, on September 8, 2023, SDNY Chief Judge Laura Taylor Swain reassigned the case to herself, discussed in detail the issues of the subject-matter jurisdiction and venue of the instant proceeding. **The Court ordered thereafter in substance as follows:** *TRANSFER ORDER: The Clerk of Court is directed to transfer this action to the United States District Court*

4

*for the <u>Eastern</u> District of New York. Whether Plaintiffs should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall <u>not</u> issue from this Court. This order closes this case. [...]. SO ORDERED. (Signed by Judge Laura Taylor Swain on 9/8/2023)* [See, A: 4; DE#5 9/8/23 to DE#6 9/19/23]

5. **What happened next in this case after the Transfer from the SDNY to this EDNY, can be seen and should be familiar with by the Court and all concerned parties by a review of the Parties' letters, motions, pleadings, court orders on file with the Court.**

6. **For an intelligent understanding of the material issues already discussed without being distracted by irrelevant resolved procedural ones, from about September 19, 2023, to May 28, 2024, the Court and all parties are invited to read Plaintiff Mac Truong's analysis in support of Plaintiffs' May 28 2024** Letter MOTION for Reconsideration *(i) PARTIALLY RECONSIDERING THE COURT'S MAY 14 2024 ORDER DISMISSING ENTITY PARTIES; AND (ii) REINSTATING ALL DISMISSED ENTITY DEFENDANTS ON THE ACTIVE CALENDAR.* by Mac Truong. (GO) (Entered: 05/29/2024) **[DE #44]**

# LEGAL DISCUSSION

## GROUNDS FOR THE COURT TO GRANT PLAINTIFFS LEAVE TO ADD A NEW DEFENDANT IN THE CAPTION AND GRANTING OTHER APROPRIATE RELIEF

7. **Being shown in Plaintiffs' EXHIBIT B, annexed hereto, is the** Quarterly Report For the period ending March 31, 2024, of ENZOLYTICS INC., 1101 Raintree Circle Suite 130 Allen Texas 75013 - 972-292-9414 - www.enzolytics.com, info@enzolytics.com. On Page 24 it is indicated that in March 2024, Entity Defendants Enzolytics, Inc., Biogenysis, Inc., and Virogentics, Inc., passed under the control of new CEO Steven SHARABURA, residing at 784 Moores Mill Road, Atlanta, GA 30327.

8. Viewing the foregoing, as a matter of law and in the interest of justice, Plaintiffs should be granted leave by the Court to (i) add Mr. Steven SHARABURA to the caption of this action as a defendant, and (ii) serve him and his entity corporations Enzolytics, Inc., Biogenysis, Inc., and Virogentics, Inc., with Plaintiffs' summons and amended complaint thru their Registered Agent namely VCORP SERVICES LLC, 108 W. 13th Street, Suite 100, Wilmington, Delaware 19801 (Phone 602-658-758). [See, EXHIBIT C]

9. Based on the above service, as a matter of law, the service of process in this civil action with Plaintiffs' summons and amended complaint on the corporate defendants Enzolytics, Inc., Biogenysis, Inc., and Virogentics, Inc., has been complete, even if the service upon their former CEO Cotropia was insufficient.

**GROUNDS FOR THE COURT'S 6/6//2024 ORDER DENYING PLAINTIFFS' MAY 28 2024 MOTION FOR RECONSIDERATION MUST BE RECONSIDERED AS A MATTER OF LAW AND DEFENDANTS MUST BE SANCTIONED FOR ACTING ILLEGALLY IN THE NAME OF THE COURT.**

10. **PLAINTIFFS' MAY 28 2024 MOTION FOR RECONSIDERATION** of the Court's May 14, 2024 Order was undisputedly meritorious as a matter of law. Indeed, it submitted to the Court the necessary elements for a motion for reconsideration to be granted as a matter of law that it undisputedly demonstrated by documentary evidence that the Court omitted to take into consideration the material fact that the summons was served on the officers of the entity corporation as required by law. Indeed, a careful reading of the Amended Complaint shows for instance that Mr. Crotopia is the CEO of Enzolytics, Inc., and of its subsidiary corporations such

as Biogenysis, Inc., and Virogentics, Inc., and that he has become a Defendant in this action after having been served with the Summons herein. [DE #34]

11. Viewing the foregoing the June 6, 2024 Order, patently written by a staff member of the Court in favor of Defendants, argued that "Decisions subject to Rule 54(b) "may not usually be changed unless there is 'an intervening change of controlling law, **the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice**.'"[Citation omitted] ignored the fact that in this case **Plaintiffs' May 28 2024 Motion for Reconsiderations had all those legal requirements.** The author of the denial Order never discussed or doubted that the Entity Defendants' respective owners or CEO were duly served with the Summons clearly designated for their Entity corporations. Defendants' June 6 2024 Order's further argument that "Plaintiffs' motion fails to meet that strict standard" is absolutely gratuitous and a groundless misrepresentation of fact since the "Order" never denied that (i) Defendant Crotopia is the CEO of Enzolytics *et al.* and that (ii) He was served with true copies of respective summons that were designated for the entity corporations of which he was CEO.

**GROUNDS FOR THE COURT TO ALLOW PLAINTIFFS TO COMPLETE SERVICE OF PROCESS ON ENTITY ENZOLYTICS BY SERVING SUMMONS ON ITS REGISTERED AGENT IN DELAWARE**

12. Since now it appears that Enzolytics has a new CEO, to wit Steven SHARABURA, residing at 784 Moores Mill Road, Atlanta, GA 30327, there is no reason in the interest of justice and judicial economy why Plaintiffs may not be given our right to serve both him and Enzolytics at their Companies Registered Agent, in Delaware.

13. May it please the Court to review EXHIBIT C the true copy of the proof of service that has been performed by Plaintiff Peter Mergenthaler herein as of June 14, 2024. The original of the Affidavit of Service is attached to this Motion for the purpose of filing.

14. Viewing the forgoing, as a matter of law, the service of process upon Enzolytics, Inc., and its CEO Steven SHARABURA has been completed. [See, EXHBIT C]

15. Plaintiffs are entitled to a *nunc pro tunc* order declaring that the Court's June 6 2024 Order is reconsidered and all dismissed Entity Defendants are reinstated on the active calendar.

**GROUNDS FOR THE COURT TO DECLARE THAT
ALL DEFENDANTS WHOSE CASES ARE NOT DISMISSED
BUT PENDING BEYOND MAY 3, 2024, HAVE INTENTIONALLY
AND INEXCUSABLY FAILED TO ANSWER SUMMONS AND
AMENDED COMPLAINT AND ARE UNDISPUTEDLY IN DEFAULT; AND
THAT THEY ARE ENJOINED BASED ON MOOTNESS FROM FILING
THEIR JOINT MOTION TO DISMISS THE AMENDED COMPLAINT,
AND THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
SHOULD BE ALLOWED BY THE COURT TO BE REINSTATED**

16. A review of the Court's 20-page lengthy records [EXHIBIT A] filled with the Court's own *sua sponte* orders unjustly and wrongfully picking, every step of the way, on Plaintiffs *pro se*, who has no duty to educate the Court on any issue of law, undisputedly showed that the honorable Azrack certainly did not have any time or duty to write all those numerous *sua sponte* "ORDERS" to protect powerful banking defendants herein and try to dismiss the proceeding on any unconstitutional technicalities imaginable... which make no sense except to show the arbitrary power of the Court when it needs to exhibit its biases and prejudices against some parties, such as 3-day response opposition paper to be filed within 4 days of a letter-motion being filed by a defendant. Such "ORDERS" are clearly not written by Judge Azrack

8

but by a member of her honor's staff as a zealous attorney for the Defendants. The evidence is indisputable when one can notice that those ORDERS are issued allegedly by Judge Azrack urgently before even the Defendant did anything in their defense to (i) avoid that they would make perjurious statements in their opposition papers.

17.  The 1000% SOLID EVIDENCE showing that the Clerk and/or the Chamber of Hon. Azrack, but not her Honor in person, have acted in concert with the attorneys for Defendant Chase Bank to issue ORDERS after ORDERS dismissing Plaintiffs' Complaint and/or Amended Complaint for alleged technicalities including but not limited to lack of personal and/or subject-matter jurisdiction based on **fictional** lack of service of summons, is as follows.

18.  On April 11, 2024, the Court issued this ELECTRONIC SCHEDULING ORDER:

*"On 3/21/2024, the Court directed Plaintiffs to show cause by 4/4/2024 why this case should not be dismissed for (1) lack of jurisdiction over the claims seeking damages and a court ordered investigation based on alleged violations of criminal statutes, and (2) failure to state a claim for any constitutional violations. See 3/21/2024 Order To Show Cause ("OTSC"). The OTSC was mailed to Plaintiffs at their addresses of record; neither such mailing was returned as undeliverable.*

*Plaintiffs failed to file a timely response to the OTSC. In addition, Plaintiffs have not filed anything in the intervening seven days. The date by which Plaintiffs must respond to the OTSC is extended to 4/18/2024. Plaintiffs are warned that failure to timely file that response may lead to dismissal for failure to prosecute. See Fed. R. Civ. P. 41(b). (...)"* **[See, A: 10, DE #None - 4/11/2024]**

19.  On April 11, 2024, the Clerk of the Court recorded DE #26 as follows:

*"SUMMONS ISSUED as to Chase Bank, Biogenysis, Inc., Charles Cotropia, Eco-Petroleum Solutions, Inc., Enzolytics, Inc., Extreme Mobile Coatings Corp, Ltd., Extreme Mobile Coatings Worldwide, Corp., Immunotech Laboratories, Inc., Billy Ray Miller, Structural Enhancement Technologies Corporation, Virogentics, Inc., Harry Zhabilov, James W. Zimbler.* c/m to plaintiffs (LC) (Main Document 26 replaced on 4/11/2024) (LC). (Entered: 04/11/2024)" **[See, A: 11, DE #26 - 4/11/2024]**

20.  On April 15, 2024, Plaintiff *pro se* Mac Truong filed my *"RESPONSE TO ORDER TO SHOW CAUSE with Motion to Amend Complaint by Mac Truong. (Attachments: # 1 Reply to*

*OSC and motion to amend complaint, # 2 Affirmation in support, # 3 Proposed amended complaint, # 4 Appendix)* (LF) (Entered: 04/17/2024)" **[See, A: 11, DE #29- 4/15/2024] This filing showed that but for the Clerk of the Court's intentional failure to file Plaintiffs' compliance with OSTC, Plaintiffs had never failed to do so.**

21. On April 15, 2024, Plaintiffs' *"AMENDED COMPLAINT against Biogenysis, Inc., Charles Cotropia, Eco-Petroleum Solutions, Inc., Enzolytics, Inc., Extreme Mobile Coatings Corp, Ltd., Extreme Mobile Coatings Worldwide, Corp., Immunotech Laboratories, Inc., Billy Ray Miller, Structural Enhancement Technologies Corporation, Virogentics, Inc., Harry Zhabilov, James W. Zimbler, JPMorgan Chase Bank, N.A.,"* was accepted to be formally filed with the Court by Plaintiffs Mac Truong, Peter Mergenthaler. (LF) (Entered: 04/17/2024) **[See, A: 11, DE #30 - 4/15/2024]**

22. On April 17, 2024, Plaintiffs' "RESPONSE to 3/21/2024 Order to Show Cause and 4/11/2024 electronic scheduling order by Mac Truong" was timely docketed as required by the Court (LF) (Entered: 04/17/2024) **[See, A: 11, DE #31 - 4/17/2024]**

23. Viewing the foregoing, on April 17, 2024, Judge Azrack personality **"VACATED ORDER DISMISSING CASE:** (CB) Modified on 4/18/2024 to indicate that the (Clerk's dismissal) order has been vacated per Judge Azrack's 4/18/2024 order (LF). (Entered: 04/17/2024) **[See, A: 11-12, DE #None – 4/17/2024]**

24. **On April 17, 2024, the Court Clerk docketed the "SUMMONS Returned Executed by Peter Mergenthaler. Chase Bank served on 4/12/2024, answer due 5/3/2024;** Eco-Petroleum Solutions, Inc. served on 4/12/2024, answer due 5/3/2024; Extreme Mobile Coatings Corp, Ltd. served on 4/12/2024, answer due 5/3/2024; Extreme Mobile Coatings Worldwide, Corp. served on 4/12/2024, answer due 5/3/2024; Structural Enhancement Technologies Corporation served on 4/12/2024, answer due 5/3/2024; James W. Zimbler served on 4/12/2024, answer due 5/3/2024. (LC) (Entered: 04/18/2024) **[See, A: 12-13, DE #33 – 4/17/2024]**

25. Notwithstanding the above April 17 2024 Docketing of **the "SUMMONS Returned Executed by Peter Mergenthaler**; on April 18, 2024, the Clerk of the Court issued its own order dismissing the entire case against all Defendants, for lack of service, including main Defendant Chase Bank that had never contested that the summons had been properly served upon them, and close the case. Within hours, however, the Clerk **VACATED their such illegal dismissal order** *pursuant to the 4/18/2024 Order of Judge Azrack. See, This entry has been modified on 4/18/2024 to indicate Judgment dated 4/18/2024 has been vacated.* Modified on 4/18/2024 (LC). (Entered: 04/18/2024) **[See, A: 13, DE #32 – 4/18/2024] The foregoing is the first undisputed**

**contradiction between the Clerk's so-called dismissal order based on their alleged findings and reasoning and a clear correct contradicting order by Honorable Azrack in person.**

26. On April 18, 2024, the Clerk of the Court recorded April 17 2024 DE #34 as follows: "SUMMONS Returned Executed by Mac Truong. Biogenysis, Inc. served on 4/12/2024, answer due 5/3/2024; Charles Cotropia served on 4/12/2024, answer due 5/3/2024; Enzolytics, Inc. served on 4/12/2024, answer due 5/3/2024; Immunotech Laboratories, Inc. served on 4/12/2024, answer due 5/3/2024; Billy Ray Miller served on 4/12/2024, answer due 5/3/2024; Virogentics, Inc. served on 4/12/2024, answer due 5/3/2024; Harry Zhabilov served on 4/12/2024, answer due 5/3/2024. (LC) (Entered: 04/18/2024) **[See, A: 13, DE #34 – 4/18/2024] It is of note that undisputedly the Clerk of the Court had issued their own dismissal order for having failed to read this entry the day before, while <u>fortunately for Plaintiffs, honorable Azrack had reviewed it and vacated said erroneous "order."</u>**

27. On April 20, 2024, it appeared that the Clerk of the Court again issued in the name of Judge Azrack "ORDER TO SHOW CAUSE: For the reasons set forth herein (see Order To Show Cause for further details), Plaintiffs shall **<u>SHOW CAUSE, in writing, by 4/29/2024 why this case should not be dismissed for failure to timely and properly serve Defendants</u>**. Plaintiffs' response must include two notarized affidavits sworn under penalty of perjury, one by Rosemary Mergenthaler and the other by Robert Baker. (...). (CB) (Entered: 04/20/2024) **[See, A: 13, DE #36 – 4/20/2024]**

28. On April 29, 2024, Plaintiffs timely filed their "Response to <u>36</u> Order to Show Cause and Notarized Affidavits Detailing Service as Requested by the Court. (LC) (Additional attachment(s) added on 4/30/2024: # <u>1</u> Affirmation in Support) (LC). (Documents Restricted to Court Users and Case Participants pursuant to Judge Azrack's pro se submission guidelines). (LC). (Entered: 04/30/2024) **[See, A: 14, DE #37 – 4/29/2024]**

29. On May 1, 12024, instead of timely filed their Answer to Summons and Amended Complaint that were undisputedly served upon them, Chase Bank NA wrote a frivolous and meritless personal "Letter MOTION for pre motion conference *to file motion to dismiss Amended Complaint* by Chase Bank, JPMorgan Chase Bank, N.A.. (Valenziano, Anthony)" (Entered: 05/01/2024) **[See, A: 14, DE #38 – 5/1/2024]**

11

30. It is of note that as of the date of this Affirmation, June 14, 2024, Defendant Chase Bank has completely and inexcusably failed to comply with the Court's scheduled order of April 20, 2024, [See, A: 13, DE #36 – 4/20/2024] Manifestly, they have acted in concert with the Clerk of the Court and based their such failure on the assumption that it was impossible for the Plaintiffs to timely and successfully comply with the Court's April 20 2024 OTSC to explain to the Court how the Summons was served on all Defendants.

31. The failure by Defendant Chase Bank to file an answer to Amended Complaint is thereof undeniable and inexcusable. It clearly was based on an illegal gambling with the Clerk of the Court that Plaintiffs could not comply with their fake order of April 20, 2024, which patently Judge Azrack never wrote or might even be aware of. [See, A: 13, DE #36 – 4/20/2024]

32. On May 3, 12024, instead of timely filed their Notice of Appearance and served an Answer to Summons and Amended Complain, which were undisputedly served upon them, three Defendants, to wit: Enzolytics, Inc., Immunotech Laboratories, Inc., and Harry Zhabilov, wrote to the Court a "Letter MOTION for pre motion conference re 30 Amended Complaint, *to file motion to dismiss Amended Complaint* by (Garibian, Antranig)" (Entered: 05/03/2024) [See, A: 14, DE #39 – 5/3/2024] For the same reasoning as hereinabove written regarding Chase' failure to serve an answer to Complaint, these Defendant's alleged right to now file a motion to dismiss Amended Complaint must be denied. As a matter of law, <u>Defendants may not move to dismiss the Complaint after time to answer it has expired, without having granted by the Court an enlargement of time to answer.</u>

33. It is further of note that for a motion for enlargement of time to be granted, movant would have to show the merits of their affirmative defense. In this case, Defendants have shown absolutely none.

# CONCLUSION

34. Viewing that it is undisputed that most of the orders written by a legally uneducated biased and prejudiced person working in the Office of the Clerk or Chamber of the Court in the name of Honorable Azrack, in patent favor of Defendants more particularly Chase Bank, this practice must be thoroughly reviewed by both her Honor, and an independent prosecutor, and all the relief sought by Plaintiffs in the Notice of Motion should be granted by the Court in the interest of justice and judicial economy.

   WHEREFORE Plaintiffs respectfully move the Court for an order granting all the relief set forth in our instant Notice of Motion, and for all other relief as the Court may deem just and proper.

Dated: June 14, 2024

Peter Mergenthaler, Plaintiff *Pro Se*
35 Journal Square, Suite 419
Jersey City, NJ 07306

# EXHIBIT



# CM  ECF

- **Query**
- **Reports**

- **Utilities**

- Help
- **Log Out**

NPROSE

## U.S. District Court
### Eastern District of New York (Central Islip)
### CIVIL DOCKET FOR CASE #: 2:23-cv-06926-JMA-JMW

Mergenthaler et al v. Zimbler et al
Assigned to: Judge Joan M. Azrack
Referred to: Magistrate Judge James M. Wicks
Case in other court: New York Southern, 1:23-cv-07015
Cause: 28:1391 Personal Injury

Date Filed: 09/15/2023
Jury Demand: None
Nature of Suit: 360 P.I.: Other
Jurisdiction: Federal Question

**Plaintiff**

**Peter Mergenthaler**                    represented by  **Peter Mergenthaler**
                                                        494 Boston Post Road
                                                        #C-304
                                                        Wayland, MA 01778
                                                        917-808-9250
                                                        PRO SE

**Plaintiff**

**Mac Truong**                            represented by  **Mac Truong**
                                                        35 Journal Square
                                                        Suite 419
                                                        Jersey City, NJ 07306
                                                        914-215-2304
                                                        PRO SE

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**
**Harry Zhabilov**                                      represented by **Antranig Niaz Garibian**
                                                        Garibian Law Offices PC
                                                        Garibian Law Offices PC
                                                        18 East 41st Street
                                                        6th Floor
                                                        New York, NY 10017
                                                        215-326-9179
                                                        Email: ag@garibianlaw.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**
**Billy Ray Miller**

**Defendant**
**Immunotech Laboratories, Inc.**                       represented by **Antranig Niaz Garibian**
*TERMINATED: 05/14/2024*                                (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**
**Charles Cotropia**

**Defendant**
**Enzolytics, Inc.**                                    represented by **Antranig Niaz Garibian**
*TERMINATED: 05/14/2024*                                (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**
**Biogenysis, Inc.**
*TERMINATED: 05/14/2024*

**Defendant**
**Virogentics, Inc.**
*TERMINATED: 05/14/2024*

**Defendant**
**JPMorgan Chase Bank, N.A.**                           represented by **Anthony Carmine Valenziano**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/08/2023 | 1 | COMPLAINT against Chase Bank, Biogenysis, Inc., Charles Cotropia, Eco-Petroleum Solutions, Inc., Enzolytics, Inc., Extreme Mobile Coatings Corp, Ltd., Extreme Mobile Coatings Worldwide, Corp., Immunotech Laboratories, Inc., Billy Ray Miller, Structural Enhancement Technologies Corporation, Virogentics, Inc., Harry Zhabilov. Document filed by Mac Truong, Peter Mergenthaler..(rdz) [Transferred from New York Southern on 9/19/2023.] (Entered: 08/10/2023) |
| 08/08/2023 | | Case Designated ECF. (rdz) [Transferred from New York Southern on 9/19/2023.] (Entered: 08/10/2023) |
| 08/08/2023 | 2 | REQUEST TO PROCEED IN FORMA PAUPERIS. Document filed by Peter Mergenthaler..(rdz) [Transferred from New York Southern on 9/19/2023.] (Entered: 08/10/2023) |
| 08/08/2023 | 3 | MOTION for Summary Judgment. Document filed by Peter Mergenthaler, Mac Truong..(rdz) [Transferred from New York Southern on 9/19/2023.] (Entered: 08/10/2023) |
| 08/08/2023 | 4 | REQUEST FOR ISSUANCE OF SUMMONS as to James W. Zimbler, Extreme Mobile Coatings Corp, Ltd.,Extreme Mobile Coatings Worldwide, Corp.,Structural Enhancement Technologies Corporation,Eco-Petroleum Solutions, Inc.,Chase Bank,Harry Zhabilov, Billy Ray Miller, Immunotech Laboratories, Inc., Charles Cotropia, Enzolytics, Inc., Biogenysis, Inc., Virogentics, Inc., re: 1 Complaint,. Document filed by Peter Mergenthaler, Mac Truong. (rdz) [Transferred from New York Southern on 9/19/2023.] (Entered: 08/10/2023) |
| 08/08/2023 | | MOTION for Leave to Proceed in forma pauperis *see document # 2 Request To Proceed In Forma Pauperis* by Peter Mergenthaler. (DC) (Entered: 09/19/2023) |
| 08/08/2023 | | MOTION for Summary Judgment *see document # 3 Motion for Summary Judgment* by Peter Mergenthaler. (DC) (Entered: 09/19/2023) |
| 08/31/2023 | | NOTICE OF CASE REASSIGNMENT - SUA SPONTE to Judge Laura Taylor Swain. Judge Unassigned is no longer assigned to the case. (dsh) [Transferred from New York Southern on 9/19/2023.] (Entered: 08/31/2023) |
| 09/08/2023 | 5 | TRANSFER ORDER: The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiffs should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A |

| | | |
|---|---|---|
| | | summons shall not issue from this Court. This order closes this case. The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). SO ORDERED. (Signed by Judge Laura Taylor Swain on 9/8/2023) (sac) [Transferred from New York Southern on 9/19/2023.] (Entered: 09/11/2023) |
| 09/08/2023 | | Transmission to Office of the Clerk of Court. Transmitted re: 5 Order, to the Office of the Clerk of Court for processing. (sac) [Transferred from New York Southern on 9/19/2023.] (Entered: 09/12/2023) |
| 09/08/2023 | | CASE TRANSFERRED OUT ELECTRONICALLY from the U.S.D.C. Southern District of New York to the United States District Court - District of Eastern District of New York. (sac) [Transferred from New York Southern on 9/19/2023.] (Entered: 09/15/2023) |
| 09/12/2023 | | MAILING RECEIPT: Document No: 5. Mailed to: Peter Mergenthaler 494 Boston Post Road Wayland, MA 01778; Mac Truong 875 Bergen Avenue Jersey City, NJ 07306. (ta) [Transferred from New York Southern on 9/19/2023.] (Entered: 09/12/2023) |
| 09/19/2023 | 6 | Case transferred in from District of New York Southern; Case Number 1:23-cv-07015. Original file certified copy of transfer order and docket sheet received. (Entered: 09/19/2023) |
| 09/19/2023 | 7 | In accordance with Rule 73 of the Federal Rules of Civil Procedure and Local Rule 73.1, the parties are notified that *if* all parties consent a United States magistrate judge of this court is available to conduct all proceedings in this civil action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to the Notice is a blank copy of the consent form that should be filled out, signed and filed electronically **only if all parties** wish to consent. The form may also be accessed at the following link: http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO085.pdf. **You may withhold your consent without adverse substantive consequences. Do NOT return or file the consent unless all parties have signed the consent.** (DC) (Entered: 09/19/2023) |
| 09/20/2023 | 8 | NOTICE OF DEFICIENT FILING, litigant notified of deficiency(s) that **must be corrected within fourteen (14) days**. re: MOTION for Leave to Proceed in forma pauperis *see document # 2 Request To Proceed In Forma Pauperis,* 2 Request To Proceed In Forma Pauperis. Each plaintiff named in the caption must sign the complaint and each plaintiff must obtain a separate IFP application and/or Prisoner Authorization form, if applicable. An IFP application and/or Prisoner Authorization form for each plaintiff named in the caption is enclosed. (DC) (Entered: 09/20/2023) |
| 09/25/2023 | 9 | MOTION for Leave to Proceed in forma pauperis *(SHORT FORM)* by Mac Truong. (LC) (Entered: 09/29/2023) |

| 10/10/2023 | 10 | Letter MOTION to Dismiss Case as Frivolous by Chase Bank. (Kandel, Tyler) (Entered: 10/10/2023) |
|---|---|---|
| 10/30/2023 | 11 | Cross MOTION for Summary Judgment by Mac Truong. (Attachments: # 1 Priority Mailing Envelope) (LC) (Entered: 10/30/2023) |
| 10/30/2023 | | ORDER: Presently before the Court are Plaintiffs' motions for summary judgment and defendant Chase Bank's motion to dismiss. *See* DE 3 (plaintiff Peter Mergenthaler's summary judgment motion); DE 10 (defendant Chase Bank's dismissal motion); DE 11 (plaintiff Mac Truong's summary judgment motion). Those motions are DENIED WITHOUT PREJUDICE to renew after Plaintiffs' motions for leave to proceed *in forma pauperis* at DEs 2 and 9 are adjudicated. *See* 28 U.S.C. §§ 1914, 1915 (requiring plaintiffs commencing a civil action to pay filing fees or obtain leave to proceed *in forma pauperis*). |
| | | The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 44445 (1962). |
| | | The Clerk of the Court is respectfully directed to send a copy of this Order to Plaintiffs. Ordered by Judge Joan M. Azrack on 10/30/2023. (CB) (Entered: 10/30/2023) |
| 02/12/2024 | 12 | ORDER: For the reasons that follow (Please See Order For Further Details), the applications to proceed IFP are denied without prejudice and with leave to renew upon each Plaintiff filing, within fourteen (14) days, the AO 239 Long Form IFP application ("Long Form") attached to this Order. Alternatively, Plaintiffs may remit the $405.00 filing fee. If Plaintiffs do not timely comply with this Order, the Court may dismiss the complaint without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal concerning this Order. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is respectfully directed to mail a copy of this Order and the enclosed Long Form to Plaintiffs at their respective addresses of record. So Ordered by Judge Joan M. Azrack on 2/12/2024. (Attachments: # 1 AO 239 Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)) (GO) (Entered: 02/12/2024) |
| 02/13/2024 | | ORDER. A Status Conference has been scheduled for **March 5, 2024 at 11:30 AM via the Court's Zoom** before the undersigned. The Court will email the Zoom invitation closer to the conference date. This conference is a public proceeding, and all are welcome to attend via telephone or via video. If you would like to receive the Zoom invitation, please contact Judge |

| | | Wicks's Courtroom Deputy at (631) 712-5625.So Ordered by Magistrate Judge James M. Wicks on 2/13/2024. (HM) (Entered: 02/13/2024) |
|---|---|---|
| 02/16/2024 | 13 | LETTER dated 2/15/2024 from Peter Mergenthaler to Judge Arack re "Viewing my very advanced age, total blindness, ill health, and desperate financial situation, and a disabled wife to take care of, may it please the Court to expedite this proceeding so that in one way or another, I could see the light of justice in your honor's Court in my lifetime." (LC) (Entered: 02/20/2024) |
| 02/21/2024 | 15 | LETTER received 2/21/2024 from Peter Mergenthaler to Judge Azrack. I am the litigant in the above matter. It was transferred to your Court from the Southern District in early August last year. I am 84 years old, totally blind and have used up all of my savings relying on false statements from Mr. Zimbler. In all fairness Your Honor: can this case be expedited. (LC) (Entered: 02/23/2024) |
| 02/22/2024 | 14 | LETTER dated 2/22/2024 from K. Santana to Peter Mergenthaler. The Court is in receipt of your letter received February 16, 2024, regarding your IFP motion. As such, please find enclosed a copy of the 2/12/2024 Order which addresses the IFP motion and an IFP (long form) application. (LC) (Entered: 02/22/2024) |
| 02/26/2024 | 16 | Notice of mailing enclosing $405.00 filing fee from Peter Mergenthaler. (LC) (Entered: 03/01/2024) |
| 02/26/2024 | 17 | FILING FEE: $405.00, Receipt Number 200003141. Payment received on 2/26/2024; receipted on 3/1/2024 (LC) Docket text (LF). (Entered: 03/01/2024) |
| 02/29/2024 | 18 | MOTION for Summary Judgment by Peter Mergenthaler, Mac Truong. (LC) (Entered: 03/01/2024) |
| 03/01/2024 | | ORDER: Plaintiff Mac Truong shall show cause by **3/15/2024** why he should not be dismissed for filing this case without obtaining leave to do so from Judge Dora L. Irizarry--in violation of the filing injunction Judge Irizarry previously entered against Mr. Truong. See Truong v. Cuthbertson, No. 15-CV-4268, 2016 WL 737907, at *3 (E.D.N.Y. Feb. 22, 2016) (Irizarry, J.) ("Plaintiff is enjoined from commencing any further actions in the Eastern District of New York absent permission from this Court.")<br><br>In addition, Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R Civ. P. 4(m). Plaintiffs commenced this action on 8/8/2023 (DE 1 ), meaning the time for service expired on 11/6/2023. However, the Court notes the following given that the Court may extend the time for service for good cause. See Fed. R. Civ. P. 4(m). This action was transferred to this Eastern District of New York from the Southern District |

| | | |
|---|---|---|
| | | of New York. DE 6 . In addition, Plaintiffs pursued in forma pauperis status until today (DEs 12 , 17 )--which would have required the U.S. Marshals to effectuate service and their failure to timely do so would have constituted good cause to extend the service deadline. Walker v. Schult, 717 F.3d 119, 123 n.6 (2d Cir. 2013). Given those circumstances, the Court EXTENDS the service period. Plaintiffs shall file proof of service on each Defendant by 4/15/2024. Plaintiffs are warned that any Defendants unserved as of 4/15/2024 will be dismissed under Fed. R. Civ. P. 4(m).<br><br>Finally, Plaintiffs' motion for summary judgment at DE 18 is DENIED WITHOUT PREJUDICE as premature given that--in addition to the fact that the complaint has not been served--the parties have not engaged in discovery. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986); Elliott v. Cartagena, 84 F.4th 481, 493 (2d Cir. 2023).<br><br>The Clerk of the Court is respectfully directed to send a copy of this Order to Plaintiffs. Ordered by Judge Joan M. Azrack on 3/1/2024. (CB) (Entered: 03/01/2024) |
| 03/04/2024 | 19 | NOTICE of Appearance by Anthony Carmine Valenziano on behalf of Chase Bank (aty to be noticed) (Valenziano, Anthony) (Entered: 03/04/2024) |
| 03/04/2024 | 20 | LETTER dated 3/4/2024 from Clerk of Court to Peter Mergenthaler. This correspondence is to enclose a copy of the receipt for your payment of the filing fee. Additionally, we have enclosed a blank summons for you to complete and return. to us for issuance. Once returned, if properly completed, we will issue the summons and return it to you for service of the summons and complaint on the party(s). (LC) (Entered: 03/04/2024) |
| 03/05/2024 | 21 | Minute Order for proceedings held before Magistrate Judge James M. Wicks: CIVIL CAUSE FOR STATUS CONFERENCE. Pro Se Plaintiff: Peter Mergenthaler, appearing Pro Se. Pro Se Plaintiff: Mac Truong, appearing Pro Se. Counsel for Defendant: Anthony Carmine Valenziano. Status Conference held on 3/5/2024 at 11:30 AM. In light of the Hon. Joan M. Azrack's Order directing Plaintiffs to file proof of service on each Defendant by April 15, 2024 (see Electronic Order dated Mar. 1, 2024), the Court held the discovery schedule in abeyance. A scheduling Order will be issued following resolution of the issue. Counsel for Chase advised they anticipate moving to dismiss once served. Counsel was advised that if a stay is sought pending any motion practice that motion should be addressed to the undersigned. The Clerk of the Court is directed to serve copies of this order upon Pro Se Plaintiffs. (FTR Log #11:40-11:52 (Video).) (DF) (Entered: 03/05/2024) |
| 03/13/2024 | 22 | REPLY by Peter Mergenthaler, Mac Truong re Order to Show Cause of Judge Joan M. Azrack dated 3/1/2024. (LC) (Entered: 03/15/2024) |

| 03/20/2024 | 23 | Proposed Summons by Peter Mergenthaler. (LC) (Entered: 03/20/2024) |
|---|---|---|
| 03/20/2024 | | Your proposed summons was not issued for one of the following reasons: **Did not use the correct Summons form AO 440 Rev 6/12, SUMMONS IN A CIVIL ACTION or AO 441 Rev 7/10, SUMMONS ON A THIRD-PARTY COMPLAINT.,**<br><br>Please correct and resubmit using Proposed Summons/Civil Cover Sheet. (LC) (Entered: 03/20/2024) |
| 03/21/2024 | | ORDER TO SHOW CAUSE: Plaintiffs' Complaint asserts that this Court has subject matter jurisdiction under 28 U.S.C. §1331 because Defendants allegedly violated three criminal statutes: 10 U.S.C. § 921, 18 U.S.C. §1512, and 18 U.S.C. § 241. See DE 1 at para. 1. For relief, Plaintiffs seek $450 million and a criminal investigation into Defendants' alleged criminal conduct. See id. at paras. 19, 23.<br><br>This Court has "an independent obligation to consider the presence or absence of subject matter jurisdiction sua sponte." Hunter v. McMahon, 75 F.4th 62, 66 (2d Cir. 2023) (internal quotation marks omitted). It is well established that federal courts lack subject matter jurisdiction over civil claims seeking a court ordered investigation into alleged criminal wrongdoing. See, e.g., Lawyers' Comm. for 9/11 Inquiry, Inc. v. Garland, 43 F.4th 276, 283 (2d Cir. 2022). Further, federal courts lack jurisdiction over damages claims based on the criminal statutes Plaintiffs rely upon. See Hill v. DiDio, 191 F. App'x 13, 14 (2d Cir. 2006) (addressing 18 U.S.C. § 241); Espinoza v. Bill & Melinda Gates Found., No. 22-CV-184, 2022 WL 4368267, at *4 (E.D.N.Y. Sept. 21, 2022) (addressing 10 U.S.C. § 921); Torres v. Blackstone Grp., No. 18-CV-6434, 2019 WL 4194496, at *3 (S.D.N.Y. Sept. 3, 2019) (addressing 18 U.S.C. § 1512), aff'd, 836 F. App'x 49 (2d Cir. 2020).<br><br>In addition, "[a] district court's ability sua sponte to dismiss a complaint that lacks a basis in law or fact is well-established." Muka v. Murphy, 358 F. App'x 239, 241 (2d Cir. 2009); see Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000) (affirming sua sponte dismissal of complaint). The headings identifying each of Plaintiffs' causes of action assert that Defendants violated Plaintiffs' constitutional rights. See DE 1 at 8-9. The vehicle for obtaining damages for constitutional violations is 42 U.S.C. § 1983. See, e.g., Baker v. McCollan, 443 U.S. 137, 140 (1979). "To state a claim under § 1983, a plaintiff must allege two elements: (1) the violation of a right secured by the Constitution and laws of the United States, and (2) the alleged deprivation was committed by a person acting under color of state law." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87-88 (2d Cir. 2015) (internal quotation marks omitted). The Complaint, however, fails to allege that any particular constitutional right |

was violated and fails to allege whether or how any of the Defendants acted under color of state law when violating any constitutional rights. See DE 1 .

Given the foregoing, Plaintiffs shall show cause by 4/4/2024 why this case should not be dismissed for (1) lack of jurisdiction over the claims seeking damages and a court ordered criminal investigation based on the identified criminal statutes, and (2) failure to state a claim for any Constitutional violations.

Finally, Plaintiffs submitted a revised and previously unfiled version of the complaint with their proposed summonses. See DE 23 . Plaintiffs must serve the operative complaint upon Defendants. Presently, that means Plaintiffs must either (1) serve the Complaint at DE 1 , or (2) file an amended complaint (which they may currently do as of right under Fed. R. Civ. P. 15(a)(1)) and then serve a copy of that document as it was filed. Plaintiffs may not unilaterally amend their complaint without following the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 15. Plaintiffs are warned that an amended complaint "supersedes the original[] and renders it of no legal effect." Dluhos v. Floating & Abandoned Vessel, 162 F.3d 63, 68 (2d Cir. 1998) (internal quotation marks omitted).

The Clerk of the Court is respectfully directed to send a copy of this Order To Show Cause to Plaintiffs. Ordered by Judge Joan M. Azrack on 3/21/2024. c/m to plaintiffs. Modified on 3/21/2024 as per chambers (LC). (Entered: 03/21/2024)

| 03/22/2024 | 24 | Letter from the Pro Se Office to Pro Se Litigant Peter Mergenthaler, dated 3/22/204 Re: Enclosed please find a copy of your docket sheet along with the Order to Show Cause that was issued by the Court on 3/21/2024. Also, please be advised that your proposed summonses were not issued because they did not conform with the correct AO440 Form (Rev.6/12). Please see the Order to Show Cause for further information. For your convenience, we have enclosed blank copies of the correct AO440 Form so you may fill it out and submit for issuance. (GO) (Entered: 03/22/2024) |
| 04/10/2024 | 25 | LETTER dated 4/4/2024 from Dmt MacTruong re PROPOSED SUMMONS and NOTICE OF CHANGE OF ADDRESS TO Dmt MacTruong, 35 Journal Square, Suite 419, Jersey City, NJ 07305. (Docket updated). (LC) (Entered: 04/11/2024) |
| 04/11/2024 | | ELECTRONIC SCHEDULING ORDER: On 3/21/2024, the Court directed Plaintiffs to show cause by 4/4/2024 why this case should not be dismissed for (1) lack of jurisdiction over the claims seeking damages and a court ordered investigation based on alleged violations of criminal statutes, and (2) failure to state a claim for any constitutional violations. See 3/21/2024 Order To Show Cause ("OTSC"). The OTSC was mailed to Plaintiffs at |

their addresses of record; neither such mailing was returned as undeliverable.

Plaintiffs failed to file a timely response to the OTSC. In addition, Plaintiffs have not filed anything in the intervening seven days. The date by which Plaintiffs must respond to the OTSC is extended to **4/18/2024**. Plaintiffs are warned that failure to timely file that response may lead to dismissal for failure to prosecute. See Fed. R. Civ. P. 41(b).

Although Plaintiffs paid the fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is respectfully directed to send a copy of this Order to Plaintiffs. In addition, out of an abundance of caution, counsel for Defendant Chase Bank shall (1) mail the OTSC together with this Order to Plaintiffs at their addresses of record via overnight courier, and (2) file proof of that service by **4/12/2024**. Ordered by Judge Joan M. Azrack on 4/11/2024. (CB) (Entered: 04/11/2024)

| | | |
|---|---|---|
| 04/11/2024 | 26 | SUMMONS ISSUED as to Chase Bank, Biogenysis, Inc., Charles Cotropia, Eco-Petroleum Solutions, Inc., Enzolytics, Inc., Extreme Mobile Coatings Corp, Ltd., Extreme Mobile Coatings Worldwide, Corp., Immunotech Laboratories, Inc., Billy Ray Miller, Structural Enhancement Technologies Corporation, Virogentics, Inc., Harry Zhabilov, James W. Zimbler. c/m to plaintiffs (LC) (Main Document 26 replaced on 4/11/2024) (LC). (Entered: 04/11/2024) |
| 04/12/2024 | 27 | CERTIFICATE OF SERVICE by Chase Bank re Scheduling Order,,,,,, (Valenziano, Anthony) (Entered: 04/12/2024) |
| 04/15/2024 | 29 | RESPONSE TO ORDER TO SHOW CAUSE with Motion to Amend Complaint by Mac Truong. (Attachments: # 1 Reply to OSC and motion to amend complaint, # 2 Affirmation in support, # 3 Proposed amended complaint, # 4 Appendix) (LF) (Entered: 04/17/2024) |
| 04/15/2024 | 30 | AMENDED COMPLAINT against Biogenysis, Inc., Charles Cotropia, Eco-Petroleum Solutions, Inc., Enzolytics, Inc., Extreme Mobile Coatings Corp, Ltd., Extreme Mobile Coatings Worldwide, Corp., Immunotech Laboratories, Inc., Billy Ray Miller, Structural Enhancement Technologies Corporation, Virogentics, Inc., Harry Zhabilov, James W. Zimbler, JPMorgan Chase Bank, N.A., filed by Mac Truong, Peter Mergenthaler. (LF) (Entered: 04/17/2024) |

| 04/17/2024 | | Incorrect Case/Document/Entry Information: Pursuant to Judge Wicks Chambers the 4/16/2024 Scheduling Order has been stricken from the docket. (GO) (Entered: 04/17/2024) |
|---|---|---|
| 04/17/2024 | 31 | RESPONSE to 3/21/2024 Order to Show Cause and 4/11/2024 electronic scheduling order by Mac Truong. (LF) (Entered: 04/17/2024) |
| 04/17/2024 | | **VACATED** ORDER DISMISSING CASE: Plaintiffs commenced this case on 8/8/2023. See DE 1 . Federal Rule of Civil Procedure 4(m) required Plaintiffs to effectuate service within 90 days, meaning service was required to be made by 11/6/2023. See Fed. R. Civ. P. 4(m). On 3/1/2024, over 200 days after Plaintiffs commenced this action and over 115 days after they were required to effectuate service, the Court *sua sponte* extended the service deadline to 4/15/2024. See 3/1/2024 Order. In doing so, the Court warned that it would dismiss all Defendants for whom Plaintiffs fail to file proof of service by that deadline. See id. That Order was served upon Plaintiffs at their addresses of record and was not returned as undeliverable. More to the point, Plaintiffs plainly received that Order because they filed a response to a different portion of it, which concerned the filing injunction against Plaintiff Mac Truong. See DE 22 ; see also Truong v. Cuthbertson, No. 15-CV-4268, 2016 WL 737907, at *3 (E.D.N.Y. Feb. 22, 2016) (Irizarry, J.) ("Plaintiff is enjoined from commencing any further actions in the Eastern District of New York absent permission from this Court."). <br><br> Plaintiffs, however, failed to timely file proof of service of the Complaint as to any Defendant. Plaintiffs instead filed an Amended Complaint. DE 30 . That filing neither restarts nor tolls the service period. See, e.g., Makell v. Cnty. of Nassau, 599 F. Supp. 3d 101, 107 (E.D.N.Y. 2022); accord Bolden v. City of Topeka, 441 F.3d 1129, 1148 (10th Cir. 2006). Given that (1) Plaintiffs failed to file proof of service by the Court-ordered deadline, (2) Plaintiffs did not submit a request for an extension of time to complete service that addresses good cause for such relief, (3) the Court warned that failure to file proof of service by the Court-ordered deadline would lead to dismissal of all unserved Defendants, and (4) this action has been pending for over 250 days, this case is DISMISSED under Federal Rule of Civil Procedure 4(m). See, e.g., Terry v. Vill. of Ossining, No. 12-CV-5855, 2013 WL 5952834, at *5 (S.D.N.Y. Nov. 5, 2013) (dismissing *pro se* case pending for over 200 days for failure to serve) <br><br> Although Plaintiffs paid the fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). <br><br> The Clerk of the Court is respectfully directed to close this case and mail a copy of this Order to Plaintiffs at their addresses of record. Ordered by |

| | | |
|---|---|---|
| | | Judge Joan M. Azrack on 4/17/2024. (CB) Modified on 4/18/2024 to indicate that the order has been vacated per Judge Azrack's 4/18/2024 order (LF). (Entered: 04/17/2024) |
| 04/17/2024 | 33 | SUMMONS Returned Executed by Peter Mergenthaler. Chase Bank served on 4/12/2024, answer due 5/3/2024; Eco-Petroleum Solutions, Inc. served on 4/12/2024, answer due 5/3/2024; Extreme Mobile Coatings Corp, Ltd. served on 4/12/2024, answer due 5/3/2024; Extreme Mobile Coatings Worldwide, Corp. served on 4/12/2024, answer due 5/3/2024; Structural Enhancement Technologies Corporation served on 4/12/2024, answer due 5/3/2024; James W. Zimbler served on 4/12/2024, answer due 5/3/2024. (LC) (Main Document 33 replaced on 6/5/2024) (AMF). (Entered: 04/18/2024) |
| 04/18/2024 | 32 | CLERK'S JUDGMENT: ORDERED AND ADJUDGED that Plaintiffs Peter Mergenthaler and Mac Truong take nothing of Defendants; that this case is dismissed under Federal Rule of Civil Procedure 4(m) for failure to file proof of service; that in forma pauperis status is denied for the purpose of any appeal; and that this case is closed. Ordered by Clerk of Court on 4/18/2024 (CM to pro se plaintiffs with an appeal packet). (JT) <br><br> **VACATED** *pursuant to 4/18/2024 Order of Judge Azrack. This entry has been modified on 4/18/2024 to indicate Judgment dated 4/18/2024 has been vacated.* Modified on 4/18/2024 (LC). (Entered: 04/18/2024) |
| 04/18/2024 | | Incorrect Case/Document/Entry Information. DE #33 has been deleted as it was entered in error. (LC) (Entered: 04/18/2024) |
| 04/18/2024 | | ORDER: The Court's 4/17/2024 Order, which dismissed the full case for lack of service on any Defendant, and the resulting judgment are VACATED given Plaintiffs' submission of certain executed summonses at DE 33 . The Clerk of the Court is respectfully directed to reopen this case. Ordered by Judge Joan M. Azrack on 4/18/2024. (CB) (Entered: 04/18/2024) |
| 04/18/2024 | 34 | SUMMONS Returned Executed by Mac Truong. Biogenysis, Inc. served on 4/12/2024, answer due 5/3/2024; Charles Cotropia served on 4/12/2024, answer due 5/3/2024; Enzolytics, Inc. served on 4/12/2024, answer due 5/3/2024; Immunotech Laboratories, Inc. served on 4/12/2024, answer due 5/3/2024; Billy Ray Miller served on 4/12/2024, answer due 5/3/2024; Virogentics, Inc. served on 4/12/2024, answer due 5/3/2024; Harry Zhabilov served on 4/12/2024, answer due 5/3/2024. (LC) (Entered: 04/18/2024) |
| 04/18/2024 | 35 | LETTER dated 4/18/2024 from K. Santana to pro se litigant. The enclosed documents are being returned without docketing or consideration. The enclosed forms are duplicative filings. Please find enclosed a copy of your docket sheet. (LC) (Entered: 04/18/2024) |
| 04/20/2024 | 36 | ORDER TO SHOW CAUSE: For the reasons set forth herein (see Order To Show Cause for further details), Plaintiffs shall SHOW CAUSE, in writing, |

| | | by 4/29/2024 why this case should not be dismissed for failure to timely and properly serve Defendants. Plaintiffs' response must include two notarized affidavits sworn under penalty of perjury, one by Rosemary Mergenthaler and the other by Robert Baker. Each affidavit must explain when, where, how, and upon whom service was completed for each Defendant the affiant reportedly served on 4/12/2024. Mrs. Mergenthaler and Mr. Baker shall include all details that they recall about this alleged service, including any characteristics of the John and Janes Does identified in their Affidavits of Service. Each affidavit shall also describe how the affiant traveled to complete service and attach any proof that substantiates that travel, such as receipts for plane tickets or tolls, EZ-pass logs, or other relevant proof. Failure to respond to this Order to Show Cause by 4/29/2024 will result in the dismissal of this action. Ordered by Judge Joan M. Azrack on 4/20/2024. (CB) (Entered: 04/20/2024) |
|---|---|---|
| 04/29/2024 | 37 | Plaintiffs' Response to 36 Order to Show Cause and Notarized Affidavits Detailing Service as Requested by the Court. (LC) (Additional attachment(s) added on 4/30/2024: # 1 Affirmation in Support) (LC). (Documents Restricted to Court Users and Case Participants pursuant to Judge Azrack's pro se submission guidelines). (LC). (Entered: 04/30/2024) |
| 05/01/2024 | 38 | Letter MOTION for pre motion conference *to file motion to dismiss Amended Complaint* by Chase Bank, JPMorgan Chase Bank, N.A.. (Valenziano, Anthony) (Entered: 05/01/2024) |
| 05/03/2024 | 39 | Letter MOTION for pre motion conference re 30 Amended Complaint, *to file motion to dismiss Amended Complaint* by Enzolytics, Inc., Immunotech Laboratories, Inc., Harry Zhabilov. (Garibian, Antranig) (Entered: 05/03/2024) |
| 05/03/2024 | 40 | Corporate Disclosure Statement by Enzolytics, Inc. (Garibian, Antranig) (Entered: 05/03/2024) |
| 05/03/2024 | 41 | Corporate Disclosure Statement by Immunotech Laboratories, Inc. (Garibian, Antranig) (Entered: 05/03/2024) |
| 05/13/2024 | 42 | MOTION for leave to allow Pro Se to Electronically File *; in opposition to Defendants Chase and Enzolytics et al's respective May 3, 2024 letter motions for leave to file motion to dismiss amended complaint; and authorizing plaintiffs to file a Motion for summary Judgment seek relief sought in the amended complaint* by Mac Truong. (Attachments: # 1 Exhibit) (LC) (Entered: 05/14/2024) |
| 05/14/2024 | | Order Dismissing Parties: Federal Rule of Civil Procedure 4(m) required Plaintiffs to effectuate service by 11/6/2023. See Fed. R. Civ. P. 4(m); DE 36 at 1. On 3/1/2024, over 200 days after Plaintiffs commenced this action and over 115 days after they were required to effectuate service, the Court *sua sponte* extended the service deadline to 4/15/2024. See 3/1/2024 Order. In doing so, the Court warned that it would dismiss all Defendants for whom Plaintiffs fail to file proof of service by that |

deadline. See id. Plaintiffs filed proofs of service in mid-April 2024. DEs 33 - 34 . The Court's 4/20/2024 Order To Show Cause ("OTSC") directed Plaintiffs to show cause why (among other things) the case should not be dismissed for improper service on the entity Defendants given that service apparently was not made on the required corporate personnel under the Federal Rules of Civil Procedure, New York law, or the law of the states where service was reportedly effectuated. See DE 36 . The OTSC required Plaintiffs to submit affidavits from the reported process servers, Rosemary Mergenthaler and Robert Baker, that detailed the reported service. See id. Plaintiffs responded to the OTSC with the required affidavits. See DE 37 . Those affidavits confirm that service was improper as to the entity Defendants.

Mrs. Mergenthaler reportedly left summonses for Defendants Extreme Mobile Coatings Corp, Ltd., Extreme Mobile Coatings Worldwide, Corp., Structural Enhancement Technologies Corporation, and Eco-Petroleum Solutions, Inc. (collectively, the "Pennsylvania Entities") with an unidentified "housekeeper" at Defendant James W. Zimbler's Pennsylvania home. DE 37 -1 at 7. This service was insufficient. See, e.g., Trs. of the Local 138, 138A & 138B Int'l Union of Operating Eng'rs Welfare Fund v. Early Bird Sweeping Contractors Inc., No. 16-CV-1066, 2017 WL 1323735, at *3 (E.D.N.Y. Mar. 30, 2017) (holding service upon an unknown person at a corporate executive's home did not constitute service upon the corporation under Fed. R. Civ. P. 4(h)(1)(B) or New York law), report and recommendation adopted, 2017 WL 1322139 (E.D.N.Y. Apr. 8, 2017); Heller v. Glen Summit Co., No. 328 MDA 2019, 2020 WL 571687, at *2 (Pa. Super. Ct. Feb. 5, 2020) (holding service upon a corporate executive's spouse at their home did not constitute service upon the corporation under Pennsylvania law).

Mr. Baker reportedly left summonses for Defendants Immunotech Laboratories, Inc., Enzolytics, Inc., Biogenysis, Inc., and Virogentics, Inc. (collectively, the "Texas Entities") with a receptionist at the entities' reported address in Texas. See DE 37 at 4. This service was insufficient. See Miller v. Shellpoint Mortg. Servicing, No. 23-CV-459, 2023 WL 6326730, at *2 (S.D. Miss. Sept. 28, 2023) (holding service upon a receptionist does not comply with Fed. R. Civ. P. 4(h)(1)(b) absent proof of the receptionists' corporate managerial authority; collecting similar cases); Poniatowski v. Apple Inc., No. 23-CV-00316, 2024 U.S. Dist. LEXIS 58381, at *5 (W.D. Tex. Mar. 28, 2024) (reaching the same conclusion under Fed. R. Civ. P. 4(h)(1)(b) and Texas law); Commissiong v. Mark Greenberg Real Estate Co. LLC, 163 N.Y.S.3d 403, 404 (App. Div. 1st Dep't 2022) (holding service on a corporation's receptionist did not constitute service on the corporation under New York law).

| | | The Court finds that dismissal of the Pennsylvania Entities and Texas Entities under Federal Rule of Civil Procedure 4(m) is warranted given that: Plaintiffs failed to file proof of valid service on the Pennsylvania Entities and the Texas Entities, Plaintiffs did not submit a request for an extension of time to serve those Defendants that addresses good cause for such relief, the Court warned that failure to file proof of service by the Court-ordered deadline would lead to dismissal of all unserved Defendants, and this action has been pending for over 250 days. See, e.g., Terry v. Vill. of Ossining, No. 12-CV-5855, 2013 WL 5952834, at *5 (S.D.N.Y. Nov. 5, 2013) (dismissing pro se case pending for over 200 days for failure to serve); see also In re Truong, 327 F. App'x 260, 262 (2d Cir. 2009) (declining to extend pro se special solicitude to Plaintiff Mac Truong because he is a former attorney). |
| | | This Order does not address the propriety of service upon Defendant J.P. Morgan Chase Bank, N.A. because that Defendant's pending pre-motion conference request addresses an anticipated motion to dismiss on other grounds. See DE 38 . |
| | | Although Plaintiffs paid the fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). |
| | | The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiffs at their addresses of record. Ordered by Judge Joan M. Azrack on 5/14/2024. (CB) (Entered: 05/14/2024) |
| 05/17/2024 | 43 | ORDER: Defendant JP Morgan Chase Bank, N.A. filed a pre-motion conference request on 5/1/2024. See DE 38 . Defendant Harry Zhabilov filed a pre-motion conference request on 5/3/2024. See DE 39 . The undersigned's Individual Rule ("Rule") IV.B required Plaintiffs to respond to each of those pre-motion conference requests ("PMC Requests")--in a letter of no more than three pages--within seven days. Thus, Plaintiffs were obligated to file responses of three or fewer pages by 5/8/2024 and 5/10/2024, respectively.

Plaintiffs, however, failed to comply with those obligations. On 5/13/2024, Plaintiffs filed motion papers spanning 174 pages seeking three forms of relief: denial of the PMC Requests, imposition of summary judgment for Plaintiffs, and granting Plaintiffs electronic filing privileges. See DE 42 . That relief is DENIED as follows:

(1) Plaintiffs' motion to deny the PMC Requests is DENIED. See Fields v. Bayerische Motoren Werke Aktiengesellschaft, 594 F. Supp. 3d 530, 533 (E.D.N.Y. 2022) (rejecting filings for noncompliance with the Court's |

Individual Rules); Testaccio v. Rahim, No. 21-CV-1916, 2021 WL 1999411, at *1 (E.D.N.Y. May 19, 2021) (denying pro se motion for failure to comply with the Court's Individual Rules). Plaintiffs shall file by 5/28/2024 responses of no more than three pages each (see Rule IV.B) to each of the PMC Requests.

(2) Plaintiffs' motion for summary judgment is, like their last motion for the same relief (see 3/1/2024 Order), DENIED WITHOUT PREJUDICE as premature given that the parties have not engaged in discovery. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986); Elliott v. Cartagena, 84 F.4th 481, 493 (2d Cir. 2023); see also Fioranelli v. CBS Broad., Inc., No. 15-CV-952, 2019 WL 1059993, at *5 (S.D.N.Y. Mar. 6, 2019) ("Discovery, however, is not a one-way street designed to allow plaintiffs to collect evidence in support of their claims. It is also a mechanism for defendants to accumulate evidence to defend themselves and to test the evidence of their opponents." (internal quotation marks omitted)).

(3) Plaintiffs' motion for electronic filing privileges is DENIED WITHOUT PREJUDICE. A review of the docket reflects that Plaintiffs' filings have been promptly processed and uploaded on ECF by the Clerk's Office. Accordingly, Plaintiffs may renew their request for electronic filing privileges if circumstances warrant such an application. Relatedly, the Court notes that Plaintiffs may elect to receive electronic notifications of filings and thereby accept service of filings by email rather than paper mail. For Plaintiffs' convenience, the form to consent to electronic notifications of filings is attached to this Order.

Although Plaintiffs paid the fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is respectfully directed to mail a copy of this Order and its attachment to Plaintiffs at their addresses of record. Ordered by Judge Joan M. Azrack on 5/17/2024. (CB) (Entered: 05/17/2024)

| 05/28/2024 | 44 | Letter MOTION for Reconsideration (i) PARTIALLY RECONSIDERING THE COURT'S MAY 14 2024 ORDER DISMISSING ENTITY PARTIES; AND (ii) REINSTATING ALL DISMISSED ENTITY DEFENDANTS ON THE ACTIVE CALENDAR, by Mac Truong. (GO) (Entered: 05/29/2024) |
| 05/28/2024 | 45 | RESPONSE in Opposition re 38 Letter MOTION for pre motion conference to file motion to dismiss Amended Complaint filed by Mac Truong. (GO) (Entered: 05/29/2024) |

| 05/28/2024 | 46 | RESPONSE in Opposition re 39 Letter MOTION for pre motion conference re 30 Amended Complaint, *to file motion to dismiss Amended Complaint* filed by Mac Truong. (GO) (Entered: 05/29/2024) |
|---|---|---|
| 06/06/2024 | | ORDER: Presently before the Court is Plaintiffs' motion at DE 44 for reconsideration of the Court's 5/14/2024 Order Dismissing Parties, which dismissed the following entity Defendants under Federal Rule of Civil Procedure ("Rule") 4(m) for improper service: Extreme Mobile Coatings Corp, Ltd.; Extreme Mobile Coatings Worldwide, Corp.; Structural Enhancement Technologies Corporation; Eco-Petroleum Solutions, Inc.; Immunotech Laboratories, Inc.; Enzolytics, Inc.; Biogenysis, Inc.; and Virogentics, Inc. (collectively, the "Entity Defendants"). For the reasons set forth herein, Plaintiffs' motion is DENIED. |
| | | Rule 54(b) governs Plaintiff's motion for reconsideration. See Fed. R. Civ. P. 54(b) (providing for reconsideration of any order "that adjudicates... the rights and liabilities of fewer than all the parties" absent entry of a final judgment); Colvin v. Keen, 900 F.3d 63, 74 (2d Cir. 2018) (describing application of Rule 54(b)); see also Local Civ. R. 6.3 (setting procedural prerequisites for motions for reconsideration or reargument). Decisions subject to Rule 54(b) "may not usually be changed unless there is 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'" Official Comm. of Unsecured Creditors of the Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F. 3d 147, 167 (2d Cir. 2003) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)); see Article 13, LLC v. Ponce de Leon Fed. Bank, 686 F. Supp. 3d 212, 215 (E.D.N.Y. 2023). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Survs., Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012), as amended (July 13, 2012) (internal quotation marks omitted). "Reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Hoeffner v. D'Amato, 664 F. Supp. 3d 269, 271-72 (E.D.N.Y. 2023) (internal quotation marks omitted). Hence, "the standard for granting a motion for reconsideration is 'strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" Commerzbank AG v. U.S. Bank, N.A., 100 F.4th 362, 377 (2d Cir. 2024) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). Moreover, reconsideration is committed to the Court's discretion: "Rule 54(b) does not *require* district courts to revisit decisions upon request--it only provides that prior decisions |

| | |
|---|---|
| | *'may* be revised' prior to final judgment of all claims." <u>Id.</u> at 378 (quoting Fed. R. Civ. P. 54(b)). |
| | Plaintiffs' motion fails to meet that strict standard. The motion contends that the Entity Defendants were properly served as a matter of law--but cites no authority for that conclusion, let alone authority contrary to the Rules and cases cited in the 5/14/2024 Order Dismissing Parties that confirm the reported service upon the Entity Defendants was insufficient. <u>See generally</u> DE <u>44</u> . The motion's glaring dearth of authority is compounded by the fact that Plaintiff Mac Truong is a former attorney, which also renders <u>pro se</u> solicitude inapplicable here. <u>See</u> In re Truong, 327 F. App'x 260, 262 (2d Cir. 2009) (declining to extend <u>pro se</u> special solicitude to Mac Truong because he is a former attorney). At bottom, Plaintiffs have not identified any "controlling decisions or data that the court overlooked." <u>Commerzbank AG</u>, 100 F.4th at 377 (internal quotation marks omitted). Accordingly, Plaintiffs' motion for reconsideration at DE <u>44</u> is DENIED. |
| | Although Plaintiffs paid the fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is denied for the purpose of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962). |
| | The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiffs at their addresses of record. Ordered by Judge Joan M. Azrack on 6/6/2024. (CB) (Entered: 06/06/2024) |
| 06/07/2024 | ORDER: The Court waives its pre-motion conference requirement for the anticipated motions by Defendants JP Morgan Chase Bank, N.A. and Harry Zhabilov to dismiss the Amended Complaint. Accordingly, the pre-motion conference requests at DEs <u>38</u> and <u>39</u> are DENIED AS MOOT. Defendants shall confer with Plaintiffs and file a joint proposed briefing schedule by **6/21/2024**. The Court encourages (but does not require) Defendants to file one joint motion to dismiss. For that reason, the parties' joint proposed briefing schedule shall specify (1) whether Defendants will file one joint motion to dismiss and, if so, (2) the requested page limits for that joint motion briefing. |
| | Defendants shall serve a copy of this Order upon Plaintiffs and file proof of service by **6/11/2024**. Ordered by Judge Joan M. Azrack on 6/7/2024. (CB) (Entered: 06/07/2024) |

# EXHIBIT

# B

## ENZOLYTICS INC.

1101Raintree Circle, Suite 130, Allen, Texas 75013
972-292-9414
www.enzolytics.com
info@enzolytics.com

## Quarterly Report

### For the period ending March 31, 2024 (the "Reporting Period")

## Outstanding Shares

The number of shares outstanding of our Common Stock was:

3,187,974,957 as of March 31, 2024

3,172,974,957 as of December 31, 2023

## Shell Status

Indicate by check mark whether the company is a shell company (as defined in Rule 405 of the Securities Act of 1933, Rule 12b-2 of the Exchange Act of 1934 and Rule 15c2-11 of the Exchange Act of 1934):

Yes: ☐          No: ☒

Indicate by check mark whether the company's shell status has changed since the previous reporting period:

Yes: ☐          No: ☒

## Change in Control

Indicate by check mark whether a Change in Control[4] of the company has occurred during this reporting period:

Yes: ☒          No: ☐

---

[4] "Change in Control" shall mean any events resulting in:

(i) Any "person" (as such term is used in Sections 13(d) and 14(d) of the Exchange Act) becoming the "beneficial owner" (as defined in Rule 13d-3 of the Exchange Act), directly or l ndirectly, of securities of the Company representing fifty percent (50%) or more of the total voting power represented by the Company's then outstanding voting securities;
(ii) The consummation of the sale or disposition by the Company of all or substantially all of the Company's assets;
(iii) A change in the composition of the Board occurring within a two (2)-year period, as a result of which fewer than a majority of the directors are directors immediately prior to such change; or
(iv) The consummation of a merger or consolidation of the Company with any other corporation, other than a merger or consolidation which would result in the voting securities of the Company outstanding immediately prior thereto continuing to represent (either by remaining outstanding or by being converted into voting securities of the surviving entity or its parent) at least fifty percent (50%) of the total voting power represented by the voting securities of the Company or such surviving entity or its parent outstanding immediately after such merger or consolidation.

## 2) Security Information

### Transfer Agent



Name: Empire Stock Transfer
Phone: 702-818-5898
Email: info@empirestock.com
Address: 1859 Whitney Mesa Dr.
Henderson, NV 89014

**Publicly Quoted or Traded Securities:**

*The goal of this section is to provide a clear understanding of the share information for its publicly quoted or traded equity securities. Use the fields below to provide the information, as applicable, for all outstanding classes of securities that are publicly traded/quoted.*

| | | |
|---|---|---|
| Trading symbol: | ENZC PK | |
| Exact title and class of securities outstanding: | COMMON | |
| CUSIP: | 294112107 | |
| Par or stated value: | 0.0001 | |
| Total shares authorized: | 3,750,000,000 | as of date: 3/31/2024 |
| Total shares outstanding: | 3,187,974,957 | as of date: 3/31/2024 |
| Total number of shareholders of record: | 244 | as of date: 3/31/2024 |

*Please provide the above-referenced information for all other publicly quoted or traded securities of the issuer.*

**Other classes of authorized or outstanding equity securities that do not have a trading symbol:**

*The goal of this section is to provide a clear understanding of the share information for its other classes of authorized or outstanding equity securities (e.g., preferred shares that do not have a trading symbol). Use the fields below to provide the information, as applicable, for all other authorized or outstanding equity securities.*

| | | |
|---|---|---|
| Exact title and class of the security: | Series A Preferred | |
| Par or stated value: | 0.0001 | |
| Total shares authorized: | 60,000,000 | as of date: 3/31/2024 |
| Total shares outstanding: | 13,200,000 | as of date: 3/31/2024 |
| Total number of shareholders of record: | 2 | as of date: 3/31/2024 |

| | | |
|---|---|---|
| Exact title and class of the security: | Series B Preferred | |
| Par or stated value: | 0.0001 | |
| Total shares authorized: | 465,000,000 | as of date: 3/31/2024 |
| Total shares outstanding: | 442,880,000 | as of date: 3/31/2024 |

The Company is 100% owner of RobustoMed, Inc.

The Company is 100% owner of BioClonetics Immunotherapy, Inc.

The Company is 100% owner of Biogenysis, Inc.

C. Describe the issuers' principal products or services.

On September 18, 2023, the Company executed and closed a definitive business combination agreement with Sagaliam Acquisition Corp, selling the operating subsidiaries Virogenetics, Inc. and Biogenysis, Inc. in a stock transaction valued at $360 million. This left the Company with no operating subsidiaries. The Company is currently formulating a new business strategy and searching for target acquisitions.

On March 26, 2024 the Company entered into a novation agreement whereby the ownership of Biogenysis, Inc. was exchanged for xxxxxxxxx shares of Sagaliam Acquisition Corp.

## 5) Issuer's Facilities

*The goal of this section is to provide investors with a clear understanding of all assets, properties or facilities owned, used or leased by the issuer and the extent in which the facilities are utilized.*

In responding to this item, please clearly describe the assets, properties or facilities of the issuer. Describe the location of office space, data centers, principal plants, and other property of the issuer and describe the condition of the properties. Specify if the assets, properties, or facilities are owned or leased and the terms of their leases. If the issuer does not have complete ownership or control of the property, describe the limitations on the ownership.

The Company signed a lease for a new lab and business facility at 1101 Raintree Circle, Suite 130, Allen, Texas 75013 All lease payments are current.

In addition, the Company leases a 695 sq ft office and laboratory facility located at 800 Raymond Stotzer Parkway Building 1904, Suite 2106, College Station, Texas 77843 for $2,595.00 per month. The lease ends in December 2023. The lease is currently month to month. All lease payments are current.

## 6)     All Officers, Directors, and Control Persons of the Company

Using the table below, please provide information, as of the period end date of this report, regarding all officers and directors of the company, or any person that performs a similar function, regardless of the number of shares they own.

In addition, list all individuals or entities controlling 5% or more of any class of the issuer's securities.
If any insiders listed are corporate shareholders or entities, provide the name and address of the person(s) beneficially owning or controlling such corporate shareholders, or the name and contact information (City, State) of an individual representing the corporation or entity. Include Company Insiders who own any outstanding units or shares of any class of any equity security of the issuer.

*The goal of this section is to provide investors with a clear understanding of the identity of all the persons or entities that are involved in managing, controlling or advising the operations, business development and disclosure of the issuer, as well as the identity of any significant or beneficial owners.*

| Names of All Officers, Directors, and Control Persons | Affiliation with Company (e.g. Officer Title /Director/Owner of 5% or more) | Residential Address (City / State Only) | Number of shares owned | Share type/class | Ownership Percentage of Class Outstanding | Names of control person(s) if a corporate entity |
|---|---|---|---|---|---|---|
| Harry Zhabilov | CFO/CSO/Secretary/Director | Frisco, Texas | 184,450,000 | Series B | 41.64 | |
| Zhabilov Trust | Shareholder | Frisco, Texas | 7,200,000 | Series A | 54.54 | Diana Zhabilov, Trustee |
| Charles S. Cotropia | CEO/Director (removed on 3-25-2024) | Heath, Texas | 68,143,334 | Series B | 15.39 | |
| Joseph Cotropia | CSO (removed on 3-25-2024) | College Station, Texas | 68,143,334 | Series B | 15.39 | |
| Gaurav Chandra | COO (Removed on March 25 2024) | Cape Town, South Africa | 68,143,332 | Series B | 15.39 | |
| Steven G. Sharabura | CEO | Atlanta, GA | N/A | N/A | N/A | |
| Lachezar Ivanov | Director | Sofia, Bulgaria | 1,000,000 | Series B | .23 | |
| Diana Zhabilov | CFO | Frisco, Texas | N/A | N/A | N/A | |

Confirm that the information in this table matches your public company profile on www.OTCMarkets.com. If any updates are needed to your public company profile, log in to www.OTCIQ.com to update your company profile.

7) **Legal/Disciplinary History**

A. Identify and provide a brief explanation as to whether any of the persons or entities listed above in Section 6 have, in the past 10 years:

1. Been the subject of an indictment or conviction in a criminal proceeding or plea agreement or named as a defendant in a pending criminal proceeding (excluding minor traffic violations);

2. Been the subject of the entry of an order, judgment, or decree, not subsequently reversed, suspended or vacated, by a court of competent jurisdiction that permanently or temporarily enjoined, barred, suspended or otherwise limited such person's

counsel, broker-dealer(s), advisor(s), consultant(s) or any entity/individual that provided assistance or services to the issuer during the reporting period.

Name:         Steve Heuman
Firm:           Eisner & Amper
Nature of Services:  Consulting
Address 1:      111 Wood Avenue South
Address 2:      Iselin, NJ 08830-2700
Phone:        212-949-8700
Email:

## 9) Disclosure & Financial Information

A. This Disclosure Statement was prepared by (name of individual):

Name:             Camelot Nevada Trust
Title:
Relationship to Issuer:  Consultant

B. The following financial statements were prepared in accordance with:

☐ IFRS
X U.S. GAAP

C. The following financial statements were prepared by (name of individual):

Name:         Jona Barnes
Title:           Enrolled Agent
Relationship to Issuer: Accountant
Describe the qualifications of the person or persons who prepared the financial statements:[5]

Provide the following qualifying financial statements:

- o   Audit letter, if audited;
- o   Balance Sheet;
- o   Statement of Income;
- o   Statement of Cash Flows;
- o   Statement of Retained Earnings (Statement of Changes in Stockholders' Equity)
- o   Financial Notes

Financial Statement Requirements:
- Financial statements must be published together with this disclosure statement as one document.
- Financial statements must be "machine readable". Do not publish images/scans of financial statements.
- Financial statements must be presented with comparative financials against the prior FYE or period, as applicable.
- Financial statements must be prepared in accordance with U.S. GAAP or International Financial Reporting Standards (IFRS) but are not required to be audited.

---

[5] The financial statements requested pursuant to this item must be prepared in accordance with US GAAP or IFRS and by persons with sufficient financial skills.

ENZOLYTICS, INC. AND SUBSIDIARIES
BALANCE SHEETS
(Unaudited)

|  | March 31, 2024 | December 31, 2023 |
|---|---|---|
| **ASSETS** | | |
| **Current assets:** | | |
| Cash and cash equivalents | $ 1,928 | $ 14,682 |
| Due from Virogentics | 8,956 | |
| Investment in SAGA shares | 360,000,000 | 360,000,000 |
| A/R Related party - Patten Energy, Inc., net of allowance for doubtful accounts of $36,290 | - | - |
| Loans receivable | | - |
| Total current assets | 360,010,884 | 360,014,682 |
| Property and equipment, net | 100,850 | 106,372 |
| **Other assets:** | | |
| Deposit | 5,555 | 5,555 |
| Investment in Subsidiaries | 1,080,000 | 1,080,000 |
| Total other assets | 1,085,555 | 1,085,555 |
| | $ 361,197,289 | $ 361,206,609 |

**LIABILITIES AND SHAREHOLDERS' DEFICIT**

|  | March 31, 2024 | December 31, 2023 |
|---|---|---|
| **Current liabilities:** | | |
| Accounts payable | $ 241,856 | $ 220,503 |
| Accrued expenses and other current liabilities | 1,641,786 | 1,517,202 |
| Deferred Income from Sales of Subsidiaries | 258,689,014 | 258,689,014 |
| Deferred Taxes Payable | 100,601,283 | 100,601,283 |
| Notes payable to investors, net of discount of $0 and $0 at December 31, 2023 and 2022, respectively | 417,300 | 417,300 |
| Crowdfunding convertible notes | 544,038 | 544,038 |
| Due to related parties: | | |
| Promissory note - Former director and officer | 35,000 | 35,000 |
| Officers, Directors and stockholders | 353,101 | 343,101 |
| License fee payable | 1,550,000 | 1,550,000 |
| Current liabilities - Discontinued Operations | 485,153 | 485,153 |
| Total current liabilities | 364,558,532 | 364,402,595 |
| | | |
| Total long term liabilities | 866,452 | 866,452 |
| Total liabilities | 365,424,984 | 365,269,047 |
| **Shareholders' Equity/(Deficit)** | | |
| Preferred stock, Series A $.0001 par value; 100,000,000 shares authorized, 13,200,000 issued and outstanding at March 31, 2024 and December 31, 2023, respectively | 1,320 | 1,320 |
| Preferred stock, Series B $.0001 par value; 465,000,000 shares authorized, 442,880,000 issued and outstanding at March 31, 2024 and December 31, 2023, respectively | 44,288 | 44,288 |
| Preferred stock, Series C $.0001 par value; 465,000,000 shares authorized, 3,452,097 issued and outstanding at March 31, 2024 and December 31, 2023, respectively | 345 | 345 |
| Preferred stock, Series D $.0001 par value; 1,000,000 shares authorized, 0 issued and outstanding at March 31, 2024 and December 31, 2023, respectively | - | - |
| Preferred stock, Series E $.0001 par value; 10,000,000,000 shares authorized, 2,500,000 and 0 issued and outstanding at March 31, 2024 and December 31, 2023, respectively | - | - |
| Common stock, $.0001 par value; 3,000,000,000 shares authorized, 3,187,974,257 and 3,172,974,257 issued and outstanding at March 31, 2024 and December 31, 2023, respectively | 318,797 | 317,297 |
| Additional paid-in-capital | 29,253,979 | 29,247,979 |
| Preferred stock subscribed | 33 | 33 |
| Common stock subscribed | 12,809 | 12,809 |
| Additional paid-in-capital subscribed | 1,621,999 | 1,621,999 |
| Subscription receivable | (500,000) | (500,000) |
| Accumulated Deficit | (34,981,265) | (34,808,508) |
| Total shareholders' equity/(deficit) | (4,227,694) | (4,062,438) |
| | | |
| Total liabilities and shareholders' deficit | $ 361,197,289 | $ 361,206,609 |

*See accompanying notes to condensed consolidated financial statements.*

## Note 1. Organization and Business Description

Enzolytics, Inc. ("Enzolytics" or the "Company") is a Delaware corporation originally formed in the United Kingdom on July 28, 2004. On November 25, 2004, the Company changed its name to Falcon Media Services, Ltd. On November 12, 2008, the Company changed its name to Extreme Mobile Coatings Corp., Ltd. On March 2, 2009, re-domiciled in Delaware and at the same time the Company changed its name to

Extreme Mobile Coatings Worldwide Corp. On May 19, 2010, the Company changed its name to Structural Enhancement Technologies Corp. ("Structural"). On November 16, 2012, the Company changed its name to Eco-Petroleum Solutions, Inc. ("Eco-Petroleum"). On September 11, 2017, the Company changed its name to Immunotech Laboratories, Inc. On March 22, 2018, the Company changed its name to Enzolytics, Inc. ("Enzolytics"). On May 21, 2020, the Company began the process of re-domiciling in Wyoming but on November 4, 2020, the Company decided to remain a Delaware Corporation and filed all the requisite documents to bring it current.

On September 18, 2023, the Company executed and closed a business combination agreement with Sagaliam Acquisition Corp, selling 100% of the Company's ownership in the two operating subsidiaries, Virogentics, Inc. ("VIRO") and Biogenysis, Inc. ("BGEN"). Prior to September 18, 2023, Enzolytics was a biotechnology company whose products consisted of multiple distinct drug development proprietary technologies: Immunotherapy, immune modulators, fully human monoclonal antibodies and an artificial intelligence (AI) platform for health care developments. The Company had clinically tested anti-HIV therapeutics. Additionally, the Company had created a proprietary cell line that produces fully human monoclonal antibodies that target and neutralizes the HIV virus. The sales transaction was valued at $450,000,000 to the shareholders of the operating subsidiaries of the Company with a Make-whole provision.

Since the close of the sale transaction the Company has begun the process of formulating a new business strategy and searching for acquisition targets to expedite the implementation of the new business plan.

## Merger Agreement

On November 16, 2020, the Company (having been renamed, immediately prior to this Holding Company Reorganization, from "Enzolytics, Inc." to "ENZC SUB, Inc.") completed a corporate reorganization (the "Holding Company Reorganization") pursuant to which ENZC SUB, Inc., (the "Predecessor") became a direct, wholly owned subsidiary of a newly formed Delaware corporation, Enzolytics, Inc. (the "Holding Company"), which became the successor issuer. In other words, the Holding Company is now the public entity. The Holding Company Reorganization was affected by a merger conducted pursuant to Section 251(g) of the Delaware General Corporation Law (the "DGCL"), which provides for the formation of a holding company without a vote of the stockholders of the constituent corporations.

In accordance with Section 251(g) of the DGCL, Enzolytics Merger Corp. ("Merger Sub"), another newly formed Delaware corporation and, prior to the Holding Company Reorganization, was an indirect, wholly owned subsidiary of the Predecessor, merged with and into the Predecessor, with the Predecessor surviving the merger as a direct, wholly owned subsidiary of the Holding Company (the "Merger"). The Merger was completed pursuant to the terms of an Agreement and Plan of Merger among the Predecessor, the Holding Company and Merger Sub, dated November 16, 2020 (the "Merger Agreement").

On November 30, 2020, the Company consummated the Merger Agreement which involved the formation of two wholly owned operating subsidiaries, Biogenysis, Inc., ("Biogenysis) and Virogentics, Inc.,

professional with an established track record of exceptional performance in healthcare operations, clinical trials, and regulatory compliance.

On March 14, 2022, Enzolytics, Inc. wholly owned subsidiary Virogentics, Inc. (the "Subsidiary") announced its progress toward the production and use of its ITV-1, anti-HIV immunotherapy treatment in the Central and Eastern regions of Africa for patients with HIV/AIDS.

On March 25, 2022, In submissions under the Patent Cooperation Treaty (PCT), Enzolytics, Inc. has pending international patent applications covering the use of any of its discovered numerous conserved Coronavirus epitopes or conserved HIV epitopes in the production of monoclonal antibodies, the production of vaccines or use in diagnostic tests for detecting the viruses in patients.

On June 21, 2022, Enzolytics, Inc. announced it has identified conserved, immutable sites (epitopes) on the Monkeypox virus. These discoveries are a part of Enzolytics' continuing efforts to address future healthcare needs in pandemics using its Comprehensive Artificial Intelligence (AI) protocol for producing Monoclonal Antibodies, including implementing AI analysis of existing viruses and any new virus immediately upon its emergence globally.

On June 28, 2022, Enzolytics, Inc. announced the first Official Action on the Company's International Patent Application covering its discovery and exclusive claim to conserved antigens and epitopes of the HIV virus, the PCT International Search Report concluded that inventions claimed therein are novel and inventive and thus will expectedly be issued in final international patents.

On September 14, 2022, Enzolytics, Inc. announced the successful conclusion, in a Delaware Federal litigation, 21: CV-01163-RGA, brought by Peter Mergenthaler against Enzolytics. Enzolytics' Motion to Dismiss was granted by the Federal District Court terminating the case. In the case, an ENZC shareholder sought to require the Company to replace 10,000,000 ENZC shares that Plaintiff claimed were allegedly stolen by third parties. The Court found that Plaintiff has not stated a plausible claim to relief, and as a result, the Court granted Enzolytics' Motion to Dismiss. The case is now terminated. The Judge's decision in this frivolous case is a victory for all our shareholders," said ENZC CEO Charles Cotropia. "This lawsuit was wrongfully brought, making it necessary for the Company to defend against a meritless claim. Taking such action is necessary to protect shareholder value. We must remain diligent and defend against any such attempts that degrade shareholder value."

On September 16, 2022, Enzolytics, Inc. announced a collaboration with Abveris, a division of Twist Bioscience Corporation, to discover fully human monoclonal antibodies against multiple viruses. The collaboration makes possible the combination of synergistic technologies of the two companies in discovering monoclonal antibodies against numerous pathogenic viruses.

On October 3, 2022, Enzolytics, Inc. announced the completion of the first phase of the animal toxicology studies on its ITV-1 anti-HIV therapeutic. The initial toxicology study showed "no adverse effects at maximal dose of the product" and confirmed the product is safe at maximum dose, leading the way for a GLP Compliant 28-day Repeat Dose Toxicity Study.

On October 24, 2022, Enzolytics, Inc. announced the addition of Dr. Kirsten Bischof to its Advisory Board. Dr. Bischof brings the Company her vast experience as a Surgeon and healthcare research professional with an established track record of exceptional performance in healthcare.

On November 16, 2022, Enzolytics, Inc. Announces Expansion of Production of Its Monoclonal Antibody Therapeutics and Marketing of IPF Immune™.

On December 14, 2022, The Company announced its dietary supplement that supports the body's self-defense system is now available for sale in the United States (www.onelavi.com) and will be widely

On June 29, 2023, Enzolytics, Inc. reported an Amendment to Non-Binding Term Sheet with the Special Purpose Acquisition Company, Sagallam Acquisition Corp. ("SAGA") for the sale of Biogenysis, Inc. ("BGEN") and Virogentics Inc. ("VIRO"), operating subsidiaries of the Company, amending the combined purchase price to $450,000,000.00.

On September 15, 2023, Enzolytics, Inc. executed and closed the Business Combination Agreement with Sagallam Acquisition Corp. (NASDAQ: SAGA) for the sale of the Company's two operating subsidiaries Virogentics, Inc ("VIRO") and Biogenysis, Inc. ("BGEN") in a stock purchase transaction valued at $450 million paid in the form of 45 million shares of SAGA. Enzolytics was issued 36 million shares of SAGA and the management principles electing to exchange their Series A Preferred shares were issued 2,250,000 shares of SAGA each, for a total of 9 million. The sales transaction was valued at $450,000,000 to the shareholders of the operating subsidiaries of the Company with a Make-whole provision.

The agreement also provided for a monthly Administration fee of $30,000.00 for use in regulatory filings and legal matters.

As part of the sale of the subsidiaries Biognesys, Inc. and Virogentics, Inc., the controlling shareholders of Enzolytics, Charles Cotropia, Joseph Cotropia, Dr. Gurav Chandra and Zhabilov Trust, surrendered back into treasury 46,800,000 shares of the combined Series A Preferred Stock (11,700,000 shares each), which represented the Enzolytics control block, in exchange for 10% ownership each of the common stock of VIRO and BGEN in which the individuals were management principals. This exchange resulted in a change in the majority ownership representing control of Enzolytics. The former controlling shareholders retained their officers and board member positions within VIRO and BGEN and entered into new employment agreements with the operating subsidiaries while retaining their positions within Enzolytics. An amendment to the designation of the Series A Preferred was also approved by the Board as part of the SAGA transaction where the remaining 13,200,000 Series Preferred shares would be eligible, at the election of the shareholder to convert the Preferred Series A at a rate of 10 Common Shares for 1 Series A Preferred share once the designation has been filed and approved by the Delaware Secretary of State. The current holders and controlling shareholders of Enzolytics, Inc are Zhabilov Trust, owner of 7,200,000 Series A Preferred shares, and Felizian Paul, owner of 6,000,000 Series A Preferred shares.

The intention of Enzolytics' board is to dividend the 36 million SAGA shares received as consideration for the two operating subsidiaries to the Company Shareholders holders on a fully diluted basis once the dividend has been approved by the regulatory authorities. Enzolytics is also anticipating implementing a new business strategy which may include the acquisition of vetted targets.

Prior to the September 18 transaction, Enzolytics was a biotechnology company, whose products consisted of multiple distinct drug development proprietary technologies: Immunotherapy, Immune modulators, fully human monoclonal antibodies and an artificial Intelligence (AI) platform for health care developments. The Company had clinically tested anti-HIV therapeutics. Additionally, the Company had created a proprietary cell line that produces fully human monoclonal antibodies that target and neutralizes the HIV virus.

Since the close of the sale transaction on September 15, the Company has begun the process of formulating a new business strategy and searching for acquisition targets to expedite the implementation of the new business plan.

Securities but in parity with any distribution to Parity Securities, an amount per share equal to $.01 per share. If upon the occurrence of such event, and after payment in full of the preferential amounts with respect to the Senior Securities, the assets and funds available to be distributed among the holders of the Series A Preferred Stock and Parity Securities shall be insufficient to permit the payment to such holders of the full preferential amounts due to the holders of the Series A Preferred Stock and the Parity Securities, respectively, then the entire assets and funds of the Company legally available for distribution shall be distributed among the holders of the Series A Preferred Stock and the Parity Securities, pro rata, based on the respective liquidation amounts to which each such series of stock is entitled by the Company's Certificate of Incorporation and any certificate(s) of designation relating thereto.

### Surrender of Preferred Series A Shares

As part of the sale of the subsidiaries Biognesys, Inc. and Virogentics, Inc., the controlling shareholders of Enzolytics Charles Cotropia, Joseph Cotropia, Dr. Gurav Chandra and Zhabilov Trust, surrendered back into treasury 46,800,000 shares of the combined Series A Preferred Stock (11,700,000 shares each) which represented the Enzolytics control block, in exchange for 10% ownership each of the common stock of VIRO or BGEN in which the individuals were management principals. This exchange resulted in a change in the majority ownership representing control of Enzolytics. An amendment to the designation of the Series A Preferred was also approved by the Board as part of the SAGA transaction where the remaining 13,200,000 Series Preferred shares would be eligible at the election of the shareholder to convert the Preferred Series A at a rate of 10 common Shares for 1 Series A Preferred share once the amendment has been filed and approved by the Delaware Secretary of State. The current holders and controlling shareholders of Enzolytics, Inc. are Zhabilov Trust owner of 7,200,000 Series A Preferred shares, and Felizian Paul owner of 6,000,000 Series A Preferred shares.

Series B

Shares Authorized. Up to 465,000,000 shares at par value of $0.0001 per share.

Designation and Rank. The Series B Preferred Stock shall be subordinate to and rank junior to all indebtedness of the Company as well as the Series A Preferred Stock to the extend provided in the Certificate of Designation for the Series A Preferred Stock with the Series B Preferred Stock on the same footing as the Common Stock and Series A Preferred Stock.

Dividends. The holders of the Series B Preferred Stock are not entitled to receive dividends.

Voting Rights. The holders of Series B Preferred Stock shall have the right to cast 10 votes for each share held of record on all matters submitted to a vote of holders of the Corporation's common stock, including the election of directors, and all other matters as required by law. There is no right to cumulative voting in the election of directors. The holders of Series B Preferred Stock shall vote together with all other classes and series of common stock of the Company as a single class on all actions to be taken by the common stockholders of the Company except to the extent that voting as a separate class or series is required by law.

Liquidation Preference. In the event of any dissolution, liquidation or winding up of the Company whether voluntary or involuntary, the holders of Series B Preferred Stock shall be entitled to participate in any distribution out of the assets of the Company on an equal basis per share with the holders of the Common Stock and Series A Preferred Stock.

Conversion Rights. The holders of Series B Preferred Stock shall have conversion rights as follows: Each share of Series B Preferred Stock shall be convertible at the option of the holder thereof and without the

For the Period ended December 31, 2023 the Company issued 113,000,000 shares of common stock from the conversion of 11,300,000 shares of Series B Preferred, 598,171,00 of common stock from the conversion of 598,171 Series C Preferred, 89,173,224 of common stock from the exercise of Series C "Preferred Warrants and 2,548,680 shares of common stock from the conversion of 21,259 shares of Series D Preferred.

Note 11 Subsequent Events

After the sale of the operating subsidiaries Virogentics, Inc. and Biogenysis, Inc. to Sagaliam Acquisition Corp. (SAGA) on September 15, 2023, the Company had no operations and is currently developing a new business strategy for implementation focused on medical devices and testing.

On April 10, 2024, Dr. Gaurav Chandra notified the Company that he declined to lead efforts to develop and commercialize BGEN's IP and potential patents by refusing the position of CEO of BGEN. Dr. Chaundra also rejected his appointment to the Board of Directors of ENZC.

On May 2, 2024 the Company announced plans to form ETC Marketing with Third Coast Fulfilment LLC, focusing on licensing of products in the medical devices, nutraceuticals, medical testing and other well being and safety products."

**10) Issuer Certification**

*Principal Executive Officer:*

The issuer shall include certifications by the chief executive officer and chief financial officer of the issuer (or any other persons with different titles but having the same responsibilities) in each Quarterly Report or Annual Report.

The certifications shall follow the format below:

I, Steven G. Sharabura, certify that:

1.  I have reviewed this Disclosure Statement for Enzolytics, Inc.;

2.  Based on my knowledge, this disclosure statement does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this disclosure statement; and

3.  Based on my knowledge, the financial statements, and other financial information included or incorporated by reference in this disclosure statement, fairly present in all material respects the financial condition, results of operations and cash flows of the issuer as of, and for, the periods presented in this disclosure statement.

    May 20, 2024

    /s/ Steven G. Sharabura

    (Digital Signatures should appear as "/s/ [OFFICER NAME]")

*Principal Financial Officer*

I, Diana Zhabilov, certify that:

1. I have reviewed this Disclosure Statement for Enzoytics, Inc.;

2. Based on my knowledge, this disclosure statement does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this disclosure statement; and

3. Based on my knowledge, the financial statements, and other financial information included or incorporated by reference in this disclosure statement, fairly present in all material respects the financial condition, results of operations and cash flows of the issuer as of, and for, the periods presented in this disclosure statement.

May 20, 2024

/s/ Diana Zhabilov

(Digital Signatures should appear as "/s/ [OFFICER NAME]")

# EXHIBIT

# C

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Peter **MERGENTHALER**, Mac Truong, <br> Plaintiffs, <br><br> *- against -* <br><br> James W. **ZIMBLER**, Extreme Mobile Coatings Corp, Ltd., Extreme Mobile Coatings Worldwide, Corp., Structural Enhancement Technologies Corporation, Eco-Petroleum Solutions, Inc., **Chase Bank, N.A., (Chase), Harry Zhabilov, Billy Ray Miller,** Immunotech Laboratories, Inc., Charles **Cotropia, ENZOLYTICS, Inc.,** Biogenysis, Inc., Virogentics, Inc., <br> Defendants, | **ACTION CIVIL NUMBER** <br> **23-Cv-6926 (JMA)(JMW)** <br><br> **Judge: Joan M. AZRACK** <br><br> **Mag. Judge: James M. HICKS** |

## PLAINTIFF PETER MERGENTHALER'S

# <u>NOTARIZED</u> AFFIDAVIT

## OF SERVICE OF SUMMONS IN THIS CIVIL ACTION ON DEFENDANT ENZOLYTICS, INC. AND NEW DEFENDANT STEVEN SHARABURA, CEO.

**I, Peter Mergenthalter, being duly sworn, depose and say as follows:**

1. I am Plaintiff *pro se* Peter Mergenthaler in this action. I reside at 494 Boston Post Road, Apt. C304, Wayland, MA 01778. I also have a mailing address at 35 Journal Square, Ste 419, Jersey City, NJ 07306.

2. On or about the Saturday June 14, 2024, I serve true copy of the SUMMONS issued by this Court on April 11, 2024, upon (i) Entity Defendant Enzolytics, Inc, and (ii) new

1

Defendant Steven SHARABURA, CEO, by mailing a true copy thereof, to each one of these two parties in the care of their Registered Agent, namely:

**Registered Agent**
**Vcorp Services LLC**
**108 W 13th Street, Suite 100**
**Wilmington, DE 19801**
**(302) 658-7581**

3. To complete the instant Service of Process, on even date, I further mailed two true copies of the Summons to the two foregoing Defendants at the attention of :

**Steven SHARABURA, CEO**
**784 Moores Mill Road,**
**Atlanta, GA 30327.**

Sworn to before me on the 14th Day of June, 2024

**MAC TRUONG**
NORARY PUBLIC OF NEW JERSEY
Commission Expires: 11/9/2027

PETER MERGENTHALER
35 Journal Square, Ste 419
Jersey City, NJ 07306
(917) 808-9250 – (914) 215-2304
Petemerg100@gmail.com,
lmditprose@aol.com,

# AFFIRMATION OF SERVICE

On June 14, 2024, I served by **U.S. Priority Mail with Tracking**, and/or First Class Mail, **and/or Email and/or by hand** the true copies of the within document(s):

(1) PLAINTIFF PETER MERGENTHALER'S <u>NOTARIZED</u> AFFIDAVIT OF SERVICE OF SUMMONS IN THIS CIVIL ACTION ON DEFENDANT ENZOLYTICS, INC. AND NEW DEFENDANT STEVEN SHARABURA, CEO.

upon the following parties, entities, and/or individuals:

JAMES W. ZIMBLER,
147 Kay Road,
Mechanicsburg, PA 17050


Eco-Petroleum Solutions, Inc.,
C/o James W. Zimbler
147 Kay Road,
·Mechanicsburg, PA 17050


Eco-Petroleum Solutions, Inc.,
C/o James W. Zimbler
147 Kay Road,
Mechanicsburg, PA 17050


Extreme Mobile Coatings Corp, Ltd.,
C/o James W. Zimbler
147 Kay Road,
Mechanicsburg, PA 17050


Extreme Mobile Coatings
Worldwide Corp.,
C/o James W. Zimbler
147 Kay Road,
Mechanicsburg, PA 17050


Structural Enhancement
Technologies Corporation,
C/o James W. Zimbler
147 Kay Road,
Mechanicsburg, PA 17050


Harry Zhabilow,
2000 North Sentra Express Way
Plano, Texas 75074.


Immunotech Laboratories, Inc.,
C/o Harry Zhabilow,
2000 North Sentra Express Way
Plano, Texas 75074.


Billy Ray Miller,
1101 Raintree Circle, Suite 130,
Allen, Texas 75013


Charles Cotropia,
1101 Raintree Circle, Suite 130,
Allen, Texas 75013


Biogenysis, Inc.,
1101 Raintree Circle, Suite 130,
Allen, Texas 75013

1

ENZOLYTICS, Inc.,
C/o Charles Cotropia,
1101 Raintree Circle, Suite 130,
Allen, Texas 75013

Virogentics, Inc.,
C/o Charles Cotropia,
1101 Raintree Circle, Suite 130,
Allen, Texas 75013

JPMorgan Chase Bank, N.A.,
(Chase Bank,)
1000 Rocky Run Pkwy
Wilmington, DE 19803

TYLER J. KANDEL, ESQ.,
ANTHONY C. VALENZIANO, ESQ.
SHERMAN ATLAS SYLVESTER &
STAMELMAN LLP, *Attorneys for*
*JPMorgan Chase Bank, N.A.,*
1185 Avenue of the Americas, 2nd Fl.

New York, New York 10036

Antranig N. Garibian, Esq.
Garibian Law Offices, PC
18E41, 6th Floor
New York, NY 10017

PETER MERGENTHALER,
Plaintiff *pro se*
35 Journal Square, Ste 419
Jersey City, NJ 07306

Steven SHARABURA, CEO
784 Moores Mill Road,
Atlanta, GA 30327.

Registered Agent
**Vcorp Services LLC**
108 W 13th Street, Suite 100
Wilmington, DE 19801

Dated: 14th Day of June, 2024

Peter Mergenthaler, Plaintiff *Pro Se*
35 Journal Square, Suite 419
Jersey City, NJ 07306
(917) 808-9250
Petemerg100@gmail.com,
Imditprose@aol.**com**

# AFFIRMATION OF SERVICE

On June 17, 2024, I served by **U.S. Priority Mail with Tracking**, and/or First

Class Mail, **and/or Email and/or by hand** the true copies of the within document(s):

(1) PLAINTIFF *PRO SE* MERGENTHALER'S LETTER-MOTION FOR ORDER (I) TO ADD A NEW DEFENDANT, AND (II) ALLOWING PLAINTIFFS TO COMPLETE SERVICE ON ALL ENTITY DEFENDANTS BY SERVING ON THE REGISTERED AGENT IN DELAWARE, AND (III) RECONSIDERING THE COURT'S JUNE 6 2024 ORDER ERRONEOUSLY DENYING PLAINTIFFS' MAY 28 2024 MOTION FOR PARTIAL RECONSIDERATION, AND (IV) REINSTATING ALL DISMISSED ENTITY DEFENDANTS ON THE ACTIVE CALENDAR, AND (V) DECLARING THAT THE JUNE 6 2024 ORDER WAS NULL AND VOID FOR NOT BEING PERSONALLY ISSUED BY JUDGE AZRACK AS ALLEGED BUT BY SOME COURT STAFF MEMBERS IN HER HONOR'S NAME ON BEHALF OF DEFENDANTS; AND (VI) DECLARING THAT ALL DEFENDANTS HAVE INTENTIONALLY AND INEXCUSABLY AND TOTALLY FAILED TO ANSWER SUMMONS AND AMENDED COMPLAINT AND ARE UNDISPUTEDLY IN DEFAULT; AND (VII) DECLARING THAT ALL DEFENDANTS HAVING DEFAULTED ARE ENJOINED FROM FILING THEIR JOINT MOTION TO DISMISS THE AMENDED COMPLAINT; AND (VIII) ALLOWING PLAINTIFFS TO REINSTATE THEIR MOTION FOR SUMMARY JUDGMENT FOR THE RELIEF SOUGHT IN AMENDED COMPLAINT; AND (IX) FOR NUNC PRO TUNC LEAVE TO FILE THIS MOTION OVERSIZED AND OTHER APPROPRIATE RELIEF.
(2) PLAINTIFF PETER MERGENTHALER'S <u>NOTARIZED</u> AFFIDAVIT OF SERVICE OF SUMMONS IN THIS CIVIL ACTION ON DEFENDANT ENZOLYTICS, INC. AND NEW DEFENDANT STEVEN SHARABURA, CEO.
(3) PLAINTIFF PETER MERGENTHALER'S AFFIDAVIT OF SERVICE OF MOTION.

upon the following parties, entities, and/or individuals:

JAMES W. ZIMBLER,
147 Kay Road,
Mechanicsburg, PA 17050

Eco-Petroleum Solutions, Inc.,
C/o James W. Zimbler
147 Kay Road,
Mechanicsburg, PA 17050

Eco-Petroleum Solutions, Inc.,
C/o James W. Zimbler
147 Kay Road,
Mechanicsburg, PA 17050

Extreme Mobile Coatings Corp, Ltd.,
C/o James W. Zimbler
147 Kay Road,
Mechanicsburg, PA 17050

1

Extreme Mobile Coatings
Worldwide Corp.,
C/o James W. Zimbler
147 Kay Road,
Mechanicsburg, PA 17050

Structural Enhancement
Technologies Corporation,
C/o James W. Zimbler
147 Kay Road,
Mechanicsburg, PA 17050

Harry Zhabilow,
2000 North Sentra Express Way
Plano, Texas 75074.

Immunotech Laboratories, Inc.,
C/o Harry Zhabilow,
2000 North Sentra Express Way
Plano, Texas 75074.

Billy Ray Miller,
1101 Raintree Circle, Suite 130,
Allen, Texas 75013

Charles Cotropia,
1101 Raintree Circle, Suite 130,
Allen, Texas 75013

Biogenysis, Inc.,
1101 Raintree Circle, Suite 130,
Allen, Texas 75013

ENZOLYTICS, Inc.,
C/o Charles Cotropia,
1101 Raintree Circle, Suite 130,
Allen, Texas 75013

Virogentics, Inc.,
C/o Charles Cotropia,
1101 Raintree Circle, Suite 130,
Allen, Texas 75013

JPMorgan Chase Bank, N.A.,
(Chase Bank,)
1000 Rocky Run Pkwy
Wilmington, DE 19803

TYLER J. KANDEL, ESQ.,
ANTHONY C. VALENZIANO, ESQ.
SHERMAN ATLAS SYLVESTER &
STAMELMAN LLP, *Attorneys for
JPMorgan Chase Bank, N.A.,*
1185 Avenue of the Americas, 2nd Fl.
New York, New York 10036

Antranig N. Garibian, Esq.
Garibian Law Offices, PC
18E41, 6th Floor
New York, NY 10017

PETER MERGENTHALER,
Plaintiff *pro se*
35 Journal Square, Ste 419
Jersey City, NJ 07306

Steven SHARABURA, CEO
784 Moores Mill Road,
Atlanta, GA 30327.

Registered Agent
**Vcorp Services LLC**
108 W 13th Street, Suite 100
Wilmington, DE 19801

Dated:   17th Day of June, 2024

Peter Mergenthaler, Plaintiff *Pro Se*
35 Journal Square, Suite 419
Jersey City, NJ 07306
(917) 808-9250
Petemerg100@gmail.com,
Imditprose@aol.**com**

2

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Peter **MERGENTHALER**, Mac Truong,<br>Plaintiffs,<br><br>- *against* -<br><br>James W. **ZIMBLER**, Extreme Mobile<br>Coatings Corp, Ltd., Extreme Mobile Coatings<br>Worldwide, Corp., Structural Enhancement<br>Technologies Corporation, Eco-Petroleum<br>Solutions, Inc., **Chase Bank, N.A.,**<br>**(Chase)**, Harry Zhabilov, Billy Ray Miller,<br>Immunotech Laboratories, Inc.,<br>Charles **Cotropia, ENZOLYTICS, Inc.,**<br>Biogenysis, Inc., Virogentics, Inc.,<br>Defendants, | **ACTION CIVIL NUMBER**<br>**23-Cv-6926 (JMA)(JMW)**<br><br>**Judge: Joan M. AZRACK**<br><br>**Mag. Judge: James M. HICKS** |

## PLAINTIFF PETER MERGENTHALER'S

# <u>NOTARIZED</u> AFFIDAVIT
## OF SERVICE OF SUMMONS IN THIS CIVIL ACTION ON DEFENDANT ENZOLYTICS, INC. AND NEW DEFENDANT STEVEN SHARABURA, CEO.

**I, Peter Mergenthalter, being duly sworn, depose and say as follows:**

1. I am Plaintiff *pro se* Peter Mergenthaler in this action. I reside at 494 Boston Post Road, Apt. C304, Wayland, MA 01778. I also have a mailing address at 35 Journal Square, Ste 419, Jersey City, NJ 07306.

2. On or about the Saturday June 14, 2024, I serve true copy of the SUMMONS issued by this Court on April 11, 2024, upon (i) Entity Defendant Enzolytics, Inc, and (ii) new

1

Defendant Steven SHARABURA, CEO, by mailing a true copy thereof, to each one of these two parties in the care of their Registered Agent, namely:

**Registered Agent**
**Vcorp Services LLC**
**108 W 13th Street, Suite 100**
**Wilmington, DE 19801**
**(302) 658-7581**

3.  To complete the instant Service of Process, on even date, I further mailed two true copies of the Summons to the two foregoing Defendants at the attention of :

**Steven SHARABURA, CEO**
**784 Moores Mill Road,**
**Atlanta, GA 30327.**

Sworn to before me on the 14th Day of June, 2024

MAC TRUONG
NORARY PUBLIC OF NEW JERSEY
Commission Expires: 11/9/2027

PETER MERGENTHALER
35 Journal Square, Ste 419
Jersey City, NJ 07306
(917) 808-9250 – (914) 215-2304
Petemerg100@gmail.com,
lmditprose@aol.com,

# AFFIRMATION OF SERVICE

On June 14, 2024, I served by **U.S. Priority Mail with Tracking**, and/or First
Class Mail, **and/or Email and/or by hand** the true copies of the within document(s):

**(1) PLAINTIFF PETER MERGENTHALER'S <u>NOTARIZED</u> AFFIDAVIT OF SERVICE OF
SUMMONS IN THIS CIVIL ACTION ON DEFENDANT ENZOLYTICS, INC. AND NEW
DEFENDANT STEVEN SHARABURA, CEO.**

## upon the following parties, entities, and/or individuals:

JAMES W. ZIMBLER,
147 Kay Road,
Mechanicsburg, PA 17050

Eco-Petroleum Solutions, Inc.,
C/o James W. Zimbler
147 Kay Road,
Mechanicsburg, PA 17050

Eco-Petroleum Solutions, Inc.,
C/o James W. Zimbler
147 Kay Road,
Mechanicsburg, PA 17050

Extreme Mobile Coatings Corp, Ltd.,
C/o James W. Zimbler
147 Kay Road,
Mechanicsburg, PA 17050

Extreme Mobile Coatings
Worldwide Corp.,
C/o James W. Zimbler
147 Kay Road,
Mechanicsburg, PA 17050

Structural Enhancement
Technologies Corporation,
C/o James W. Zimbler
147 Kay Road,
Mechanicsburg, PA 17050

Harry Zhabilow,
2000 North Sentra Express Way
Plano, Texas 75074.

Immunotech Laboratories, Inc.,
C/o Harry Zhabilow,
2000 North Sentra Express Way
Plano, Texas 75074.

Billy Ray Miller,
1101 Raintree Circle, Suite 130,
Allen, Texas 75013

Charles Cotropia,
1101 Raintree Circle, Suite 130,
Allen, Texas 75013

Biogenysis, Inc.,
1101 Raintree Circle, Suite 130,
Allen, Texas 75013

ENZOLYTICS, Inc.,
C/o Charles Cotropia,
1101 Raintree Circle, Suite 130,
Allen, Texas 75013

Virogentics, Inc.,
C/o Charles Cotropia,
1101 Raintree Circle, Suite 130,
Allen, Texas 75013

JPMorgan Chase Bank, N.A.,
(Chase Bank,)
1000 Rocky Run Pkwy
Wilmington, DE 19803

TYLER J. KANDEL, ESQ.,
ANTHONY C. VALENZIANO, ESQ.
SHERMAN ATLAS SYLVESTER &
STAMELMAN LLP, *Attorneys for
JPMorgan Chase Bank, N.A.,*
1185 Avenue of the Americas, 2nd Fl.

New York, New York 10036

Antranig N. Garibian, Esq.
Garibian Law Offices, PC
18E41, 6th Floor
New York, NY 10017

PETER MERGENTHALER,
Plaintiff *pro se*
35 Journal Square, Ste 419
Jersey City, NJ 07306

Steven SHARABURA, CEO
784 Moores Mill Road,
Atlanta, GA 30327.

Registered Agent
**Vcorp Services LLC**
108 W 13th Street, Suite 100
Wilmington, DE 19801

Dated:   14th Day of June, 2024

Peter Mergenthaler, Plaintiff *Pro Se*
35 Journal Square, Suite 419
Jersey City, NJ 07306
(917) 808-9250
Petemerg100@gmail.com,
Imditprose@aol.**com**

PRESS FIRMLY TO SEAL

 

PRESS FIRMLY TO SEAL

*Retail*



U.S. POSTAGE PAID
PM
JERSEY CITY, NJ 07306
JUN 17, 2024



11722

**$9.85**

RDC 03   0 Lb 11.20 Oz   R2305K139514-19

# UNITED STATES POSTAL SERVICE ® | PRIORITY® MAIL



FROM:

**PETER MERGENTHALER**
**35 Journal Square, Ste 419**
**Jersey City, NJ 07306**

...pected delivery date specified for domestic use.

...mestic shipments include $100 of insurance (restrictions apply).*

...PS Tracking® service included for domestic and many international destinations.

...ited international insurance.**

...en used internationally, a customs declaration form is required.

...nce does not cover certain items. For details regarding claims exclusions see the
...tic Mail Manual at *http://pe.usps.com*.

...nternational Mail Manual at *http://pe.usps.com* for availability and limitations of coverage.

RECEIVED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  JUN 20 2024  ★

LONG ISLAND OFFICE

# AT RATE ENVELOPE
RATE ■ ANY WEIGHT

EXPECTED DELIVERY DAY: 06/20/24

USPS TRACKING® #

To schedule free Package Pickup,
scan the QR code.



**CLERK OF THE U.S. COURT**
**DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF NY**
**100 Federal Plaza**
**Central Islip, NY 11722**

...ackaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments.