CLERK OF U.S. DISTRICT COURT, EDNY
100 FEDERAL PLAZA
P.O. BOX 9014
CENTRAL ISLIP, NY 11722-9014

OFFICIAL BUSINESS

RECEIVED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 13 2025 ★

LONG ISLAND OFFICE

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 13 2025 ★

LONG ISLAND OFFICE

MID-ISLAND NY
18 NOV 2024 PM

quadient
FIRST-CLASS MAIL
IMI
$000.69
11/18/2024 ZIP 11722
043M31248102

Peter Mergenthaler
494 Boston Post Road
#C-304
Wayland, MA 0

NIXIE    01546  12/30/2024
RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD
SORT IN MANUAL ONLY NO AUTOMATION
BC: 56998999955

# U.S. District Court
# Eastern District of New York (Central Islip)
# CIVIL DOCKET FOR CASE #: 2:23-cv-06926-JMA-JMW

Mergenthaler et al v. Zimbler et al
Assigned to: Judge Joan M. Azrack
Referred to: Magistrate Judge James M. Wicks
Case in other court: New York Southern, 1:23-cv-07015
Cause: 28:1391 Personal Injury

Date Filed: 09/15/2023
Jury Demand: None
Nature of Suit: 360 P.I.: Other
Jurisdiction: Federal Question

| Date Filed | # | Docket Text |
|---|---|---|
| 11/15/2024 | | Presently before the Court is Plaintiffs' motion at DE 59 seeking three forms of relief. That motion is DENIED for the reasons stated below.<br><br>First, Plaintiffs seek leave to supplement their opposition to the pending motion to dismiss (DE 52 -5) based on allegations in a complaint filed in another action by the Securities Exchange Commission ("SEC Complaint"). See DE 59 at 1-2. The pending motion to dismiss is chiefly based on the asserted failure of Plaintiffs' operative pleading to state a claim. See DE 52 -1. Federal Rule of Civil Procedure 12(d) requires that, "[w]hen matters outside the pleadings are presented in response to a 12(b)(6) motion, a district court must either exclude the additional material and decide the motion on the complaint alone or convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material." Friedl v. City of New York, 210 F.3d 79, 83 (2d Cir. 2000) (internal quotation marks omitted). The Court has "*complete discretion* to determine whether or not to accept the submission of any material beyond the pleadings" that is offered in connection with a motion to dismiss for failure to state a claim. Kristoffersson on behalf of R.R. v. Port Jefferson Union Free Sch. Dist., No. 23-7232-CV, 2024 WL 3385137, at *2 (2d Cir. July 12, 2024) (internal quotation marks and brackets omitted); see Chambers v. Time Warner, Inc., 282 F.3d 147, 154 (2d Cir. 2002); Certified Multi-media Sols., Ltd. v. Preferred Contractors Ins. Co. Risk Retention Grp., LLC, 150 F. Supp. 3d 228, 236 (E.D.N.Y. 2015), aff'd, 674 F. App'x 45 (2d Cir. 2017). Applying this principle, the Court declines to consider the SEC Complaint and therefore DENIES Plaintiffs' request to assert new arguments based on it. See Costa v. Astoria Fed. Sav. & Loan Ass'n, 995 F. Supp. 2d 146, 148-49 (E.D.N.Y. 2014) (holding that additional factual allegations submitted in opposition to dismissal "are inappropriate for consideration by this Court"); see also Palin v. New York Times Co., 940 F.3d 804, 811 (2d Cir. 2019) (vacating adjudication of a motion to dismiss because it relied on materials extraneous to the complaint); Goel v. Bunge, Ltd., 820 F.3d 554, 560 (2d Cir. 2016) (same).<br><br>Second, Plaintiffs ask--for the third time--that the Court reconsider the 5/14/2024 Order Dismissing Parties ("Dismissal Order"). See DE 59 at 2-3. The Court presumes familiarity with the Dismissal Order, the 6/6/2024 Order that denied reconsideration of the Dismissal Order, and the 8/5/2024 Order that likewise denied reconsideration of the Dismissal Order. The Court incorporates the legal standard for reconsideration set forth in the 6/6/2024 Order. Capitalized terms not defined herein have the meaning assigned to |

them in the Dismissal Order. Plaintiffs again insist that the Entity Defendants were properly served. See DE 59 at 2-3. "Plaintiffs once again fail to persuade that reconsideration is appropriate. Past is prologue for these Plaintiffs. Their instant reconsideration motion is DENIED, like the last one, because it 'contends that the Entity Defendants were properly served as a matter of law--but cites no authority for that conclusion, let alone authority contrary to the Rules and cases cited in the Dismissal Order that confirm the reported service upon the Entity Defendants was insufficient.'" 8/5/2024 Order (quoting 6/6/2024 Order) (brackets omitted).

Third, Plaintiffs ask the Court "to restore" one of their prior summary judgment motions. DE 59 at 3. The Court denied Plaintiffs' three prior summary judgment motions as premature for being filed before the parties undertake discovery. See 3/1/2024 Order; 5/17/2024 Order; 8/5/2024 Order; accord Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986); Elliott v. Cartagena, 84 F.4th 481, 493 (2d Cir. 2023); Berger v. United States, 87 F.3d 60, 65 (2d Cir. 1996). As the Court previously explained to Plaintiffs, discovery "is not a one-way street designed to allow plaintiffs to collect evidence in support of their claims. It is also a mechanism for defendants to accumulate evidence to defend themselves and to test the evidence of their opponents." 8/5/2024 Order (quoting Fioranelli v. CBS Broad., Inc., No. 15-CV-952, 2019 WL 1059993, at *5 (S.D.N.Y. Mar. 6, 2019)). Moreover, the impropriety of summary judgment is compounded by the fact that a dismissal motion is pending. See DE 52.

Although Plaintiffs paid the fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962); see also In re Mergenthaler, No. 19-2562, 2020 WL 762831, at *1 (2d Cir. Jan. 15, 2020) (declining to lift the Second Circuit's filing injunction against Plaintiff Mac Truong because the appeal did "not represent a departure from Truong's pattern of vexatious litigation"); In re Truong, 327 F. App'x 260, 262 (2d Cir. 2009) (explaining that Plaintiff Mac Truong is not entitled to pro se solicitude).

The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiffs at their addresses of record. Ordered by Judge Joan M. Azrack on 11/15/2024. (CB) (Entered: 11/15/2024)