FILED
CLERK
2/24/2025 1:49 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────────X

For Online Publication Only

PETER MERGENTHALER and MAC TRUONG,

                      Plaintiff,

-against-

**ORDER**
2:23-cv-06926 (JMA)(JMW)

JAMES W. ZIMBLER *et al.*,

                      Defendants.
───────────────────────────────────────X

**AZRACK, United States District Judge:**

    Pro se Plaintiffs Plaintiff Peter Mergenthaler and Mac Truong ("Plaintiffs") brought this action against James Zimbler, Harry Zhabilov, Billy Ray Miller, and Charles Cotropia, in addition to Extreme Mobile Coatings Corp., Ltd., Extreme Mobile Coatings Worldwide, Corp., Structural Enhancement Technologies Corporation, Eco-Petroleum Solutions, Inc., Immunotech Laboratories, Inc., Enzolytics, Inc., Biogenysis, Inc., Virogentics, Inc., and JP Morgan Chase Bank, N.A. (collectively "Defendants") alleging violations of the Securities Exchange Act of 1934, as well as Plaintiffs' constitutional due process and property rights. (See Am. Compl., ECF No. 30.) Presently before the Court is Defendants Zhabliov and J.P. Morgan Chase Bank, N.A. ("Moving Defendants") motion to dismiss Plaintiffs' Amended Complaint, and Magistrate Judge James M. Wicks' January 30, 2024, Report and Recommendation ("R&R") that the Court grant dismissal of the Amended Complaint against Moving Defendants in its entirety. (See R&R, ECF No. 62; Def's Mot. Dismiss, ECF No. 52; Am. Compl.) For the reasons stated below, the Court ADOPTS the R&R's conclusion that the Amended Complaint must be dismissed against the Moving Defendants.

1

## I. LEGAL STANDARDS

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see Fed. R. Civ. P. 72(b)(3) (similar). In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C) (emphasis added); see Fed. R. Civ. P. 72(b)(3) (similar); see also United States ex rel. Coyne v. Amgen, Inc., 243 F. Supp. 3d 295, 297 (E.D.N.Y. 2017), aff'd, 717 F. App'x 26 (2d Cir. 2017). By contrast, those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See, e.g., Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008). In the absence of any objections, "the district court need only satisfy itself that there is no clear error on the face of the record." Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd., 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (internal citations omitted). Additionally, "[w]here parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." Smith v. Campbell, 782 F.3d 93, 102 (2d Cir. 2015) (internal citation and quotation marks omitted); see also Phillips v. Long Island R.R. Co., 832 F. App'x 99, 100 (2d Cir. 2021) (same).

## II. DISCUSSION

Plaintiff Mergenthaler objects to various portions of the R&R, while Plaintiff Mac Truong moves to dismiss himself from the case "without prejudice.[1]" (See ECF No. 64; ECF No. 65.) After conducting a de novo review of the full record and applicable law, the Court agrees with

---

[1] Plaintiff Mac Truong requests "an immediate court order dismissing my claim as expressed in the Amended Complaint without prejudice." (ECF No. 65 at 4.) Because, however, the R&R recommends dismissal without prejudice and without leave to amend as to the Moving Defendants (see infra,) the Court construes this motion as a partial objection to the R&R.

2

Judge Wicks' well-reasoned and thorough recommendations. Specifically, the Court adopts Judge Wicks' recommendation that Plaintiff Mac Truong's claims against the Moving Defendants must be dismissed for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1). (See R&R at 15.) Furthermore, the Court adopts Judge Wicks' recommendations that Plaintiff Mergenthaler's claims against the Moving Defendants must be dismissed in their entirety. (See id. at 15-40.)

Additionally, the Court notes that while the R&R recommends that "Plaintiffs' Amended Complaint be dismissed in its entirety with prejudice as against Defendant Zhabilov and Defendant Chase," (R&R at 41) where the Court lacks jurisdiction over Plaintiff's claims, dismissal must be "without prejudice rather than with prejudice." Green v. Dep't of Educ. of City of New York, 16 F.4th 1070, 1074 (2d Cir. 2021) (quoting Carter v. HealthPort Techs., LLC, 822 F.3d 47, 54 (2d Cir. 2016). The R&R, however, is more accurately read to recommend dismissal without prejudice and without leave to amend. (See R&R at 41 n.10 ("While a court may permit a *pro se* plaintiff to amend its complaint a second time to cure pleading deficiencies, this Court will not do so in light of the fact that Plaintiffs had a prior opportunity to amend the complaint, and the amended submission merely duplicates the original pleading and simply adds conclusory federal claims.") (internal quotations and citation omitted.)) The Court therefore construes the R&R as recommending that Plaintiffs' claims be dismissed without prejudice and without leave to amend as to the Moving Defendants. See Harty v. W. Point Realty, Inc., 28 F.4th 435, 445 (2d Cir. 2022) (affirming such a dismissal for lack of jurisdiction and explaining how that result differs from a dismissal with prejudice).

Finally, the Court GRANTS Plaintiff Mac Truong's request to be dismissed without prejudice from the remainder of this action.

### III. CONCLUSION

Accordingly, the Moving Defendants' motion to dismiss the Amended Complaint is GRANTED, and the claims against them are DISMISSED WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND. Furthermore, Plaintiff Mac Truong is DISMISSED WITHOUT PREJUDICE as a Plaintiff in this action. The Clerk of Court is respectfully directed to close ECF Nos. 52, 62, 64, and 65 and update the caption accordingly.

**SO ORDERED.**

Dated: February 24, 2025
Central Islip, New York

                                              /s/ JMA
                                          JOAN M. AZRACK
                                          UNITED STATES DISTRICT JUDGE