| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------------------X<br>PETER MERGENTHALER,<br>                              Plaintiff,<br><br>      -against-<br><br>JAMES W. ZIMBLER, *et al.*,<br><br>                              Defendants.<br>-----------------------------------------------------------------------X | For Online Publication Only<br><br>**MEMORANDUM & ORDER**<br>23-CV-6926(JMA)(JMW)<br><br>**FILED**<br>**CLERK**<br><br>4/1/2025 2:52 pm<br><br>U.S. DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>LONG ISLAND OFFICE |

**AZRACK, United States District Judge:**

Before the Court is the application of plaintiff Peter Mergenthaler ("Mergenthaler") seeking leave to appeal in forma pauperis ("IFP") from the February 24, 2025 Order of this Court adopting the January 30, 2025 Report and Recommendation ("R&R") of Magistrate Judge James M. Wick's granting the dismissal of the Amended Complaint as against the Moving Defendants[1] in its entirety. (See IFP App., ECF No. 69; Order, ECF No. 66; R&R, ECF No. 62; Mot. to Dismiss, ECF No. 52; Am. Compl., ECF No. 30.) For the reasons that follow, the application to proceed IFP is denied.

Rule 24(a)(1) of the Federal Rule of Appellate Procedure provides, in relevant part, that:[2]

> [A] party to a district-court action a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. The party must attach an affidavit that:
>
> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
> (B) claims an entitlement to redress; and
>
> (C) states the issues that the party intends to present on appeal.

---

[1] Harry Zhabliov and J.P. Morgan Chase Bank, N.A. filed a Motion to Dismiss the Amended Complaint and are the "Moving Defendants." (See ECF No. 52.)

[2] Given that Mergenthaler paid the filing fee when he commenced this action, Rule 24(a)(3) of the Federal Rules of Appellate Procedure is not applicable. (See ECF Nos. 16-17.)

Fed. R. App. P. 24(a)(1)(a)-(c). The decision to grant an IFP motion is within the discretion of the district court. See, e.g., Sagy v. Am. Bankers Ins. Co. of Fla., No. 20-CV-4199, 2023 WL 5306567, at *1 (E.D.N.Y. May 23, 2023).

Here, Mergenthaler has not complied with these requirements. First, the IFP application submitted by Mergenthaler does not demonstrate an inability to pay. (See ECF No. 69.) Mergenthaler reports monthly household income in the total sum of $1,940.00 and has omitted a response to the critical question: "How much cash do you and your spouse have?" (Id. ¶¶ 1, 4.) Although Mergenthaler provides a residential address and telephone number, he wrote "0" in the space that calls for the estimated monthly expenses for items including "Utilities (electricity, heating fuel, water, sewer, and telephone)." (Id. ¶ 8.) Curiously, Mergenthaler reports ownership of a 2021 Range Rover Discovery that he values at $2,000 yet reports "0" in the space the calls for motor vehicle insurance. (Id. ¶¶ 5, 8.) Given that Mergenthaler's responses raise more questions than they answer, the Court cannot reasonably find that he qualifies to proceed IFP. Because Mergenthaler does not appear blocked by his financial position from pursuing his appeal but, rather, has "to weigh the financial constraints posed if he pursues [his position] against the merits of his case, then a court properly exercises its discretion to deny the application." Brooks v. Aiden 0821 Capital LLC, No. 19-CV-6823, 2020 WL 4614323, at *5 (E.D.N.Y. July 22, 2020) (quoting Fridman v. City of New York, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002)); see also Wrenn v. Benson, 490 U.S. 89, 90 n. 4 (1989) (per curiam) (denying leave to proceed IFP based on review of information contained in the supporting affidavit of indigency) (internal quotation marks omitted).

Moreover, even if Mergenthaler had made an adequate showing of indigence, he has not "identifie[d] with reasonable particularity the claimed errors which will be the basis for the appeal." Maitland v. Target Corp., No. 20-CV-3892, 2024 WL 1468173, at *1 (E.D.N.Y. Mar. 15, 2024) (quoting United States v. Farley, 238 F.2d 575, 576 (2d Cir. 1956)). "This requirement has been

strictly applied where it 'hinders the district court's task of determining whether an appeal is taken 'in good faith.'" Sagy, 2023 WL 5306567, at *1 (quoting Frias v. U.S., Nos. 09-CV-2537, 01-CR-307, 2011 WL 832903, at *2 (S.D.N.Y. Mar. 4, 2011) (citing Farley, 238 F.2d 575 at 576 (interpreting 28 U.S.C. § 1915 to conclude that "an application for leave to appeal *in forma pauperis* will have sufficient substance to warrant consideration only if . . . it identifies with reasonable particularity the claimed errors which will be the basis for the appeal.")).

Here, Mergenthaler identified his issues on appeal as

> Defendants Chase and Zhabilov filed a joint 12(b) motion to dismiss Plaintiffs' amended complaint for lack of subject-matter jurisdiction and/or for Mac Truong's lack of standing to sue. By the Order being appealed, the Court dismissed Plaintiffs' amended complaint WITHOUT PREJUDICE, and WITHOUT LEAVE TO AMEND, and dismissed without prejudice Mac Truong from the case upon his motion. Because the order is confusing, Appellant files this appeal to preserve my right to continue with y original complaint against Chase and Zhabilov without co-plaintiff Mac Truong. In addition to my right to apply for default judgments against all other defendants having failed to answer my original complaint or move to dismiss.

(ECF No. 68 at 2; ECF No. 69 at 1.)  As is readily apparent, Mergenthaler has not articulated any errors committed by the Court, much less with "reasonable particularity."  See Fed. R. App. P. 24(a)(1); Second Circuit Local Rule 24.1[3]; see also Garcia v. Paylock, No. 13-CV-2868, 2014 WL 1365478 (E.D.N.Y. Apr. 7, 2014) (denying motion to proceed IFP where plaintiff/appellant failed to identify particular parts of the decision that he would challenge).  Nonetheless, the Court has reviewed the record.  Based upon that review, the Court certifies that this appeal is not taken in good faith. See 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken *in forma pauperis* if the trial court

---

[3] See http://www.ca2.uscourts.gov/clerk/case_filing/rules/title6/local_rule_24_1.html ("A motion for leave to appeal in forma pauperis . . . must include . . . a statement that identifies the relevant facts and makes a showing of likely merit as to each issue the appellant intends to present on appeal.").

certifies in writing that it is not taken in good faith."). Accordingly, Mergenthaler's motion to proceed IFP (ECF No. 69) is denied.

Pursuant to Rule 24(a)(4) of the Federal Rules of Appellate Procedure, the Clerk of the Court shall "immediately notify the parties and the [United States] [C]ourt of [A]ppeals [for the Second Circuit]" of this decision. In accordance with Rule 24(a)(5) of the Federal Rules of Appellate Procedure, any further request to proceed IFP should be directed to the United States Court of Appeals for the Second Circuit "within 30 days after service of the notice" of this Order. Fed. R. App. P. 24(a)(5).

The Clerk of Court is respectfully directed to mail a copy of this Order to Mergenthaler at his address of record and to record such service on the docket.

**SO ORDERED.**
 Dated:   April 1, 2025
          Central Islip, New York

>                              (/s/ JMA)
>                          JOAN M. AZRACK
>                    UNITED STATES DISTRICT JUDGE