

July 1, 2025

**<u>Via ECF</u>**
Hon. Joan M. Azrack, U.S.D.J.
United States District Court for the Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

**Re:** *Mergenthaler v. Zimbler, et al.* **(Civil Action 2:23-cv-06926-JMA-JMW)**

Dear Judge Azrack:

Undersigned counsel represents defendant, Mr. Charles Cotropia ("Mr. Cotropia") in this action. On behalf of Mr. Cotropia, we respectfully request a pre-motion conference regarding Mr. Cotropia's anticipated motion to dismiss the Amended Complaint filed by Peter Mergenthaler ("Mergenthaler") for the following reasons.[1]

## I. <u>Mr. Cotropia Has Never Been Served.</u>

Mr. Cotropia requests dismissal of the Amended Complaint for insufficient process pursuant to FRCP 12(b)(5) as Mr. Cotropia has not been properly served with the Amended Complaint in this action. "When a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." *Lim Tung v. Deutsche Bank Tr. Co.*, No. 19-CV-5445 (RPK) (SJB), 2022 WL 471907, at *4 (E.D.N.Y. Jan. 11, 2022) (*quoting Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010)).

On April 18, 2024 (ECF Doc. No. 34), Plaintiff filed what Plaintiff purported to be affirmations of service by process server Robert Baker. As to Mr. Cotropia, the process server, identified in the proof of service as "Robert Baker, Plaintiff Mergenthaler's close friend", stated that the summons was left at Mr. Cotropia's residence on April 12, 2024 with "Jane Doe." The proof of service does not identify where that address was effectuated. The summons indicates that the address used for Mr. Cotropia was 1101 Raintree Circle, Ste 130, Allen, TX 75013. This is not and has *never been* Mr. Cotropia's address. Moreover, on April 12, 2024, Mr. Cotropia was not an officer, director, employee, advisor or representative of Enzolytics, Inc. and held no position with Enzolytics, Inc. Accordingly, Mr. Cotropia has never been served in this action. Moreover, Plaintiff's 90-day deadline to serve Mr. Cotropia pursuant to FRCP 4(m) since the April 15, 2024 filing of the Amended Complaint has long expired. Accordingly, Mr. Cotropia requests dismissal of the Amended Complaint for insufficient service of process.

---

[1] Mac Truong was dismissed as a Plaintiff as to all claims pursuant to this Court's February 24, 2025 order. (ECF Doc. No. 66).

## II. Mr. Cotropia Requests Dismissal for Lack of Personal Jurisdiction.

The Amended Complaint should also be dismissed for lack of personal jurisdiction pursuant to FRCP 12(b)(2). Plaintiff bears the burden of demonstrating personal jurisdiction over a defendant. *Penguin Grp. (USA), Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010). There are two ways by which courts within New York can exercise personal jurisdiction over a non-resident defendant: general jurisdiction or specific jurisdiction. *Friedman v Univest Natl. Bank & Trust Co.*, 2023 US Dist LEXIS 125549, at *4 (EDNY July 19, 2023, No. 22-CV-3858 (WFK) (SJB)). General jurisdiction is governed by N.Y, C.P.L.R. § 301, and specific jurisdiction is governed by N.Y. C.P.L.R. § 302. *Id.*

First, the Court lacks general jurisdiction over Mr. Cotropia, who is a non-resident of New York, has no offices in New York, does not maintain employees in New York, and possesses no property in New York. Plaintiff does not allege any particular facts to confer this Court's general jurisdiction over Mr. Cotropia. Further, the Amended Complaint does not identify any fact to support the exercise of specific jurisdiction over Mr. Cotropia. Plaintiff merely alleges that the purported conspiracy occurred "all over the world and hence also in New York." (Amended Complaint, ¶4). This vague assertion does not meet Plaintiff's burden to establish this Court's personal jurisdiction over Mr. Cotropia.

## III. Plaintiff Has Filed This Action in an Improper Venue.

Mr. Cotropia will request dismissal of the Amended Complaint for improper venue pursuant to FRCP 12(b)(3). To survive a motion to dismiss for improper venue, Plaintiff must make a prima facie showing jurisdiction exists, which, as set forth supra, Plaintiff cannot. *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001); *see also Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005); *Rothstein v. Carriere*, 41 F. Supp. 2d 381, 386 (E.D.N.Y. 1999) (Gershon, J.). Venue is proper in a chosen forum if: (1) at least one defendant resides in the district and all the defendants reside in the same state in which the district is located; (2) a "substantial part" of the events giving rise to the claim occurred in the district; or (3) a defendant is subject to personal jurisdiction in the district and "there is no district in which an action may otherwise be brought." 28 U.S.C. § 1391(b). Plaintiff cannot establish any of the foregoing elements with respect to Mr. Cotropia. Accordingly, venue in the Eastern District of New York is improper.

## IV. Plaintiff's Claim Under the Securities and Exchange Act of 1934 Fails.

Mr. Cotropia will request dismissal of Plaintiff's claims for failure to state a claim pursuant to FRCP 12(b)(6). Plaintiff does not state a claim under a provision of the Securities and Exchange Act of 1934 that provides a plaintiff a private right of action. While certain sections of the Securities and Exchange Act of 1934 afford a plaintiff a private right of action, others do not. *See Metzner v. D.H. Blair & Co, Inc.*, 663 F. Supp. 716 (S.D.N.Y. 1987) (noting that Sections 7(c) and (d) do not provide private right of

action); *Manning v. Smith Barney, Harris Upham & Co. Inc.*, 828 F. Supp. 256 (S.D.N.Y. 1993). Even if Plaintiff claimed violation of Section 10(b), which does permit a private right of action, there are no allegations that would meet the essential elements of such a claim. *See Department of Economic Development v. Arthur Andersen & CO. (USA)*, 739 F. Supp. 804 (S.D.N.Y. 1990).

### V. <u>Plaintiff Cannot Assert Claims Based on Purported Constitutional Claims Against Moving Defendants.</u>

Mr. Cotropia will also request dismissal of Plaintiff's claims for failure to state a claim pursuant to FRCP 12(b)(6) due to the fact that Plaintiff cannot assert claims alleging purported constitutional violations against Mr. Cotropia, a private individual. "A threshold requirement of plaintiff's constitutional claims is a demonstration that in denying plaintiff's constitutional rights, the defendant's conduct constituted state action." *Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 206 (2d Cir. 1999); *Futia v. Roberts*, 2023 WL 8237246, at *8 (S.D.N.Y. Nov. 28, 2023).

Accordingly, Mr. Cotropia respectfully requests a pre-motion conference so that he may file a dispositive motion to dismiss the Amended Complaint.

Respectfully submitted,

*/s/ Antranig Garibian*

ANTRANIG GARIBIAN

cc:  All Counsel of Record *(via e-filing)*
     Peter Mergenthaler *(via overnight mail)*

