FILED
CLERK
10:31 am, Sep 24, 2026
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

PETER MERGENTHALER,

Plaintiff,

-against-

JAMES W. ZIMBLER et al.,

Defendants.

**MEMORANDUM & ORDER**
23-cv-06926 (JMA) (JMW)

**AZRACK, United States District Judge:**

Pro se plaintiffs Peter Mergenthaler and Mac Truong brought this action against defendants James Zimbler, Harry Zhabilov, Billy Ray Miller, Charles Cotropia, Extreme Mobile Coatings Corp., Ltd., Extreme Mobile Coatings Worldwide, Corp., Structural Enhancement Technologies Corporation, Eco-Petroleum Solutions, Inc., Immunotech Laboratories, Inc., Enzolytics, Inc., Biogenysis, Inc., Virogentics, Inc., and JP Morgan Chase Bank, N.A. ("Chase"), (together, "Defendants"), alleging violations of the Securities Exchange Act of 1934, as well as Plaintiffs' constitutional due process and property rights. (See Am. Compl., ECF No. 30.)

Presently before the Court is Defendant Charles Cotropia's motion to dismiss Plaintiff Mergenthaler's Amended Complaint.[1] (See ECF No. 83.) Cotropia seeks dismissal of the Amended Complaint on multiple grounds, including improper service pursuant to Fed. R. Civ. P. 12(b)(5), lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), improper venue pursuant to Fed. R. Civ. P. 12(b)(3), and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (See ECF No. 83-1.) Mergenthaler opposes. (See ECF No. 83-4.) Mergenthaler has also filed a

[1] Mac Truong was dismissed as a Plaintiff as to all claims pursuant to this Court's February 24, 2025 order. (ECF No. 66.)

"motion to compel" seeking to declare this Court's February 24, 2025 Order as a final or appealable order, or alternatively, "reversing" the Court's dismissal of two defendants—Harry Zhabilov and Chase—pursuant to that Order. (ECF No. 84; see ECF No. 66 (Feb. 24, 2025 Order).) Chase opposes Mergenthaler's motion. (ECF No. 85.) For the reasons stated below, the Court GRANTS Cotropia's motion to dismiss the Amended Complaint and DENIES Mergenthaler's motion to compel.

## I. BACKGROUND

### A. Relevant Facts

The facts set forth herein are taken from the Amended Complaint, documents incorporated by reference in or integral to that pleading, and matters of which the Court may take judicial notice. See Clark v. Hanley, 89 F.4th 78, 93 (2d Cir. 2023).

Plaintiff Peter Mergenthaler is an 85-year-old blind man and, along with Plaintiff Mac Truong, a former attorney who has since been disbarred, commenced this action to recover shares Mergenthaler once had in his corporation, Falcon Media Shares Ltd. ("Falcon"). (Am. Compl. ¶¶ 26–30; see Compl., ECF No. 1.) Specifically, the Amended Complaint alleges that in 2008, Defendant James Zimbler contracted with Mergenthaler to acquire Falcon shares from Mergenthaler for $650,000. (Am. Compl. ¶ 27.) However, before Zimbler paid the full price, he allegedly filed an application with the Securities and Exchange Commission ("SEC") to merge the Falcon Shares with an entity he owned, Extreme Mobile Coatings Corp. Ltd. (Id.) Over the next several years, the ownership and name of Extreme Mobile Coatings Corp. Ltd. changed several times, and it was eventually acquired by Defendant Harry Zhabilov in 2016, and subsequently, by Defendant Enzolytics, Inc., an entity owned and controlled by Zhabilov. (Id. ¶¶ 28–32.) On July 11, 2023, Defendant Enzolytics purportedly entered into a letter of intent by which it would be

sold to two European subsidiaries, Biogenysis, Inc. and Virogentics, Inc., in a transaction valued at $450 million. (Id. at ¶ 33.)

As it relates to Cotropia, the Amended Complaint alleges that Cotropia is a client of another defendant, "financial consultant" Billy Ray Miller, and "the CEO and Chairman of Enzolytics, Inc.," as well as various other corporate defendants. (Id. ¶ 16–19.) The Amended Complaint does not include any allegations specific to Cotropia, but it alleges that all the Defendants acted in concert to unlawfully convert Mergenthaler's Falcon shares and fraudulently register them under the name of Enzolytics, Inc. (Am. Compl. ¶ 22.) The Amended Complaint asserts one cause of action against all Defendants their "illegal violation of Plaintiffs' federal rights under the 1934 Security Exchange Act and in violation of Plaintiffs' Constitutional rights to due process and property," seeking to recover $450,000,000 in damages. (Id. at ¶ 38.)

**B. Procedural History**

The Complaint was filed on August 8, 2023 in the United States District Court for the Southern District of New York, but was transferred to this District on September 8, 2023 because Defendant Zimbler resided in, and several corporate Defendants were based out of, Suffolk County. (ECF No. 5.)

On March 1, 2024, after Plaintiffs had failed to effectuate service within the 90 days required under Federal Rule of Civil Procedure 4(m), this Court sua sponte extended the service deadline to April 15, 2024, warning Plaintiffs that failure to timely serve Defendants could result in their dismissal from the action. (Order dated March 1, 2024; see Fed. R. Civ. P. 4(m).) On March 21, 2024, the Court issued an Order to Show Cause directing Plaintiffs to either show cause why the action should not be dismissed for "(1) lack of jurisdiction over the claims seeking damages and a court ordered criminal investigation based on the identified criminal statutes; and

(2) failure to state a claim for any Constitutional violations" or to file an amended complaint and serve it upon Defendants by April 4, 2024. (Order dated March 21, 2024.) After Plaintiffs failed to respond to the March 21, 2024 Order, the Court issued another order extending the deadline to respond and warning Plaintiffs that failure to timely file their response may lead to dismissal for failure to prosecute. (Order dated April 11, 2024.) Plaintiffs subsequently filed their Amended Complaint on April 15, 2025. (ECF No. 30.)

On April 17, 2024, the Court directed the Clerk of Court to dismiss the action pursuant to Federal Rule of Civil Procedure 4(m) for untimely service of process. (Order dated April 17, 2024.) The following day, after several summonses were returned executed, the Court directed the Clerk of Court to reopen the case. (Order dated April 18, 2024.)

Plaintiffs filed proofs of service on April 17 and April 18, 2024. (ECF Nos. 33-34). Rosemary Mergenthaler, Plaintiff Mergenthaler's wife, reportedly served Defendants James W. Zimbler, Extreme Mobile Coatings Corp, Ltd., Extreme Mobile Coatings Worldwide, Corp., Structural Enhancement Technologies Corporation, Eco-Petroleum Solutions, Inc., and Chase on April 12, 2024. (ECF No. 33.) Robert Baker, Plaintiff Mergenthaler's friend, reportedly served Defendants Harry Zhabilov, Billy Ray Miller, Immunotech Laboratories, Inc., Charles Cotropia, Enzolytics, Inc., Biogenysis, Inc., and Virogentics, Inc on April 12, 2024. (ECF No. 34.)

On April 20, 2024, this Court further directed Plaintiffs to show cause why the case should not be dismissed for failure to timely and properly serve Defendants, requiring Plaintiffs to include details pertaining to the service purportedly made upon Defendants by Rosemary Mergenthaler and Robert Baker. (ECF No. 36.) Plaintiffs filed their affidavits in response on April 29, 2024 (ECF No. 37.) On May 14, 2024, the Court dismissed Defendants Extreme Mobile Coatings Corp, Ltd., Extreme Mobile Coatings Worldwide, Corp., Structural Enhancement Technologies

Corporation, Eco-Petroleum Solutions, Inc., Defendants Immunotech Laboratories, Inc., Enzolytics, Inc., Biogenysis, Inc., and Virogentics, Inc. for being improperly served because the summons and complaint were either left with "an unidentified housekeeper" or with a receptionist at a corporate office with no managerial authority, failing to comply with Fed. R. Civ. P. 4(m). (See Order dated May 14, 2024.)

Plaintiffs repeatedly sought reconsideration of the dismissal decision, which the Court denied, reasoning that service was insufficient and Plaintiffs cited no authority that their service was adequate. (See, e.g., ECF Nos. 44, 59; Orders dated June 6, 2024 & August 5, 2024.)

On August 26, 2024, Defendants Zhabliov and Chase filed a joint motion to dismiss Plaintiffs' Amended Complaint. (ECF No. 52.) On January 30, 2025, Magistrate Judge James M. Wicks issued a Report and Recommendation (the "R&R") that recommended dismissal of the Amended Complaint against Zhabilov and Chase in its entirety, reasoning that (1) Zhabilov and Chase had not been properly served, (2) the Court lacked personal jurisdiction over them, (3) Plaintiffs failed to state a claim under the Securities Exchange Act, and (4) the state action doctrine barred any constitutional claims Plaintiffs asserted. Mergenthaler v. Zimbler, No. 2:23-cv-06926, 2025 WL 1358518, at *11 (E.D.N.Y. Jan. 30, 2025), report and recommendation adopted as modified, No. 2:23-cv-06926, 2025 WL 591125 (E.D.N.Y. Feb. 24, 2025). Judge Wicks also recommended that Truong's claims be dismissed for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1). (See id.) Truong subsequently moved to dismiss himself from the case "without prejudice." (See ECF No. 64; ECF No. 65.) In a February 24, 2025 order, this Court adopted the R&R's conclusion that the Amended Complaint be dismissed against Zhabilov and Chase. (ECF No. 66.) In the same Order, the Court granted Truong's request to be dismissed as a plaintiff as to all claims. (Id.)

On June 9, 2025, Mergenthaler moved for summary judgment against the three remaining defendants—Charles Cotropia, Billy Ray Miller, and James Zimbler—none of whom had yet appeared in the case. (ECF No. 72.) Mergenthaler also purported to request certificates of default with respect to those three defendants. (Id.) On June 23, 2025, the Court issued an Order denying Mergenthaler's motion without prejudice, finding that his requests for certificates of default failed to comply with Local Civil Rule 55.1, and setting a deadline of July 25, 2025 for Mergenthaler to request an entry of default in compliance with the Local Rules. (See Order dated 6/23/2025.)

On July 1, 2025, Defendant Charles Cotropia filed a letter motion for a pre-motion conference for his anticipated motion to dismiss the Amended Complaint. The Court waived the pre-motion conference requirement, and on December 4, 2025, Cotropia filed the fully briefed motion.[2] (See ECF No. 83.) On December 23, 2025, Mergenthaler filed a "motion to compel" seeking to declare this Court's February 24, 2025 Order dismissing Chase and Zhabilov as defendants as a final and appealable Order or, in the alternative, "vacating" that dismissal and granted summary judgment in Mergenthaler's favor. (See ECF No. 84.)

## II. DISCUSSION

Cotropia makes four arguments for why the Complaint should be dismissed: (1) he was never properly served; (2) the Court lacks either general or specific jurisdiction over him, (3) Mergenthaler filed this action in an improper venue, and (4) Mergenthaler fails to state a plausible claim under the Securities Exchange Act of 1934. (See ECF No. 83-1 ("Def. Mem.").) Each warrants dismissal, but in an abundance of caution, the Court addresses all four grounds. The Court's analysis is similar to Judge Wicks's analysis in his R&R finding that dismissal of

---

[2] As an exhibit to his opposition to the motion to dismiss, Mergenthaler attaches the motion for summary judgment that he previously filed with the Court on June 9, 2025. (See ECF No. 83-5.) To the extent Mergenthaler purports to renew his June 9, 2025 motion, the Court denies the motion without prejudice for reasons stated in its June 23, 2025 Order.

defendants Zhabilov and Chase was warranted on each of these four grounds, which this Court adopted in full. See Mergenthaler, 2025 WL 1358518 at *7–19. That legal analysis and reasoning also warrants, for substantially similar reasons, dismissing the Complaint against Cotropia on the same four grounds.

**A. Insufficient service of process pursuant to Rule 12(b)(5)**

Service of process of an individual within a judicial district of the United States is made pursuant to Rule 4(e), which provides:

> (e) Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law[3] for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

"When a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." Dickerson v. Napolitano, 604 F.3d 732, 740 (2d Cir. 2010) (internal

---

[3] C.P.L.R. § 308, the New York equivalent to F.R.C.P. 4, states, in relevant part, that process may be served through either: (1) delivering the summons within the state to the person to be served; (2) "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business . . . ." (3) by delivering the summons within the state to the agent for service of the person. Valle v. GDT Enters., No. 19-cv-797, 2020 WL 435295, at *2 (E.D.N.Y. Jan. 28, 2020) (citing C.P.L.R. § 308).

alterations and quotation marks omitted). In considering a challenge to the sufficiency of service on a Rule 12(b)(5) motion, the Court "must look to matters outside the complaint to determine whether it has jurisdiction." Mende v. Milestone Tech., Inc., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003). As relevant here, "[t]he Second Circuit has held that when district courts decide whether to dismiss a complaint for failure of proper service, 'pro se plaintiffs should be granted special leniency.'" Cherry v. New York City Hous. Auth., No. 15-cv-6949, 2017 WL 4357344, at *12 (E.D.N.Y. Sept. 29, 2017) (citing Thrall v. Cent. N.Y. Reg'l Trans. Auth., 399 F. App'x. 663, 666 (2d Cir. 2010)). However, "[d]espite this leniency afforded, a pro se plaintiff must still meet the basic statutorily prescribed methods for serving process." Mergenthaler, 2025 WL 1358518, at *11; see, e.g., Dr. Muhammad v. Annucci, No. 19-cv-3258, 2023 WL 2908658, at *3 (S.D.N.Y. Feb. 27, 2023) (dismissing a pro se action for insufficient service of process and reasoning that "a plaintiff's pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law") (cleaned up).

Here, Cotropia seeks dismissal of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient process upon him. (ECF No. 83-1 at 8–11.) In his affidavit in support of his motion to dismiss, Cotropia affirms that he was "never personally served with any of the pleadings in this lawsuit, nor . . . authorize[d] anyone to accept service of any pleadings on my behalf." (Cotropia Aff., ECF No. 83-2 ¶ 10; see Def. Mem. at 10–11.) Cotropia also affirms that the address indicated on the summons used to serve him—1101 Raintree Circle, Ste 130, Allen, TX 75013—"is not" and "has never been my address," and that as of the date of service, he held no position with Enzolytics, Inc. (purportedly located at that address). (Cotropia Aff. ¶ 12; see Am. Compl. ¶¶ 13, 16–18.) In opposition, Mergenthaler contends, in conclusory fashion, that Cotropia was "aware" of the lawsuit and that service was "valid as a matter of law."

(ECF No. 83-4, Pl. Aff. ¶¶ 31–36.)

The Court agrees with Cotropia that Mergenthaler has failed to bear his burden of effectuating proper service upon him. In Mergenthaler's additional submission regarding service, (ECF No. 37), which the Court directed he provide on April 20, 2024, Robert Baker, Mergenthaler's process server assigned to Cotropia, declares that he spoke with a receptionist at the 1101 Raintree Circle address who told him Cotropia was "out of town." (ECF No. 37 at ¶ 4.) Baker then requested to leave a notice of summons for Cotropia and "for his corporations and/or partners," to which the receptionist agreed. (Id.) Initially, service fails to comply with Federal Rule of Civil Procedure 4(c)(1), which requires that "[a] summons be served with a copy of the complaint," as Baker states that he only gave the receptionist a copy of the summons, and nothing in the record indicates Cotropia was served with the complaint. Moreover, service fails to comply with any of the permitted methods for serving an individual under Federal Rule of Civil Procedure 4(e). First, Cotropia was clearly not personally served, as he was not present when Baker delivered the papers. See Fed. R. Civ. P. 4(e)(1)(A). Second, Mergenthaler failed to establish that the location where Baker served the receptionist was Cotropia's "dwelling or usual place of abode," nor has he shown that the receptionist was an individual "residing" at this address for purposes of lawfully receiving process. See Fed. R. Civ. P. 4(e)(1)(B). Third, Cotropia explicitly affirmed that the receptionist was not an agent authorized to accept service on his behalf. (Cotropia Aff. ¶ 10); see Fed. R. Civ. P. 4(e)(1)(C).

Even if Mergenthaler attempted to comply with state law, "serving a receptionist does not qualify as sufficient service upon an individual under New York law." Mergenthaler, 2025 WL 1358518, at *11 (citing Johnson v. Quik Park Columbia Garage Corp., No. 93-cv-5276, 1995 WL

258153, at *1–2 (S.D.N.Y. May 2, 1995); see C.P.L.R. § 308(3).[4]

In sum, because Mergenthaler has failed to sufficiently serve Cotropia under Rule 4, the Amended Complaint should be dismissed against him pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process.

**B. Lack of personal jurisdiction pursuant to Rule 12(b)(2)**

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden to make a prima facie showing that the court possesses personal jurisdiction over the defendant. V&C Collection, LLC v. Guzzini Props. Ltd., 46 F.4th 127, 131 (2d Cir. 2022)). "A complaint will survive a motion to dismiss for want of personal jurisdiction so long as its allegations, taken as true, are 'legally sufficient allegations of jurisdiction.'" Troma Ent., Inc. v. Centennial Pictures Inc., 729 F.3d 215, 217 (2d Cir. 2013) (quoting Penguin Grp. (USA) Inc. v. Am. Buddha, 609 F.3d 30, 35 (2d Cir. 2010)). However, a "prima facie showing of jurisdiction does not mean that plaintiff must show only some evidence that defendant is subject to jurisdiction; it means that plaintiff must plead facts which, if true, are sufficient in themselves to establish jurisdiction." Tamam v. Fransabank Sal, 677 F. Supp. 2d 720, 725 (S.D.N.Y. 2010) (internal quotation marks and citation omitted).

Although pro se pleadings are to be read with "special solicitude", a pro se plaintiff nonetheless must still provide a basis for the Court's exercise of personal jurisdiction over a defendant. See Weijie Weng v. Does, No. 22-cv-7082, 2023 WL 6214876, at *3 (S.D.N.Y. Sept. 25, 2023). Conclusory and vague allegations within a pro se plaintiff's complaint, ones that do

[4] Mergenthaler has also failed to prove that service complied with C.P.L.R. § 308(2), which provides that service can be completed by "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business . . . of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business." There is nothing in the record that indicates that the summons was mailed to Cotropia at either his last known residence or his business address.

not establish any personal connection between a defendant and the forum state, are insufficient to meet even this more liberal standard. See id.

Cotropia argues that the Amended Complaint should be dismissed because the Court lacks either general or specific jurisdiction over him. (Def. Mem. at 11–22.) Because Mergenthaler fails to state a valid claim under the Securities Exchange Act of 1934, see infra, the nationwide service of process provided for under Section 27 of that Act is inapplicable here. Mergenthaler, 2025 WL 1358518 at *8; see, e.g., Mariash v. Morrill, 496 F.2d 1138, 1142 (2d Cir. 1974) (explaining that Section 27's nationwide service authorizes "nationwide service of process on any individual named in the complaint, provided, of course, the complaint states a claim under the 1934 Act."). Because the nationwide service provision does not apply, the Court looks to New York law for determining personal jurisdiction over Cotropia in New York. See, e.g., Mergenthaler, 2025 WL 1358518 at *8 (citing Mortg. Funding Corp. v. Boyer Lake Pointe, LLC, 379 F. Supp. 2d 282, 286 (E.D.N.Y. 2005)).

As this Court concluded with respect to defendant Zhabilov, see id. at *8–*10, the Court concludes that there is no basis under New York law for exercising either specific or general jurisdiction over Cotropia. Just like Zhabilov, Cotropia is a Texas resident—so is not "at home" in New York—and according to his affidavit, has no physical presence in New York and does not conduct business in New York. (Cotropia Aff. ¶¶ 4–9.) There is similarly no basis for the Court to exercise specific jurisdiction over Cotropia, because Mergenthaler has alleged no facts to establish that Cotropia has any contacts with New York or that the claim arose from those contacts (and indeed, has alleged no facts specific to Cotropia's involvement in the alleged conspiracy at all). Mergenthaler cites nothing to counter Cotropia's statements in his affidavit that he does not do business in New York and has no property, offices, employees, bank accounts, or presence in

New York. (Cotropia Aff. ¶¶ 5–9.) The closest the Amended Complaint comes to alleging any contacts Cotropia has with New York is an assertion that Enzolytics, Inc.—of which Cotropia is purportedly the CEO and Chairman—is the "successor-in-interest" to a "former New York Corporation." (Am. Compl. ¶ 17.) That is plainly insufficient to show that Cotropia "regularly and consistently engaged in any business in New York" to create a basis for specific jurisdiction. Shultz v. Safra Nat'l Bank, 377 Fed. App'x 101, 103 (2d Cir. 2010); see, e.g., Gaines v. Dickerson, No. 15-cv-7173, 2016 WL 1529896, at *2 (E.D.N.Y. Apr. 14, 2016) (dismissing for lack of specific jurisdiction where the complaint failed to allege the defendant "transacts any business in the state, owns any property here, or has any other contacts with or connections to New York" and plaintiffs "did not provide any facts or evidence connecting the defendant to New York in any way").

Therefore, the Amended Complaint should be dismissed against Cotropia for lack of personal jurisdiction.

**C. Additional Bases for Dismissal**

Cotropia also moves for dismissal of the Amended Complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), and for failure to state a claim under the Securities Exchange Act of 1934 or under the Constitution pursuant to Federal Rule of Civil Procedure 12(b)(6). (Def. Mem. 18–28.) The Court agrees with Cotropia on both grounds and adopts Judge Wicks's comprehensive reasoning in dismissing the Amended Complaint as against Chase and Zhabilov, which applies in equal force here. See Mergenthaler, 2025 WL 1358518 at *13–18 (finding that the Amended Complaint should be dismissed for improper venue because Plaintiffs had "failed to prove that any defendant is present in this District, any defendant resides in this District, any business is transacted through this District, or any violation occurred in this District,"

and finding it should also be dismissed for failure to state a claim because "Plaintiffs' imprecision and failure to delineate which provision of the securities law Defendants violated plainly fails to meet Rule 8's pleading standard" and Plaintiffs "failed to carry their burden in establishing that Moving Defendants were acting on behalf of the State or in a capacity other than as private citizens and entities, thereby not entitling them to relief for a purported constitutional violation.").

Mergenthaler offers no response to Cotropia's arguments or to the R&R's analysis on these points. Instead, he merely asserts, baselessly and without specification, that Cotropia's arguments "are meritless and frivolous" and that his Amended Complaint meets the "'plausibility standard set by the Supreme Court." (Pl. Aff. ¶¶ 36, 42.) Thus, Mergenthaler has failed to show any reason why the Amended Complaint should not be dismissed.[5]

Therefore, the Amended Complaint should be dismissed without prejudice for lack of jurisdiction.[6] Moreover, although the dismissal is without prejudice, the Court declines to grant Mergenthaler leave to amend the Amended Complaint. See Mergenthaler, 2025 WL 1358518 at *19 n. 10 ("[W]hile a court may permit a pro se plaintiff to amend its complaint a second time to cure pleading deficiencies, this Court will not do so in light of the fact that Plaintiffs had a prior opportunity to amend the complaint, and the amended submission merely duplicates the original pleading and simply adds conclusory federal claims."); 2025 WL 591125 at *2 (construing the R&R as recommending "dismissal without prejudice and without leave to amend").

---

5 Mergenthaler also claims that Cotropia's motion is untimely, citing the fact that Cotropia's summons was returned executed on April 18, 2024, stating a deadline to answer by May 3, 2024. (See Pl. Aff. ¶ 32.) Because Mergenthaler never properly served Cotropia, his motion to dismiss cannot be time-barred. See, e.g., Bridgewater v. Taylor, 832 F. Supp. 2d 337, 346 (S.D.N.Y. 2011). Moreover, the Court "may sua sponte consider motions to dismiss for lack of jurisdiction at any time." Dudley v. Soc. Sec. Admin., No. 3:23-cv-00705, 2024 WL 3845758, at *5 (D. Conn. Aug. 16, 2024) (citing Fed. R. Civ. P. 12(h); Gonzalez v. Thaler, 565 U.S. 134, 141 (2012)).

6 Although the Court also finds that the Amended Complaint should be dismissed pursuant to Rule 12(b)(6) because Mergenthaler has failed to state a claim for relief, and Rule 12(b)(6) dismissals can be with prejudice, because this holding is in the alternative, the Court deems the dismissal without prejudice.

**D. Motion to Compel**

Finally, Mergenthaler has filed a "motion to compel" seeking to declare this Court's February 24, 2025 Order dismissing Chase and Zhabilov as defendants as a final and appealable Order or, in the alternative, "vacating" that dismissal and granted summary judgment in Mergenthaler's favor. (ECF No. 84.) First, Mergenthaler has not raised any controlling question of law and offers no basis for proceeding with an interlocutory appeal under 28 U.S.C. § 1292(b). Second, the Court also denies Mergenthaler's request for the Court to "reconsider" or "vacate" its February 24, 2025 Order. The Court has previously denied Mergenthaler's multiple requests for reconsideration, and the Court denies this request for the same reason: Mergenthaler identifies no new evidence, intervening change of controlling law, or any error in this Court's prior decision that would warrant reconsideration under the Rule 54(b) standard. See Fed. R. Civ. P. 54(b); see, e.g., Order dated June 6, 2024 (collecting cases on the 54(b) standard and explaining why Mergenthaler's request for reconsideration of the Court's prior Order dismissing parties "fail[ed] to meet that strict standard").

**III. CONCLUSION**

Accordingly, Cotropia's motion to dismiss the Amended Complaint is GRANTED, and the claims against him are DISMISSED WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND. Mergenthaler's motion to compel is DENIED. The Clerk of Court is respectfully directed to close ECF Nos. 83 and 84.

**SO ORDERED.**

Dated: September 24, 2026
Central Islip, New York

/s/ JMA
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE